# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN

KOLU STEVENS;
PATRICK GREENHOE; and
CLAUDETTE GREENHOE;
     Plaintiffs,

     v.

MICHIGAN STATE COURT
ADMINISTRATIVE OFFICE;
MILTON L. MACK, JR., in his
official capacity as Administrator of
the Michigan State Court
Administrative Office;
KIM B. MEAD, in his official
capacity as Bay County Probate
Court Administrator;
WILLIAM M. HEFFERAN, in his
official capacity as Antrim County
Circuit Court – Family Division
Administrator,
     Defendants

_____/

Case No.: 18-cv-757
Honorable _____

**AMENDED COMPLAINT**

OUTSIDE LEGAL COUNSEL PLC
PHILIP L. ELLISON (P74117)
Attorney for Plaintiffs
PO Box 107
Hemlock, MI 48626
(989) 642-0055
(888) 398-7003 - fax
pellison@olcplc.com

---

## AMENDED COMPLAINT FOR
## INJUNCTIVE AND DECLARATORY RELIEF

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

NOW COMES Plaintiff KOLU STEVENS, PATRICK GREENHOE, and CLAUDETTE GREENHOE by and through counsel, and complains as follows:

## PARTIES

1.     Plaintiff KOLU STEVENS is a resident of Antrim County.

2.     Plaintiff PATRICK GREENHOE is a resident of Bay County.

3.     Plaintiff CLAUDETTE GREENHOE is a resident of Bay County.

4.     Defendant MICHIGAN STATE COURT ADMINISTRATIVE OFFICE is the administrative agency of the Michigan Supreme Court with its principal place of business in Lansing, Michigan; it is named seeking its consent to this suit under the Eleventh Amendment to the United States Constitution.

5.     Defendant MILTON L. MACK, JR is and holds the position of Administrator of the MICHIGAN STATE COURT ADMINISTRATIVE OFFICE and is sued in his official capacity.

6.     Defendant KIM B. MEAD is and holds the position of Administrator of the Bay County Probate Court and is sued in his official capacity.

2

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

7.　　Defendant WILLIAM HEFFERAN is and holds the position of Administrator of the Antrim County Circuit Court – Family Division and is sued in his official capacity.

## JURISDICTION

8.　　This is a civil action brought pursuant to 42 U.S.C. § 1983 seeking injunctive and declaratory relief against Defendants for violations of the First Amendment to the United States Constitution.

## GENERAL ALLEGATIONS

### The Greenhoes

9.　　Plaintiffs PATRICK GREENHOE and CLAUDETTE GREENHOE were part of and parties to a probate court case captioned as *In re Estate of John Kuflewski*, Bay County Probate Court Case No. 14-049781-DE (hereinafter "Kuflewski Case").

10.　　The Kuflewski Case was assigned to now retired judge Kenneth W. Schmidt.

11.　　After an adverse outcome, Plaintiffs PATRICK GREENHOE and CLAUDETTE GREENHOE challenged Judge Schmidt's decision to the Michigan Court of Appeals.

12.　　The case was assigned as Michigan Court of Appeals Case No. 327848.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

13.    After the case was at the Court of Appeals, Plaintiffs PATRICK GREENHOE and CLAUDETTE GREENHOE reviewed the transcripts produced for the appeal and noticed numerous substantial errors and misstatements in the transcripts.

14.    Plaintiffs PATRICK GREENHOE and CLAUDETTE GREENHOE have taken numerous actions to confirm that the transcripts produced for the Court of Appeals challenge had errors which were outcome determinative.

15.    Actions included filing a complaint with the Court Administrator, the Administrative Offices of the Michigan Supreme Court, and the Michigan Court Reporting and Recording Board of Review to no avail.

16.    Particularly, and of importance to this case, Plaintiffs PATRICK GREENHOE and CLAUDETTE GREENHOE sought access to the audio recordings made and kept as part of the official proceedings of the Kuflewski Case from Defendant KIM B. MEAD.

17.    None of the proceedings of the Kuflewski Case were closed to the public.

18.    None of the proceedings of the Kuflewski Case were held in chambers.

19.    None of the relevant records or proceedings of the Kuflewski Case were placed under seal or under a case-specific protective order.

4

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

20.    The Bay County Probate Court is required to have audio recordings of the Kuflewski Case retained and protected from disposal under *General Records Retention and Disposal Schedules*.

21.    Access to and copies of the audio-recordings of the proceedings of the Kuflewski Case were denied to Plaintiffs PATRICK GREENHOE and CLAUDETTE GREENHOE by Defendant KIM B. MEAD.

22.    On April 21, 2017, counsel for Plaintiffs PATRICK GREENHOE and CLAUDETTE GREENHOE wrote to Defendant KIM B. MEAD making and reaffirming their formal demand to allow these Plaintiffs and their counsel "to inspect and reasonably make (or obtain) crisp copies of the audio recordings of the proceedings of the case captioned as *In re Estate of John Kuflewski*, Bay County Probate Court Case No. 14-49781-DE by Friday, April 28, 2017."

23.    A copy of this demand is attached as **Exhibit A**.

24.    On April 25, 2017, Defendant KIM B. MEAD denied access to the audio records on the basis of Bay County Probate Court Administrative Order 2014-01J.

25.    A copy of this response is attached as **Exhibit B**.

26.     Plaintiffs PATRICK GREENHOE and CLAUDETTE GREENHOE were not a party or under the personal jurisdiction of the Bay County Probate Court when this administrative order/regulation was issued.

27.     A copy of Administrative Order 2014-01J is attached as **Exhibit C**.

28.     Plaintiffs PATRICK GREENHOE and CLAUDETTE GREENHOE have no other means to appeal or otherwise by local action challenge the Administrative Order 2014-01J except by this legal action. [1]

29.     As individuals seeking access to court records, Plaintiffs PATRICK GREENHOE and CLAUDETTE GREENHOE have a special interest warranting receipt of the records requested to confirm that the transcripts produced for the Court of Appeals challenge had errors which were outcome determinative.

**Kolu Stevens**

30.     Plaintiff KOLU STEVENS was part of and parties to a family division court case captioned as *In re Stevens*, Antrim County Circuit Court – Family Division Case No. 16-7652-NA (hereinafter "Stevens Case").

---

[1] Plaintiffs attempted to seek relief in Bay County Circuit Court as the state court of general jurisdiction and the assigned jurist, Judge Michael Beal, concluded that Michigan circuit courts lack any jurisdiction to provide relevant relief. See **Exhibit I**.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

31.    The Stevens Case was assigned to state court judge Norman R. Hayes.

32.    After an adverse outcome, Plaintiff KOLU STEVENS challenged Judge Hayes' decision to the Michigan Court of Appeals.

33.    The case was assigned as Michigan Court of Appeals Case No. 339681.

34.    After the case was at the Court of Appeals, Plaintiff KOLU STEVENS reviewed the transcripts produced for the appeal and noticed numerous substantial errors and misstatements in the transcripts.

35.    Plaintiff KOLU STEVENS sought access to the audio recordings made and kept as part of the official proceedings of the Stevens Case from Defendant WILLIAM HEFFERAN.

36.    None of the proceedings of the Stevens Case were closed to the public.

37.    None of the proceedings of the Stevens Case were held in chambers.

38.    None of the relevant records or proceedings of the Stevens Case were placed under seal or under a case-specific protective order.

39.     The Antrim County Circuit Court – Family Division is required to have audio recordings of the Stevens Case retained and protected from disposal under *General Records Retention and Disposal Schedules*.

40.     On June 22, 2018, counsel for Plaintiff KOLU STEVENS wrote to Defendant WILLIAM M. HEFFERAN making her formal demand to allow Plaintiff KOLU STEVENS and her counsel "to inspect and reasonably make (or obtain) crisp copies of the audio recordings of the proceedings of the case captioned as *In re Stevens*, Antrim County Circuit Court – Family Division Case No. 16-7652-NA by Friday, June 29, 2018."

41.     A copy of this demand is attached as **Exhibit D**.

42.     On April 25, 2017, Defendant WILLIAM M. HEFFERAN denied access to the audio records on the basis of Antrim County Circuit Court Administrative Order 2015-1.

43.     A copy of this response is attached as **Exhibit E**.

44.     A copy of Antrim County Circuit Court Administrative Order 2015-1 is attached as **Exhibit F**.

45.     Plaintiff KOLU STEVENS was not a party or under the personal jurisdiction of the Antrim County Circuit Court when this administrative order/regulation was issued.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

46.     Plaintiff KOLU STEVENS has no other means to appeal or otherwise challenge the Administrative Order 2015-1 except by this legal action.

47.     As an individual seeking access to court records, Plaintiff KOLU STEVENS have a special interest warranting receipt of the records requested to confirm that the transcripts produced for the Court of Appeals challenge had errors which were outcome determinative.

### *Local Administrative Orders*

48.     Defendant MICHIGAN STATE COURT ADMINISTRATIVE OFFICE is the administrative agency of the Michigan state courts who aids in the administration of the state trial courts of Michigan.

49.     As part of its discretionary duties, Defendant MICHIGAN STATE COURT ADMINISTRATIVE OFFICE drafts and proposes local administrative orders governing internal local court management.

50.     Michigan trial courts are mandated by Defendant MICHIGAN STATE COURT ADMINISTRATIVE OFFICE to issue local administrative orders (LAOs) to establish court policies for regulating certain functions and procedures.

51.    One of those orders is known as "Access, Inspection, Reproduction, and Creation of Records" or common known as Model LAO 8. See **Exhibit H**.

52.    As a result, many (if not all) local administrative orders for "access, inspection, reproduction, and creation of records" is controlled by the standards set forth by Defendant MICHIGAN STATE COURT ADMINISTRATIVE OFFICE.

53.    Antrim County Circuit Court Administrative Order 2015-1 and Bay County Probate Court Administrative Order 2014-01J are, in substantive part, identical.

54.    Under Michigan law, the audio "court recordings… and all other records such as tapes, backup tapes, discs, and any other medium used or created in the making of a record of proceedings [hereinafter "ACRs"] and kept pursuant to MCR 8.108 are court records," see MCR 8.119(F).

55.    Under MCR 8.119(H), "[e]very court shall adopt an administrative order pursuant to MCR 8.112(B) to... establish a policy for whether to provide access for records defined in subrule (F) and if access is to be provided, outline the procedure for accessing those records."

56.    As such, the chief judge of every court has certain discretion to control how ACRs are maintained and are made publicly available; however,

the exercise of that discretion must be done consistent with the constitutional

obligations mandated by the First Amendment.

57.     In applying the requirements of MCR 8.119(H), Model LAO 8, as

drafted by Defendant MICHIGAN STATE COURT ADMINISTRATIVE

OFFICE, requires the local courts to adopt as follows:

> 7. Access to court recordings, log notes, jury seating charts, and other media of court proceedings made pursuant to MCR 8.108 *[select one]* [is permitted in accordance with this order] [is not permitted].

> *[If the court provides access to audio or video recordings, log notes, tapes, discs, or any other medium used or created in the making of a record of proceedings and kept pursuant to MCR 8.108, outline the procedure for requesting access, including the amount of time to retrieve and make the recording available, e.g., 24 hours, and any restrictions regarding to whom access to an audio or video recording is limited (e.g. parties in the case), viewing location, etc.]*

> 8. Copies of court recordings, log notes, jury seating charts, and other media of court proceedings made pursuant to MCR 8.108 *[select one]* [are not available] [are available as provided by this order for $(insert per DVD cost) *[select an amount no less than $2.00 and no more than $20.00]* per DVD for recordings and other media in electronic format and $(insert per page cost) *[select an amount no less than $.25 and no more than $2.00]* per page for log notes and jury seating charts if available only in paper].

> *[If the court provides copies of audio or video recordings, log notes, tapes, discs, or any other medium used or created in the making of a record of proceedings and kept pursuant to MCR 8.108, outline the procedure for requesting copies, including the amount of time to retrieve and make a copy of the recording*

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

*(e.g., 24 hours), any restrictions regarding to whom a copy of
an audio or video recording is limited (e.g. parties in the case),
and restrictions on use of the copy (e.g. no duplication,
publishing, or altering).]*

**Exhibit G, ¶¶7-8 (bolding added).**

58.    If a local court selects to make ACRs not available, it is violating

the First Amendment.

59.    Both Antrim County Circuit Court Administrative Order 2015-1

and Bay County Probate Court Administrative Order 2014-01J selected the

option presented by Defendant MICHIGAN STATE COURT

ADMINISTRATIVE OFFICE to not make ACRs available for inspection or

copying.

60.    As such, Plaintiffs' First Amendment rights have been violated

directly or via general conspiracy as applied in Both Antrim County Circuit

Court Administrative Order 2015-1 and Bay County Probate Court

Administrative Order 2014-01J.

**COUNT I
VIOLATION OF FIRST AMENDMENT
42 U.S.C. § 1983**

61.    The previous paragraphs are realleged herein as if stated word

for word herein.

62.    Plaintiffs KOLU STEVENS, PATRICK GREENHOE, and

CLAUDETTE GREENHOE have a First Amendment right of access that

extends to certain court records in connection with judicial proceedings, including the real-time audio recording of proceedings (i.e. the ACRs) in the Kuflewski Case and the Stevens Case.

63.    At the time these ACRs were made, the proceedings of the Kuflewski Case and the Stevens Case were open and observable by the press and general public.

64.    Antrim County Circuit Court Administrative Order 2015-1, Bay County Probate Court Administrative Order 2014-01J, and/or Model LAO 8 fails to have any specific, on the record findings, demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest under *Press-Enterprise Co. v. Superior Court of Cal., Riverside Cty.*, 464 U.S. 501, 510 (1984) (hereinafter "*Press-Enterprise I*") and *Press-Enterprise Co. v. Superior Court of Cal., County of Riverside*, 478 U.S. 1, 13-14 (1986).

65.    Access to the ACRs play a significant positive role in the functioning of the Kuflewski Case and the Stevens Case and will instill confidence in the judiciary by confirming or not whether official transcripts of undertaken proceedings are full, complete, and accurate.

66.    By denying access and denying access or copies of the ACRs in the Kuflewski Case and the Stevens Case, Defendants individually and/or in conspiratorial agreement violated the First Amendment rights of Plaintiffs.

67.    Defendants have violated the First Amendment both individually and in conspiratorial agreement from the Lansing offices of Defendant MICHIGAN STATE COURT ADMINISTRATIVE OFFICE.

68.    To the extent that any Defendant relied or relies upon Antrim County Circuit Court Administrative Order 2015-1 and Bay County Probate Court Administrative Order 2014-01J, said Administrative Order is unlawful under the First Amendment.

## RELIEF REQUESTED

69.    WHEREFORE, Plaintiffs KOLU STEVENS, PATRICK GREENHOE, and CLAUDETTE GREENHOE respectfully requests this Court to—

> a. Enter an order enjoining Defendants from refusing the ability of Plaintiffs KOLU STEVENS, PATRICK GREENHOE and CLAUDETTE GREENHOE  to inspect and reasonably make (or obtain) crisp copies of the audio recordings of the proceedings (i.e. the ACRs) held from the Kuflewski Case and the Stevens

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

14

Case to the extent not prohibited pursuant to the Eleventh Amendment to the United States Constitution;

b. To the extent Antrim County Circuit Court Administrative Order 2015-1, Bay County Probate Court Administrative Order 2014-01J, and/or Model LAO 8 precludes access or to reasonably make copies of ACRs held from the Kuflewski Case and the Stevens Case, enter a declaratory judgment finding Antrim County Circuit Court Administrative Order 2015-1, Bay County Probate Court Administrative Order 2014-01J, and/or Model LAO 8 violates the First Amendment;

c. Award all attorney fees, costs, and disbursements permitted by law including 42 U.S.C. § 1988; and

d. Grant all other relief warranted and needed for this case.

Date: July 9, 2018                          RESPECTFULLY SUBMITTED:

/s/ Philip L. Ellison
OUTSIDE LEGAL COUNSEL PLC
BY PHILIP L. ELLISON (P74117)
Attorney for Plaintiffs
PO Box 107
Hemlock, MI 48626
(989) 642-0055
(888) 398-7003 - fax
pellison@olcplc.com

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com