UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KOLU STEVENS,
PATRICK GREENHOE, and
CLAUDETTE GREENHOE,

Plaintiffs,

v

MICHIGAN STATE COURT ADMINISTRATIVE OFFICE, MILTON L. MACK, JR., in his official capacity as Administrator of the Michigan State Court administrative Office, KIM B. MEAD, in his official capacity as Bay County Probate Court Administrator, WILLIAM M. HEFFERAN, in his official as Antrim County Circuit Court – Family Division Administrator,

Defendants.

No. 1:18-cv-00757

HON. PAUL L. MALONEY

MAG. JUDGE RAY KENT

Philip L. Ellison (P74117)
Outside Legal Counsel, PLC
Attorneys for Plaintiffs
P. O. Box 107
Hemlock, MI 48626
(989) 642-0055
pellison@olcplc.com

Gregory R. Grant (P68808)
Cummings McClorey Davis & Acho, PLC
Attorneys for Defendant Hefferan
310 W Front Street, Suite 221
Traverse City, MI 48681-2800
(231) 922-1888
ggrant@cmda-law.com

Meredith R. Beidler (P78256)
John G. Fedynsky (P65232)
Attorneys for Defendant Mack
Civil Litigation, Employment & Elections Division
P. O. Box 30736
Lansing, MI 48909
(517) 373-6434
beidlerm@michigan.gov

Amber L. Davis-Johnson (P52811)
Bay County Corporation Counsel
Attorneys for Defendant Mead
515 Center Ave., Ste. 402
Bay City, MI 48708
(989) 895-4131
johnsona@baycounty.net

## BRIEF IN SUPPORT OF DEFENDANT MACK'S MOTION FOR SUMMARY JUDGMENT

## CONCISE STATEMENT OF ISSUES PRESENTED

1. Whether the Federal District Court lacks subject matter jurisdiction over this case when it amounts to a direct appeal of an adverse outcome in state court.

2. Whether the Plaintiffs lack standing to bring this argument when it was not raised in the Michigan Court of Appeals.

3. Whether Plaintiffs' claim should be dismissed when they did not exhaust all available state-level remedies.

4. Whether Defendant Mack is entitled to qualified immunity when Plaintiffs have failed to state a claim for any federal constitutional violation.

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

FRCP 12(B)(6)

## INTRODUCTION

This action arises out of two separate lower court cases—one probate case and one family court case. Plaintiffs Patrick Greenhoe and Claudette Greenhoe were parties to a probate court case in Bay County. After an adverse outcome, the Greenhoes challenged the decision to the Michigan Court of Appeals. (Compl., R. 1, ¶ 11). After the Court of Appeals heard the Greenhoes' case, the Plaintiffs reviewed the transcript from the lower court and alleged numerous errors. (*Id.* at ¶13). Plaintiffs have requested the audio recordings of the proceedings from Bay County, but their requests were denied under Bay County Probate Court Administrative Order 2014-01J. (*Id.* at ¶ 24).

Plaintiff Kolu Stevens was a party to a family division court case in Antrim County. (*Id.* at ¶ 30). Stevens appealed the case to the Michigan Court of Appeals after an adverse outcome in the lower court. (*Id.* at ¶ 32). After the Court of Appeals heard Stevens case, Stevens reviewed the transcript from the lower court and alleged there were several errors. (*Id.* at ¶ 34). Plaintiff Stevens requested audio recordings of the transcripts. (*Id.* at ¶ 35). Defendant Hefferan denied this request under Antrim County Circuit Court Administrative Order 2015-1. (*Id.* at ¶ 42).

Plaintiffs claim that they have a First Amendment right to access the audio recordings of the proceedings in their respective cases. (*Id.* at ¶ 62). Plaintiffs further claim that Defendants' reliance on Bay County Probate Court

Administrative Order 2014-01J and Antrim County Circuit Court Administrative Order 2015-1 is unlawful under the First Amendment. (*Id*. at ¶ 68).

**STATEMENT OF FACTS**

Plaintiff Kolu Stevens was a party to a family court case in Antrim County, Michigan. After an adverse outcome, Plaintiff appealed the ruling to the Michigan Court of Appeals. In that appeal, Plaintiff did not argue that the transcripts were inaccurate. (Ex. 1, Pl. Stevens' Appellate Br). Following the Michigan Court of Appeals hearing Stevens' case, Stevens alleged that the transcripts from the lower court were inaccurate. Plaintiff then requested that the Court release the audio recordings. (Compl., R. 1, ¶ 35). The Court denied this request relying in Antrim County Court Administrative Order 2015-1. (*Id*. at 42). Plaintiff Stevens did not file a complaint with the Michigan Court Reporting and Recording Board of Review.

Plaintiffs Patrick and Claudette Greenhoe were parties to a probate court case in Bay County, Michigan. (*Id*. at ¶ 9). After an adverse outcome, the Greenhoes filed an appeal with the Michigan Court of Appeals. (*Id*. at ¶ 11). In that appeal, the Plaintiffs did not argue that the transcript from the lower court was inaccurate. (Ex. 2, Plaintiffs Greenhoes Appellate Br). After the appeal, the Greenhoes filed a complaint with the Michigan Court Reporting and Recording Board of Review. (Compl., R. 1, ¶). The Board reviewed the Greenhoes' complaint by having another court reporter review the transcript. (Ex. 3, 12/13/16 Ltr.). The reviewing court reporter found that the first written transcript was a complete and

accurate representation of the lower court proceedings. (Ex. 4, 3/24/17 ltr.). However, the Greenhoes continued to request the audio recordings of the proceedings. (Compl., R. 1, ¶ 35). The Court denied his request under Bay County Administrative Order 2014-01J. (*Id.* at ¶ 24.)

**ARGUMENT**

1. **This Court lacks jurisdiction over this matter**

   A. **The Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine.**

Under the Rooker-Feldman doctrine, federal courts do not have subject matter jurisdiction to entertain "challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges alleged that the state court's action was unconstitutional." *District of Columbia Court of Appeals v Feldman*, 460 U.S. 462, 486 (1983). A United State district court is without authority to review final judgments of state proceedings. See *Patmon v Michigan Supreme Court*, 224 F.3d 504, 510 (6th Cir. 2000).

The *Rooker-Feldman* doctrine "stands for the simple… proposition that lower federal courts do not have jurisdiction to review a case litigated and decided in state court; only the United States Supreme Court has jurisdiction to correct state court judgments." *Anderson v Charter Tp. of Ypsilanti*, 266 F.3d 487, 492 (6th Cir. 2001) (citing *Gottfried v med. Planning Servs.*, 142 F.3d 326, 330 (6th Cir. 1998)). The doctrine applies in two situations: (1) a direct attack on the substance of a state court decision, and (2) a challenge to a procedure use by the state court to arrive at its decision. *Anderson*, 266 F.3d at 493. The *Rooker-Feldman* doctrine specifically

"applies in those circumstances where a party initiates an action in federal district court 'complaining on an injury *caused by* the state-court judgment and seeking review of that judgment.'" *In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009) (emphasis in original) (quoting *Exxon Mobil Corp. v Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

The Plaintiffs' Complaint attempts to redress injuries arising out court orders issued in state court; and this Court lacks jurisdiction to rectify any alleged injury caused by a state court's judgment. *In re Cook*, 551 F.3d at 548. As discussed in more detail below, Plaintiffs have not sought to remedy this issue through the Michigan Court of Appeals—nor has Plaintiff Stevens attempted to seek an administrative remedy before bringing this lawsuit in federal court. This is typical *Rooker-Feldman* territory upon which a federal court should not tread.

**B. Alternatively, the Court should abstain under Pullman and Younger from exercising federal subject matter jurisdiction.**

Plaintiffs request that this Court give them the audio recordings from their lower court proceedings and enter a declaratory judgment finding the lower courts' administrative orders to violate the First Amendment. This must fall within the purview and jurisdiction of state authority, not federal authority. Drafting and proposing administrative orders governing local courts are functions of the State Court Administrative Office, and subject to the superintending control of the Michigan Supreme Court. Const. 1963, art 6, § 4.

Even if the federal subject matter jurisdiction may be present, this Court should decline to exercise jurisdiction for reasons of comity and to avoid

entanglement in complex and wide-ranging disputes under state law. According to the United States Supreme Court:

> There are, of course, two primary types of federal abstention. The first, usually referred to as Pullman abstention, involves an inquiry focused on the possibility that the state courts may interpret a challenged state statute so as to eliminate or at least to alter materially, the constitutional question presented. *Railroad Comm'n v. Pullman Co.*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941). *See Bellotti v. Baird*, 428 U.S. 132, 96 S.Ct. 2857, 49 L.Ed.2d 844 (1976). The second type is Younger abstention, in which the court is primarily concerned, in an equitable setting, with considerations of comity and federalism, both as they relate to the State's interest in pursuing an ongoing state proceeding, and as they involve the ability of the state courts to consider federal constitutional claims in that context. *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). *See Huffman v. Pursue, Ltd.*, 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975); *Judice v. Vail*, 430 U.S. 327, 97 S.Ct. 1211, 51 L.Ed.2d 376 (1977); *Trainor v. Hernandez*, 431 U.S. 434, at 448, 97 S.Ct. 1911, at 1920, 52 L.Ed.2d 486 (concurring opinion).
> *Ohio Bureau of Employment Servs v. Hodory*, 431 U.S. 471, 477 (1977).

*Younger* abstention applies here. The issue of releasing the audio recordings is an ongoing matter between the parties and the counties. The Plaintiffs have not raised the issue of inaccurate transcripts in another forum, aside from the Greenhoe's administrative challenge, they have not provided the state with an opportunity to review the administrative orders in question to consider a way that may alleviate any potential constitutional issues.

**2. The Plaintiffs lack standing to bring this argument because it was not raised at the Court of Appeals.**

Plaintiffs Greenhoe and Stevens appealed their respective cases to the Michigan Court of Appeals. Neither Plaintiff raised the issue of inaccurate lower-court transcripts to the Court of Appeals. Plaintiff Stevens' brief to the Court of

Appeals even admitted that the "jury trial transcripts were available when Petitioner filed its brief…" (Ex. 1, Plaintiff Stevens' Appellate Br, p 2.) Accordingly, Plaintiffs present no concrete injury or harm that would qualify as a live and actual case or controversy under Article III of the United States Constitution. See *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–562 (1992).

**3. Plaintiffs claim should be dismissed because they did not exhaust all their state-level remedies.**

Even if the Court determines that it has jurisdiction and the Plaintiffs have standing to bring this lawsuit, the claim should be dismissed because the Plaintiffs failed to exhaust their state-level remedies. Plaintiffs Patrick and Claudette Greenhoe made a formal complaint to the Michigan Court Reporting and Recording Board of Review. (Ex. 5, Plaintiffs Greenhoes' Complaint). The Board forwarded the complaint to a different certified court recorder, not associated with the Greenhoes case, to review the transcript against the recording for errors. (Ex. 3, 12/13/16 ltr.). The letter also stated that if the issue was not resolved, the Board would consider it at its next quarterly meeting. (*Id.*) The second court reporter stated that the transcript was a complete and accurate depiction of the proceedings. (Ex. 4, 3/24/17 ltr.). The Board considered Mr. Greenhoe's complaint at its June 2017 meeting and determined that it was satisfied with the transcript. (Ex. 6, 6/22/17 ltr.). However, the Greenhoes did not appeal to the Michigan Supreme Court for a writ of mandamus or an order of superintending control.

Furthermore, upon search of the records, Plaintiff Stevens did not file for any review. Stevens did not file a complaint with the Michigan Court Reporting and

Recording Board of Review. Nor did she appeal the issue to the Michigan Supreme Court for a write of mandamus or an order of superintending control. Thus, the Plaintiffs have failed to exhaust their remedies at the state level.

This goes hand in hand with the *Rooker-Feldman* analysis. The Plaintiffs are attempting to redress an alleged injury from a state court order without attempting to remedy the alleged injury at the state level. Thus, the Plaintiffs' claim should be dismissed.

4. **Defendant Mack has not violated the First Amendment and is therefore entitled to qualified immunity.**

Plaintiffs argue that Defendants, individually and/or in conspiratorial agreement, violated the First Amendment rights of the Plaintiffs. (Compl., R. 1, ¶ 66). But the Defendants have not violated the Plaintiff's Frist Amendment rights because the Plaintiff were given the written transcripts of their lower court proceedings. The crux of the Plaintiffs' argument is that their First Amendment rights were violated because they were only provided one form of the transcript—in a medium with which they are not satisfied. However, Defendants satisfied their requirements when they provided the Plaintiffs with the written transcripts—audio recordings are not required.

The cases relied on by Plaintiffs are not controlling. In *Press-Enterprise Co. v Superior Court of Cal., Riverside Cty*, 464 U.S. 501 (1984) (hereinafter *Press-Enterprise I*) the media was requesting access to transcripts for the jury voir dire in a criminal trial. In that case, the media was denied all access to the transcripts of the voir dire. *Id.* at 510. *Press-Enterprise I* is distinguishable from the case at hand

because the Plaintiffs have not been denied *all access* to transcripts of their lower court proceedings—only access to the audio recordings of those proceedings. The Plaintiffs have been provided with the written transcripts.

*Press-Enterprise Co. v Superior Court of Cal., Riverside Cty.*, 478 U.S. 1 (1986) (hereinafter *Press-Enterprise II*) is also distinguishable from the case at bar. Again, *Press-Enterprise II* involved a criminal case. In that case, Press-Enterprise Co. requested that a transcript of the proceedings be released; the judge denied the request and sealed the record. Again, *Press-Enterprise II* is pointedly different from the Plaintiff's case because here the Plaintiffs have been given access to the transcript of their lower-court proceedings. Both of these cases are fundamentally different than Plaintiffs because the Plaintiffs have been given access to the transcripts, they simply dislike the medium in which they were provided. This does not amount to a violation of the Plaintiff's First Amendment rights. And Plaintiffs have wholly failed to show how providing them with the written transcript is a violation of their First Amendment rights. Accordingly, and in the absence of any violation of a clearly established federal constitutional right, Defendant Mack is entitled to qualified immunity. *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). He should be relieved of any burdens of this lawsuit "at the earliest possible stage in litigation." *Id*. at 232.

## CONCLUSION AND RELIEF REQUESTED

This Court lacks subject matter over this case. Additionally, Plaintiffs lack standing because they did not raise this issue at the Michigan Court of Appeals; and

they did not exhaust all available state-level remedies. Finally, Defendant Mack is entitled to qualified immunity because Plaintiff has not shown any constitutional violation.

Therefore, Defendant Mack requests that this Court dismiss Plaintiffs' Complaint with prejudice.

Respectfully submitted:

Bill Schuette
Attorney General

s/ *Meredith R. Beidler*
Meredith R. Beidler (P78256)
John G. Fedynsky (P65232)
Attorneys for Defendant Mack
Civil Litigation, Employment &
Elections Division
P. O. Box 30736
Lansing, MI 48909
(517) 373-6434
beidlerm@michigan.gov

Dated: September 24, 2018