UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KOLU STEVENS,
PATRICK GREENHOE, and
CLAUDETTE GREENHOE,

Plaintiffs,

v

MICHIGAN STATE COURT ADMINISTRATIVE OFFICE, MILTON L. MACK, JR., in his official capacity as Administrator of the Michigan State Court administrative Office, KIM B. MEAD, in his official capacity as Bay County Probate Court Administrator, WILLIAM M. HEFFERAN, in his official as Antrim County Circuit Court – Family Division Administrator,

Defendants.

No. 1:18-cv-00757

HON. PAUL L. MALONEY

MAG. JUDGE RAY KENT

**<u>DEFENDANT MACK'S MOTION FOR SUMMARY JUDGMENT</u>**

# Exhibit 2

STATE OF MICHIGAN
IN THE COURT OF APPEALS

---

IN THE MATTER OF:

ESTATE OF JOHN H. KUFLEWSKI, DECEASED

---

Roberta Watson, Personal Representative,

Petitioner – Appellee.

v.

Court of Appeals No. 327848
Lower Court Case No: 14-49781

Patrick and Claudette Greenhoe,

Respondents – Appellants.

---

REYES & BAUER
BY: BROOKE A. BAUER (P70496)
Attorney for Appellants
817 Washington Ave.
Bay City, MI 48708
(989) 895-5025

LAW OFFICES OF PAULETTE MICHEL, PLLC
BY: PAULETTE MICHEL LOFTIN (P71982)
Attorney for Appellee
145 S. Livernois Rd., #183
Rochester, MI 48307
(248) 505-4766

**BRIEF OF APPELLANTS, PATRICK & CLAUDETTE GREENHOE**

**ORAL ARGUMENT REQUESTED**

Date: 11/11/2015

Brooke A. Bauer (P70496)
REYES & BAUER
Attorneys for Appellants
817 Washington Ave.
Bay City, MI 48708
(989) 895-5025 phone
(989) 892-5331 fax
bauerlaw@live.com

RECEIVED by MCOA 12/8/2015 4:56:15 PM

## TABLE OF CONTENTS


Page

Table of Contents .......... i

Index of Authorities .......... ii

Statement of Question Presented .......... iii

Statement of Jurisdiction .......... 1

Statement of Facts .......... 2

Introduction .......... 3

Argument .......... 4

I. The Trial Court Erred in Finding that there was Competent Evidence and Clear and Persuasive Proof of Decedent's intent that title to the Jointly Held Funds not vest in Appellee or Appellants and therefore rebuts the statutory presumption.

A. Standard of Review .......... 4

B. Law and Argument .......... 4

II. The Trial Court Erred in Finding that the Inheritance Received by Decedent was Deposited without his Consent and Therefore not intended as part of the Joint Accounts.

A. Standard of Review .......... 9

B. Law and Argument .......... 9

Conclusion and Relief Requested .......... 10


RECEIVED by MCOA 12/8/2015 4:56:15 PM

## INDEX OF AUTHORITIES


**Cases** **Page**

*In re Cullman Estate*, 169 Mich App 778 (1988) .......... 3, 4

*Jacques v Jacques*, 352 Mich 127 (1958) .......... 3, 4, 5

*In re Estate of Raymond*, 483 Mich 48 (2009) .......... 4, 9

*Velez v Tuma*, 492 Mich 1 (2012) .......... 4, 9

*Hindman v. Community Nat'l Bank*, 14 Mich App 746 (1968) .......... 5

*Pence v. Wessels*, 320 Mich 195 (1948) .......... 6

*Mitts v Williams*, 319 Mich 417 (1947) .......... 6

*Lieb v Genesee Merchanges Bank & Trust*, 371 Mich 89 (1963) .......... 7

*In re Estate of Tina Marie Spack*, No. 309967 (2013) .......... 6, 7

**Statutes**

MCL 487.703 .......... 3, 4

**Court Rules**

MCR 7.202(6)(a)(i) .......... 1

MCR 7.203(A)(1) .......... 1


RECEIVED by MCOA 12/8/2015 4:56:15 PM

## STATEMENT OF QUESTION PRESENTED

**I. Did the Trial Court Err in Finding that there was Competent Evidence and Clear and Persuasive Proof of Decedent's intent that title to the Jointly Held Funds not vest in Appellee or Appellants and therefore rebuts the statutory presumption?**

Appellant's Answer: Yes

Appellee's Answer: No

**II. Did the Trial Court Err in Finding that the Inheritance Received by Decedent was Deposited without his Consent and Therefore not intended as part of the Joint Accounts?**

Appellant's Answer: Yes

Appellee's Answer: No

RECEIVED by MCOA 12/8/2015 4:56:15 PM

## STATEMENT OF JURISDICTION

Pursuant MCR 7.202(6)(a)(i) and 7.203(A)(1), the Court of Appeals has jurisdiction over this matter.

RECEIVED by MCOA 12/8/2015 4:56:15 PM

## STATEMENT OF FACTS

John H. Kuflewski died testate on September 6, 2014. His will was dated August 30, 2009 and provided for a specific distribution of his estate. His step-daughter, Roberta Watson was named as the Personal Representative of the Estate, she is the Appellee in this matter. She is also named as the beneficiary of 67% of his estate. Appellants, Patrick and Claudette Greenhoe, are also named in the will to receive 10% of Decedent's estate.

In addition to preparing his will in 2009, Decedent, Appellee and Appellants executed two signature cards for bank accounts at First Merit Bank (previously known as Citizens Bank). The signature card for the checking account is a two-paged card bearing the signatures of Decedent, Appellee, and both Appellants. This card also indicates the "Type of Account" on the second page as "Joint". This two-page document was admitted at trial as Exhibit 4, (*Attached hereto as Exhibit A)*. The signature card for the savings account is a one-page card bearing the signatures of Decedent, Appellee, and Appellant Claudette Greenhoe. This document also indicates the "Type of Account" as "Joint". This document was admitted at trial as Exhibit 5 (*Attached hereto as Exhibit B*).

Following Decedent's death, Appellants withdrew two-third's of the balance in the checking account and one-half of the balance of the savings account. These withdrawals totaled $47,931.

During Decedent's lifetime, Appellants lived across the street and assisted with many aspects of Decedent's life. Appellee, on the other hand, lived in New Mexico. Testimony from Appellee indicated rare and sporadic visits to Michigan. At times, she visited the area and did not visit the Decedent.

RECEIVED by MCOA 12/8/2015 4:56:15 PM

## INTRODUCTION

Decedent had a joint bank account, with rights of survivorship, with his daughter, Yvonne Valley. Following her death in June 2009, he maintained the bank account and added as "Joint" owners, the Appellee (his step-daughter), and the Appellants (his step-grandson and his wife). Appellants lived across the street from Decedent and assisted him frequently in both financial and physical chores and errands. This case presents the question of whether or not a Joint Account passes as part of an Estate or as a Joint Account with Rights of Survivorship.

Subsequent to Decedent's death, Appellants withdrew funds from these accounts which they believed represented their interests in the accounts as joint owners. The Trial Court erred by determining that an inheritance deposited into the joint accounts as well as the funds in the accounts at the time of Decedent's death were part of the estate and that the accounts did not vest in the survivors.

In Michigan, statutory law regarding joint back accounts is very clear. In the absence of fraud or undue influence, it is prima facie evidence that the creation of a joint account comes with the intent for the monies to vest in the joint survivor(s). MCL 487.703. This creates a presumption that can be "rebutted by reasonably clear and persuasive proof to the contrary, i.e., by proof of the decedent's intent that ttile to the jointly held funds not vest in the survivor." *In re Cullman Estate, Cullmann v Jedd*, 169 Mich App 778, 786 (1988). *See Also, Jacques v Jacques*, 352 Mich 127 (1958). No accusations of fraud or undue influence were made in this case and there was no evidence to rise to the level necessary to rebut the presumption created by statute.

Appellants request that the ruling of the Trial Court be reversed.

RECEIVED by MCOA 12/8/2015 4:56:15 PM

## ARGUMENT

**I. The Trial Court Erred in Finding that there was Competent Evidence and Clear and Persuasive Proof of Decedent's intent that title to the Jointly Held Funds not vest in Appellee or Appellants and therefore rebuts the statutory presumption.**

### A. Standard of Review

This Court reviews a trial court's factual findings for clear error. *In re Estate of Raymond*, 483 Mich 48, 53 (2009). A review of the proper application and interpretation of the law is reviewed de novo. *Velez v Tuma*, 492 Mich 1, 11 (2012).

### B. Law and Argument

In Michigan, statutory law regarding joint back accounts is very clear. In the absence of fraud or undue influence, it is prima facie evidence that the creation of a joint account comes with the intent for the monies to vest in the joint survivor(s). MCL 487.703. This creates a presumption that can be "rebutted by reasonably clear and persuasive proof to the contrary, i.e., by proof of the decedent's intent that ttile to the jointly held funds not vest in the survivor." *In re Cullman Estate, Cullmann v Jedd*, 169 Mich App 778, 786 (1988). *See Also, Jacques v Jacques*, 352 Mich 127 (1958).

In the case at bar, there is no evidence or claim of fraud or undue influence, therefore, the only way to rebut the presumption is with "reasonably clear and persuasive proof to the contrary." *In re Cullman Estate, Id.* at 786.

In the *Cullman* case, this Court demonstrated that factors including statements made by the Decedent at the time the account was created, the extent and quality of the relationship between the joint owner and the Decedent, as well as whether the Decedent had earmarked the funds for other uses such as burial or other expenses, are all important to determining the Decedent's intent for an account to vest in survivors. *Id.*



RECEIVED by MCOA 12/8/2015 4:56:15 PM

In *Hindman v. Community Nat'l Bank*, 14 Mich App 746 (1968) the Michigan Supreme Court indicated that the presumption can be rebutted by "competent evidence, which may include oral or written notice by the donor to the financial institution." That is not the case here. There was no testimony presented regarding statements made at the time the accounts were established or at any time as to Decedent's notice to the financial institution. In fact, the only evidence of the Joint accounts were the signature cards presented which bear the signatures of the Appellee and the Appellant(s). Said signature cards represent the accounts as "Joint." *See Exhibits A and B.*

The presumption may be rebutted by evidence indicating that the account was one merely of convenience and there was no intent for the account to vest in ownership to the survivors. In *Jacques, supra*, the Michigan Supreme Court acknowledged that even if an account may be created initially for the reason of convenience, that does not exclude the possibility or negate the presumption that there was also an intent for the funds to vest in joint survivors of the account(s). *Id. At 134, 138*. Furthermore, in this case, it does not make sense that Appellee's name would have been added to the account as convenience. She resided in New Mexico and the Decedent resided in Michigan along with the Appellants. As further evidence that Appellee was not added for convenience, she visited Michigan only a hand-full of times since the creation of the account. That is not convenient and as Appellee testified, she never accessed the account for any purpose since 2009 and until she closed the account after Decedent's death (but before being named Personal Representative by the Probate Court). It was Appellants who assisted the Decedent and as 'across-the-street' neighbors were able to help the Decedent with everyday errands and chores.

Simply presenting evidence that Appellant was paying Decedent's bills or assisting him in financial activities does not overcome the presumption that a joint owner has vested survivorship rights. From *Jacques, supra, at 137-138*:

RECEIVED by MCOA 12/8/2015 4:56:15 PM

> Indeed, on our current case, the chancellor found no testimony which squarely contradicted decedent's intention to vest title in the survivor...
> While the evidence relied upon by the appellant may well infer [sic] that 1 of the purposes of decedent in establishing this account was to make it possible for his daughter-in-law to pay some of his bills at his direction, we agree with the chancellor below that such testimony was not necessarily inconsistent with decedent's expressed intention of creating survivorship rights in defendant Jane Jacques.

Similar to the case at bar, even though Appellants were, at times, assisting Decedent with the accounts and had access to the accounts for that purpose, that does not negate the statutory presumption that they also had joint ownership with rights of survivorship.

The Michigan Supreme Court found that statements made by a Decedent about a Florida trip during which he wanted someone to pay his bills or get him money from his account during the trip, constituted sufficient evidence to establish that a joint account was established for convenience only. *Pence v Wessels*, 320 Mich 195 (1948). In the case at bar, there was no such trip and no such testimony or evidence presented.

There was also no evidence presented that at the time the accounts were created, Decedent was in such ailing health that he could not get to the bank or write his own checks, as in *Mitts v. Williams*, 319 Mich 417 (1947). In fact, in the case at bar, there was testimony that Decedent was mentally capable of making decisions.

In its written opinion, the trial court relies heavily on *In re Estate of Tina Marie Spack*, No. 309967 (2013), an unpublished Opinion of this Court. This case, however, does not so closely follow the case at bar. In *Spack*, there was testimony regarding the specific reasons that the decedent did not intend to only vest her bank account in one child. This testimony was from disinterested witnesses as well as the parties. *Id.* Also, in *Spack*, the trial court was presented with correspondence between the siblings indicating an acknowledgement that the assets were to be divided between both children. *Id.* Therefore, this Court found that in *Spack* there was "ample record evidence to support the trial count's findings that Spack intended these proceeds to go to both her children as part of her overall testamentary design." *Id.*

RECEIVED by MCOA 12/8/2015 4:56:15 PM

*Spack* also demonstrates that in the absence of an explicit designation on a signature card as to the survivorship of an account, the intent of the parties can be shown by other evidence. *Id., Lieb v Genesee Merchanges Bank & Trust Co.*, 371 Mich 89 (1963). In the case at bar, there was additional evidence presented regarding the knowledge of the Decedent as to joint bank accounts as well as to his opinion of the distribution of one's estate in uneven amounts.

During trial, it was revealed that at least one of the accounts was previously held jointly with Decedent and Appellant Patrick Greenhoe's mother, Yvonne Valley (who would have been a daughter to the Decedent). The account remained owned by Decedent after Ms. Valley's death. Subsequent to Ms. Valley's death in June 2009, Decedent added the Appellee and Appellants to the accounts. This would indicate that Decedent had first hand knowledge of what would happen at the time of one of the joint-owner's death. Additionally, there was testimony that Decedent understood that those who helped the ill or elderly should be afforded a larger portion of an estate, despite the writings in a will. The Decedent's sister-in-law, Charlene Kuflewski, testified regarding Decedent's comments to her of his intentions to give her and her husband a share of his inheritance from their sister because he didn't think her will's division was fair since they had done so much.

When we are analyzing the intent of this Decedent, we can clearly see that he (1) understood the construction and effects of a joint bank account with rights of survivorship; and (2) felt that despite his sister's will, his brother and sister-in-law should be further rewarded because of the assistance they gave to her while she was ill. Knowing this, it can only be presumed that Decedent knew exactly what he was doing when he created these joint accounts.

Appellee attempts to muddy the waters by interjecting evidence of a disagreement between Decedent and Appellant Patrick Greenhoe. Again, assuming this testimony is true (which Appellants do not), Decedent certainly had the ability to adjust his overall estate plan,



RECEIVED by MCOA 12/8/2015 4:56:15 PM

which included changing the owners of the bank accounts. According to testimony he would have been in good enough health and with a sound mind to do so. He did not make any changes.

The trial court emphasized, in its Opinion, that it found the testimony of Appellants to be less than credible. This however, does not negate the presumption. The testimony solicited from Appellee's witnesses supports the presumption of the account being joint with rights of survivorship. The most telling of all testimony solicited was that of the Decedent's sister-in-law (who is not in Decedent's will) who gave more insight into the Decedent than either the Appellee or Appellant. In the Opinion of the trial court, this testimony is dismissed and not carefully considered.

The trial court's application of the law at issue, coupled with the fact that critical evidence was ignored as to the intent of the Decedent, creates a clear error by the trial court. There is no plausible way that the evidence presented to the trial court could result in a ruling such as it did. There was simply no competent, clear, or persuasive proof that the Decedent's intent was nothing other than an intent that the accounts would vest in the remaining owners. All persons testifying acknowledged that Appellants did the lion's share of assistance for the Decedent. The Decedent was previously the sole owner of a joint bank account after the death of Ms. Valley. The Decedent indicated a belief that even though his sister's will equally divided her assets, he felt it appropriate to give more to those who helped her the most. His intent can likewise be inferred here – Appellee was named his Power of Attorney and Executor of his Estate and Appellants were the ones helping him the most during his lifetime. The Decedent intended for these accounts to vest in those three people who helped him the most.

RECEIVED by MCOA 12/8/2015 4:56:15 PM

**II. The Trial Court Erred in Finding that the Inheritance Received by Decedent was Deposited without his Consent and Therefore not intended as part of the Joint Accounts.**

**A. Standard of Review**

This Court reviews a trial court's factual findings for clear error. *In re Estate of Raymond*, 483 Mich 48, 53 (2009). A review of the proper application and interpretation of the law is reviewed de novo. *Velez v Tuma*, 492 Mich 1, 11 (2012).

**B. Law and Argument**

The testimony at trial indicated that while Appellant, Claudette Greenhoe, made the deposit of the inheritance check, she was clearly instructed by Appellee to do so. The trial court ignores this fact, testified to by both Appellee and Appellant. Instead, the trial court indicates that she did not have the power or consent of the Decedent to deposit the money. At the time the inheritance check was received, Decedent was in the hospital. Appellee, his Power of Attorney, did not consult with Decedent. However, as his Power of Attorney, it is assumed that she is acting in her fiduciary duty as to the best interests of the Decedent. Therefore, for the trial court to conclude that because the Decedent didn't direct anyone as to what to do with the check that it must be considered part of the Estate is unfounded and clear error.

By way of demonstration, had the Decedent survived for another five months in the hospital, would the trial court have required the check to sit idle until he was either deceased or able to direct where the funds should go? Certainly not. It is common practice and within Appellee's authority as Power of Attorney to direct the deposit of the check so long as she is acting in his best interests and satisfying her fiduciary duty. The inheritance check should be treated no differently than the remaining funds in the accounts. Accordingly, Appellant requests that the trial court's ruling on the inheritance check also be reversed and dealt with as part of the joint bank accounts, to which Appellee and Appellants are joint owners.

RECEIVED by MCOA 12/8/2015 4:56:15 PM

## CONCLUSION AND RELIEF REQUESTED

The rulings of the trial court in the case at bar demonstrate not only a misapplication of the facts, but a clear bias as to the situation and parties involved. Furthermore, Appellants contend that the trial court ignored pertinent facts so as to fashion a written opinion that served the purpose of circumventing the intent of the Decedent. The intent of the Decedent was clear, well-informed, and based on a reading of the record as a whole, the funds in the joint accounts were vested in the survivors. Appelllants request that the ruling of the trial court be reversed.

Respectfully Submitted,

Brooke A. Bauer

BROOKE A. BAUER (P70496)
REYES & BAUER
Attorney for Appellee
817 Washington Ave.
Bay City, MI 48708
(989) 895-5025 Phone
(989) 892-5331 Fax
bauerlaw@live.com

RECEIVED by MCOA 12/8/2015 4:56:15 PM

Account Name: John H Kuflewski
Roberta W Watson
Claudette A. Greenhoe

Account Number: 110403145

No. of Signatures Req'd: 1

New | X Change

Checking | X Savings

X Personal | Business

Type of Account: Joint

Authorized Signatures | Birth Date | TIN
---|---|---
John H Kuflewski | 8/29/51 | 372 364336
Roberta W. Watson | 5/19/49 | 383547763
Claudette A Greenhoe | 1/12/68 | 363940428

By signing the document I (we) have received a copy and agree to abide by the rules and regulations applicable to this account.

| Employer TIN | Accepted By | Bank # | Branch # | Date |
|---|---|---|---|---|
| | JM | 143 | 110 | 12/28/05 |

SIGNATURE CARD

RECEIVED by MCOA 12/8/2015 4:56:15 PM

**EXHIBIT A**

**Page 1 of 1**

Account Name: John H Kuflewski
Roberta W Watson
Patrick J Greenhoe Claudette Greenhoe

Account Number: 4500298759
No. of Signatures Req'd: 1

| | | | |
|---|---|---|---|
| New | X Checking | X Personal | Type of Account |
| X Change | Savings | Business | |

| Authorized Signatures | Birth Date | TIN |
|---|---|---|
| x John H Kuflewski | 8/29/31 | 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 |
| x Patrick J Greenhoe | 4/20/64 | 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 |
| x Claudette A. Greenhoe | 1/12/68 | 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 |

By signing the document I (we) have received a copy and agree to abide by the rules and regulations applicable to this account

| Employer TIN | Accepted By | Bank # | Branch # | Date |
|---|---|---|---|---|
| | KRozek | 143 | 110 | 8/7/9 |

**EXHIBIT B**

**Page 1 of 2**

RECEIVED by MCOA 12/8/2015 4:56:15 PM

Account Name John H Kutlewski
Roberta W Watson
Patrick J Greenhoe Claudette Greenhoe

Account Number 4500298759
No. of Signatures Req'd 1

New | X Checking | X Personal | Type of Account
X Change | Savings | Business | JOINT

| Authorized Signatures | Birth Date | TIN |
|---|---|---|
| Roberta W. Watson | 5-19-49 | 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 |
| | | |
| | | |

By signing the document I (we) have received a copy and agree to abide by the rules and regulations applicable to this account.

| Employer TIN | Accepted By | Bank # | Branch # | Date |
|---|---|---|---|---|
| | JM | 143 | 110 | 7/14/09 |

**EXHIBIT B**

**Page 2 of 2**

RECEIVED by MCOA 12/8/2015 4:56:15 PM