IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

KOLU STEVENS; PATRICK GREENHOE;
and CLAUDETTE GREENHOE,

                Plaintiffs,

v

KIM MEAD, ET AL,

                Defendants.

HON. PAUL L. MALONEY
U.S. DISTRICT COURT JUDGE

FILE NO. 1:18-cv-00757-PLM-RSK

_____/

Philip L. Ellison (P74117)
OUTSIDE LEGAL COUNSEL, PLC
Attorneys for Plaintiffs
P.O. Box 107
Hemlock, MI  48626
(989) 642-0055/(888) 398-7003 Fax
pellison@olcplc.com

Meredith Rose Beidler (P78256)
John G. Fedynsky (P65232)
MICHIGAN       DEPARTMENT       OF
ATTORNEY GENERAL
Civil Litigation, Employment & Elections
Attorneys for Def. MACK
525 W. Ottawa Street
P.O. Box 30736
Lansing, MI  48909
(517) 373-6434
beidlerm@michigan.gov
fedynskyj@michigan.gov

Gregory R. Grant (P68808)
CUMMINGS,   McCLOREY,   DAVIS   &
ACHO, P.L.C.
Attorneys for Defs. HEFFERAN & MEAD
310 W. Front Street, Ste. 221
Traverse City, MI 49684
(231) 922-1888/(231) 922-9888 Fax
ggrant@cmda-law.com

_____/

## DEFENDANT, KIM MEAD'S MOTION TO DISMISS - ORAL ARGUMENT REQUESTED

NOW COMES Defendant, KIM MEAD, by and through his attorneys, CUMMINGS,

McCLOREY, DAVIS & ACHO, P.L.C., and hereby requests this Honorable Court to grant his

Motion to Dismiss for the reasons stated in the attached Brief in Support.

Dated:   September 24, 2018                    CUMMINGS, McCLOREY, DAVIS
                                               & ACHO, P.L.C.


                                               _ /s/ Gregory R. Grant_____
                                               Gregory R. Grant (P68808)
                                               Attorneys for Def. MEAD
                                               310 W. Front Street, Ste. 221
                                               Traverse City, MI   49684
                                               (231) 922-1888/(231) 922-9888 Fax
                                               ggrant@cmda-law.com

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

KOLU STEVENS; PATRICK GREENHOE;
and CLAUDETTE GREENHOE,

            Plaintiffs,

v

KIM MEAD, ET AL,

            Defendants.

HON. PAUL L. MALONEY
U.S. DISTRICT COURT JUDGE

FILE NO. 1:18-cv-00757-PLM-RSK

_____/

| | |
|---|---|
| Philip L. Ellison (P74117)<br>OUTSIDE LEGAL COUNSEL, PLC<br>Attorneys for Plaintiffs<br>P.O. Box 107<br>Hemlock, MI   48626<br>(989) 642-0055/(888) 398-7003 Fax<br>pellison@olcplc.com | Gregory R. Grant (P68808)<br>CUMMINGS, McCLOREY, DAVIS &<br>ACHO, P.L.C.<br>Attorneys for Defs. HEFFERAN & MEAD<br>310 W. Front Street, Ste. 221<br>Traverse City, MI 49684<br>(231) 922-1888/(231) 922-9888 Fax<br>ggrant@cmda-law.com |
| Meredith Rose Beidler (P78256)<br>John G. Fedynsky (P65232)<br>MICHIGAN DEPARTMENT OF<br>ATTORNEY GENERAL<br>Civil Litigation, Employment & Elections<br>Attorneys for Def. MACK<br>525 W. Ottawa Street<br>P.O. Box 30736<br>Lansing, MI   48909<br>(517) 373-6434<br>beidlerm@michigan.gov<br>fedynskyj@michigan.gov | |

_____/

**<u>BRIEF IN SUPPORT OF DEFENDANT KIM MEAD'S MOTION TO DISMISS</u>**

**TABLE OF CONTENTS**

**PAGE NO.**

INDEX OF AUTHORITIES ……………………………………………….…  i-v

CONCISE STATEMENT OF ISSUES PRESENTED ………………………….  v

BACKGROUND ………. ………………………………………………….  1-3

STANDARD OF REVIEW …………………………………………………...  3-4

LEGAL ARGUMENT …………………………………………………...  4-12

    A.    This Court should abstain from this matter pursuant to The *Younger Abstention Doctrine*………………………………………………….  4-6

    B.    Plaintiffs lacks standing to sue under Article III of the Constitution as there is no case or controversy……………………………………  6-8

    C.    Plaintiff have failed to appeal to the Michigan Supreme Court for a Writ of Mandamus or an order of Superintending Control …………  8

    D.    Defendant was acting under a valid local administrative Order adopted by the Authority of the Michigan State Court Administrative Office (SCAO) …………………………………….  8-9

    E.    Plaintiffs' Claims are Bared by the *Rooker-Feldman* Doctrine ………  9-10

    F.    Plaintiffs' Amended Complaint fails to satisfy even the minimum, basic, pleading requirements …………………………………….  10-11

    G.    Mr. Mead is entitled to qualified immunity as Plaintiffs cannot state a claim for a violation of their First Amendment Rights …………........  11-12

RELIEF REQUESTED …………………………………………………….  13

i

## INDEX OF AUTHORITIES

**CASES**                                                                                    **PAGE NO.**

*Ashcroft v. Iqbal,* 556 U.S. 662; 129 S. Ct. 1937, 1949-50 (2009) ...............   3

*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555; 127 S. Ct. 1955 (2007) ....   3

*Clapper v. Amnesty Int'l USA,* 568 U.S. 398 (2013), 133 S.Ct. 1138,
    1146, 185 L.Ed.2d 264 (2013) .................................................   2, 7

*Coles v. Granville,* 448 F.3d 853, 858 (6th Cir. 2006) .............................   5, 9

*Commercial Money Center, Inc. v. Illinois Union Ins. Co.,* 508 F.3d 327
    (6th Cir. 2007) ...............................................................   3-4

*DaimlerChrysler Corp. v. Cuno,* 547 U.S. 332, 341, 126 S.Ct. 1854,
    164 L.Ed.2d 589 (2006) .....................................................   6

*District of Columbia Ct. of App. v. Feldman,* 460 U.S. 462 (1983) ..............   9

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005) .....   9, 10

*Frederickson v. City of Lockport,* 384 F.3d 437, 438 (7th Cir. 2004) ...........   10

*Friends of the Earth, Inc.,* 528 U.S., at 180–181, 120 S.Ct. 693 .................   7

*FW/PBS, Inc. v. Dallas,* 493, U.S. 215, 231, 110 S. Ct. 596, 107 L.Ed.2d
    603 (1990) ...................................................................   7

*Harlow v. Fitzgerald,* 257 U.S. 800, 818 (1982) ....................................   11

*Hood v. Keller,* 341 F.3d 593, 597 (6th Cir. 2003) .................................   9

*In re Estate of John Kuflewski,* Case No. 14-049781-DE .........................   2, 5-6, 12

*In re Omnicare, Inc. Securities Litigation,* 769 F.3d 455 (6th Cir. 2014) .........   4

*In re Search of Fair Fin.,* 692 F.3d 424, 429 (6th Cir. 2012) ......................   12

*Hutcherson v. Lauderdale Co., Tenn.,* 326 F.3d 747, 755 (6th Cir. 2003) .......   9

*Lance v. Dennis,* 546 U.S. 459, 460 (2006) .........................................   9

## CONTINUED INDEX OF AUTHORITIES

**CASES**                                                                    **PAGE NO.**

*Livermore ex rel. Rohm v. Lubelan*, 476 F.3d 397, 403 (6th Cir. 2007) ..........   11

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559-560, 112 S.Ct. 2130,
    119 L.Ed.2d 351 (1992) .......................................................   6, 7

*Lynch v. Leis,* 382 F.3d 642, 648 n. 5 (6th Cir. 2004) ..............................   4

*Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993) ................................   4

*McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006) ....................   10

*Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423,
    431 (1982) ..........................................................................   5

*Mullenix v. Luna*, ___ U.S. ___, 136 S. Ct. 305, 308 (2015) ......................   11

*New Orleans Pub. Serv. Inc. v. Council of New Orleans*, 491 U.S. 350,
    361-63 (1989) ......................................................................   4

*Nimer v. Litchfield Twp. Bd. of Trustees*, 707 F.3d 699, 701 (6th Cir. 2013) ....   5

*Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-98 (1978) ..................   12

*Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996) ......................   4

*Pearson v. Callahan*, 555 U.S. 223, 232 (2009) ....................................   11-12

*Peterson Novelties, Inc. v. City of Berkley*, 305 F.3d 386, 390 (6th Cir. 2002) ..   9

*Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 10 (1986) ....................   12

*Raines v. Byrd*, 521 U.S. 811, 818, 117 S.Ct. 2312, 138 L.Ed.2d 849 (1997) ....   6, 7

*Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736 (6th Cir. 1980), *cert. denied*,
    449 U.S. 996 (1980) ...............................................................   4

*Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) ....................................   9, 10

*Sprint Communications, Inc. v. Jacobs,* 134 S. Ct. 584, 591 (2013) ................   5

*Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998) ............   10

## CONTINUED INDEX OF AUTHORITIES

### CASES                                                                PAGE NO.

*Severe Records, LLC v. Rich*, 658 F.3d 571, 578 (6th Cir. 2011) ................   3

*Valley Forge Christian College v. Americans United for Separation of
    Church and State, Inc.,* 454 U.S. 464, 473, 102 S.Ct. 752, 70 L.Ed.2d
    700 (1982) ...............................................................   7

*Warth v. Seldin*, 422 U.S. 490, 498-499, 95 S.Ct. 2197, 45 L.Ed.2d
    343 (1975) ...............................................................   7

*Weiner v. Klais & Co., Inc.,* 108 F.3d 86, 89 (6th Cir. 1997)  ...................   4

*Younger v. Harris*, 401 U.S. 37 (1971) .................................................   4, 5


### MISC:

Fed.R.Civ.P. 8 ........................................................   3

Fed.R.Civ.P. 12 .......................................................   3, 4

Fed,R,Civ, P.56 .......................................................   3, 4

MCR 2.116(C)(4) ......................................................   3

MCR 8.103 .............................................................   8

MCR 8.110(C)(6).......................................................   1

MCR 8.112(B)(3) .....................................................   1

MCR 8.119(H)(2)(b) .................................................   1

Const 1963 .............................................................   8

iv

## CONCISE STATEMENT OF ISSUES PRESENTED

I.    WHETHER THIS COURT SHOULD ABSTAIN FROM THIS MATTER PURSUANT TO THE *YOUNGER* ABSTENTION DOCTINE.

II.   WHETHER PLAINTIFFS LACKS STANDING TO BRING CLAIMS UNDER ARTICLES III OF THE CONSTITUTION AS THERE IS NO CASE OR CONTROVERSY.

III.  WHETHER PLAINTIFFS HAVE FAILED TO EXHAUST ALL REMEDIES.

IV.   WHETHER DEFENDANT MEAD WAS ACTING PURSUANT TO A VALID LOCAL ADMINISTRATIVE ORDER ADOPTED BY THE AUTHORITY OF SCAO.

V.    WHETHER PLAINTIFFS' CLAIMS ARE BARRED BY THE *ROOKER-FELDMAN* DOCTRINE.

VI.   WHETHER PLAINTIFFS' AMENDED COMPLAINT FAILS TO SATISFY THE MINIMUM, BASIC PLEADING REQUIREMENTS.

VII.  WHETHER DEFENDANT MEAD VIOLATED PLAINTIFFS' FIRST AMENDMENT RIGHTS.

## I.    *BACKGROUND.*

Plaintiffs Patrick and Claudette Greenhoe have filed the instant Amended Complaint against Defendant Kim Mead, Administrator for the Bay County Courts.   Mr. Mead is employed by the Bay County Courts as an at-will employee who works under the direction and supervision of the Chief Judge, who has the authority to appoint a Court Administrator pursuant to MCR 8.110(C)(6). Mr. Mead manages the day-to-day administrative operations of the Bay County Courts. His duties include staffing of the 18th Circuit Court as well at the 74th District Court and the Probate Court; budgeting for all Bay County Courts; docket management; jury management; and assisting the Chief Judge with developing and implementing policies and procedures for all Court staff. **See Affidavit of Kim Mead; attached as Ex. A.**   The Chief Judge, as well as the remaining Judges in the Bay County Courts, are responsible for the administration of the court and the judges determine the policies of the courts. Mr. Mead simply implements those policies and has no authority to deviate from them absent express and explicit authority from the Chief Judge. *Id.*

The Bay County Courts utilized, and on December 16, 2014 adopted, the Michigan State Court Administrative Office's ("SCAO") Model Local Administrative Order 8, "Access, Inspection, Reproduction, and Creation of Records" as its own Probate Court LAO 2014-01 J. That Local Administrative Order ("LAO") was submitted to and approved by the SCAO before it became effective as required by MCR 8.112(B)(3). In adopting the SCAO's Model LAO, the Chief Judge opted not to provide access to court recordings, an option available and allowed in the SCAO's Model LAO 8 as well as MCR 8.119(H)(2)(b).   *Id.*   **See also ECF No. 2-7; PageID.72-76 and ECF No. 2-3; PageID.60-63.**   The SCAO <u>requires</u> all trial courts to enact an

1

LAO regarding access, inspection, reproduction and creation of records. Such an LAO is <u>not</u> optional. **See Ex. A**. The individual with the authority to select, adopt and sign LAO 20 14-01 J was Chief Judge Kenneth Schmidt. **ECF No. 2-3; PageID.63**.

As stated in the Amended Complaint, Plaintiffs were part of a Bay County Probate Court case entitled, *In re Estate of John Kuflewski*, Case No. 14-049781-DE. Plaintiffs state that there was an adverse outcome. **ECF No. 2; PageID.42; ¶9 and 11**. In December 2016, Plaintiffs filed a complaint against the court reporter Joan Van Wormer due to alleged errors made in the transcript with the Michigan Court Reporting and Recording Board of Review. **See Complaint, attached as Ex. B**. That complaint was subsequently investigated. **See 2 correspondence dated 12/13/16, attached as Ex. C**. As a result, in March 2017, portions of the transcript were corrected, in writing. **See correspondence and corrected transcript, attached as Ex. D**. The Michigan Court Reporting and Recording Board of Review ultimately dismissed the complaint on June 22, 2017. **See correspondence dated June 22, 2017, attached as Ex. E.**

Then, in April 2017, apparently dissatisfied with the corrected transcript, Plaintiffs made a request to Mr. Mead to listen to and obtain copies of recordings of the court proceedings. **ECF No. 2-1; PageID.55-57**. Mr. Mead, pursuant to his obligation to follow the policies adopted by the Bay County Courts, denied the request based on LAO 2014-01 J. **ECF No. 2-1; PageID.59**.

Then on May 5, 2017, Plaintiffs filed a lawsuit against Mr. Mead in Bay County Circuit Court requesting injunctive and declaratory relief for alleged violations of common law right of access to public records and violation of their First Amendment right of access to judicial records. **See Circuit Court Complaint, attached as Ex. F**. In their prayer for relief, Plaintiffs request that the Circuit Court declare LAO 2014-01J (and by extension the SCAO's Model LAO 8)

2

unlawful as violative of the common law right of access and/or the First Amendment.  *Id.*  In an Order dated June 27, 2018, the Circuit Court granted Defendant's Motion for Summary Disposition and dismissed Plaintiffs' case pursuant to MCR 2.116(C)(4) holding that the court lacked subject matter jurisdiction.  **See 6/27/18 Order, attached as Ex. G.**

For the reasons set forth below, Plaintiffs claims against Mr. Mead are completely groundless and the Amended Complaint should be dismissed with prejudice.

## II.  *STANDARD OF REVIEW.*

This Motion is brought pursuant to Fed. R. Civ. P. 8(a) and 12(b)(6).  Fed. R. Civ. P. 12(b)(6) authorizes the district court to dismiss a complaint that fails to state a claim upon which relief can be granted.  Under Fed. R. Civ. P. 8(a), a complaint need not contain "detailed factual allegations," but Plaintiffs' obligation to plead grounds entitling them to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555; 127 S. Ct. 1955 (2007) (citations omitted). Conclusory statements will not suffice, and only a complaint that states a plausible claim for relief will survive.  *Ashcroft v. Iqbal,* 556 U.S. 662; 129 S. Ct. 1937, 1949-50 (2009) (citing *Twombly,* 550 U.S. at 555-56); *Severe Records, LLC v. Rich*, 658 F.3d 571, 578 (6th Cir. 2011).  A Complaint should be dismissed under Fed. R. Civ. P. 8(a)(2), "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct [because] the complaint has alleged – but it has not 'shown' – that the pleader is entitled to relief." *Iqbal,* at 1949.

Furthermore, a document that is integral to a plaintiff's claims may be considered without converting a motion to dismiss under Fed. R. Civ. P. 12 into one for summary judgment under Fed. R. Civ. P. 56.  *Commercial Money Center, Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327 (6th Cir.

2007). If public records refute a plaintiff's claim, a defendant may attach those documents to its motion to dismiss, and a court can then consider them in resolving the Rule 12(b)(6) motion without converting the motion to dismiss into a Rule 56 motion for summary judgment. *In re Omnicare, Inc. Securities Litigation*, 769 F.3d 455 (6th Cir. 2014) (citing *Weiner v. Klais & Co., Inc.,* 108 F.3d 86, 89 (6th Cir. 1997); *Commercial Money Center,* at 336 (citing *Lynch v. Leis,* 382 F.3d 642, 648 n. 5 (6th Cir. 2004). Any federal court may take judicial notice of the proceedings in other courts of record. *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir.1980), *cert. denied*, 449 U.S. 996 (1980).

Rule 12(b)(6) affords defendants an opportunity to test whether, as a matter of law, a plaintiff is entitled to legal relief even if all the allegations in the complaint are true. Under this standard, the complaint should be dismissed where it appears that plaintiff can prove no set of facts in support of their claim which would entitle him to relief. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993).

## III.  *LEGAL ARGUMENT.*

### A.  This Court should abstain from this matter pursuant to the *Younger* Abstention Doctrine.

"Federal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996). A federal court, however, may abstain from exercising its jurisdiction in limited circumstances. *New Orleans Pub. Serv. Inc. v. Council of New Orleans*, 491 U.S. 350, 361-63 (1989). In this case, the Court should abstain from exercising jurisdiction over Plaintiff's Complaint based on the *Younger* abstention doctrine.

4

In *Younger v. Harris*, the Supreme Court established a doctrine of abstention based on comity and the principle that state courts should be free to perform their functions without interference from the federal courts.   401 U.S. 37 (1971).   When *Younger* abstention applies, a federal district court must either stay *or* dismiss the action pending resolution of state court proceedings that involve issues similar to those presented in the federal action.   *Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982). In this instance, dismissal is warranted. *See Coles v Granville*, 448 F 3d 853 (6th Cir, 2006).

In *Sprint Communications, Inc. v. Jacobs*, the Supreme Court clarified that it is appropriate for a federal court to abstain and refuse to exercise jurisdiction pursuant to *Younger* where one of three exceptional circumstances exists:   (1) to prevent federal intrusion into ongoing state criminal prosecutions; (2) to avoid federal interference with certain civil enforcement proceedings; and (3) to refrain from interference with civil proceedings of the state courts' ability to perform their judicial functions.   134 S. Ct. 584, 591 (2013).   The Supreme Court also explained that three criteria identified in the *Middlesex* decision are additional elements which may be considered when determining whether *Younger* abstention is appropriate.   *Id.* at 593 (citing *Middlesex*, 457 U.S. at 431) (a federal court should abstain under *Younger* when a state court proceeding (1) is currently pending, (2) involves an important state interest, and (3) affords the plaintiff an adequate opportunity to raise constitutional claims); *see also Nimer v. Litchfield Twp. Bd. of Trustees*, 707 F.3d 699, 701 (6th Cir. 2013).

This case at hand involves the second and third exceptions.   Plaintiffs initiated proceedings before the Bay County Courts, which are subject to appeals by Plaintiffs, if they so choose. Furthermore, Plaintiffs have not alleged that the underlying case of *In re Estate of John*

5

*Kuflewski* has been closed or dismissed.   Conceivably, Plaintiffs could appeal the outcome of that matter.   Plaintiffs' current attempt to ask this Honorable Court to interfere with the Bay County Courts' practice is improper.   Thus, this Court should dismiss Plaintiffs' Amended Complaint so that important issues of state law interpretation can be fully adjudicated in the state system.

### B.   Plaintiffs lack standing to sue under Article III of the Constitution as there is no case or controversy.

The Constitution confers limited authority on each branch of the Federal Government. It vests Congress with enumerated "legislative Powers," Art. I, § 1; it confers upon the President "[t]he executive Power," Art. II, § 1, cl. 1; and it endows the federal courts with "[t]he judicial Power of the United States," Art. III, § 1. In order to remain faithful to this tripartite structure, the power of the Federal Judiciary may not be permitted to intrude upon the powers given to the other branches. See *DaimlerChrysler Corp. v. Cuno,* 547 U.S. 332, 341, 126 S.Ct. 1854, 164 L.Ed.2d 589 (2006); *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 559–560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).

Although the Constitution does not fully explain what is meant by "[t]he judicial Power of the United States," Art. III, § 1, it does specify that this power extends only to "Cases" and "Controversies," Art. III, § 2. And " '[n]o principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies.'" *Raines v. Byrd,* 521 U.S. 811, 818, 117 S.Ct. 2312, 138 L.Ed.2d 849 (1997).

Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy. The doctrine developed in our case law to ensure that federal courts do not exceed

6

their authority as it has been traditionally understood. See *id.,* at 820, 117 S.Ct. 2312. The doctrine limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong. See *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.,* 454 U.S. 464, 473, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982); *Warth v. Seldin,* 422 U.S. 490, 498–499, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975). In this way, "[t]he law of Article III standing ... serves to prevent the judicial process from being used to usurp the powers of the political branches," *Clapper v. Amnesty Int'l USA,* 568 U.S. 398 (2013), 133 S.Ct. 1138, 1146, 185 L.Ed.2d 264 (2013); *Lujan, supra,* at 576–577, 112 S.Ct. 2130 and confines the federal courts to a properly judicial role, see *Warth, supra,* at 498, 95 S.Ct. 2197.

Cases have established that the "irreducible constitutional minimum" of standing consists of three elements. *Lujan,* 504 U.S., at 560, 112 S.Ct. 2130. The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. *Id.,* at 560–561, 112 S.Ct. 2130; *Friends of the Earth, Inc.,* 528 U.S., at 180–181, 120 S.Ct. 693. The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements. *FW/PBS, Inc. v. Dallas,* 493 U.S. 215, 231, 110 S.Ct. 596, 107 L.Ed.2d 603 (1990). Where a case is at the pleading stage, the plaintiff must "clearly ... allege facts demonstrating" each element. *Warth, supra,* at 518, 95 S.Ct. 2197.

Here, Plaintiffs cannot prove that they suffered an injury in fact or that it is likely to be redressed by a favorable judicial decision.   Plaintiffs have acknowledged that they had access to the written transcripts of the judicial proceedings.   **ECF No. 2; PageID.43; ¶13.**   Though Plaintiffs believed there were errors in the transcripts, they did file a complaint with the Michigan

7

Court Reporting and Recording Board of Review.   **Ex. B.**   Subsequently, the errors in the written transcripts were remedied. **Ex. D.**   Moreover, Plaintiffs do not allege and it does not appear that Plaintiffs raised the issue of the inaccurate trial court transcripts to the Michigan Court of Appeals.

Production of raw audio is unnecessary and Plaintiffs are not entitled to it under the LAO. At this point, there remains no case or controversy as the issue has been resolved.

C.     **Plaintiffs have failed to appeal to the Michigan Supreme Court for a writ of mandamus or an order of superintending control.**

Plaintiffs had the opportunity to appeal to the Michigan Supreme Court for a writ of mandamus or an order of superintending control.   Plaintiffs have not alleged that they have done so and seemingly did not.   Therefore, the case must be dismissed for failure to exhaust remedies.

D.     **Defendant was acting pursuant to a valid local administrative order adopted by the authority of the Michigan State Court Administrative Office (SCAO).**

Article VI, Section 4 of the Michigan Constitution provides that "[t]he supreme court shall have general superintending control over all courts." Const 1963, art VI, sec 4. The Supreme Court shall further "appoint an administrator of the Courts and other assistants of the supreme court as may be necessary to aid in the administration of the courts of this state." Const 1963, art VI sec 3. The SCAO was created to fulfill this administrative function, with the responsibilities of that office set forth in MCR 8.103, As part of its responsibilities, the SCAO offers management and assistance and direction to the trial courts on the administration of the courts' business by, in part, distributing Model LAOs such as the one at issue in this case.   Finally, the "[e]xclusive authority to determine the general practice and procedure of courts rests with the Supreme Court." Const. 1963 art VI, sec 5.

In the case at hand, Plaintiffs have argued that their First Amendment rights have been

8

violated because Defendant did his job and followed the Bay County Court's LAO 2014-01 J.

Plaintiffs are essentially requesting that this Court exercise superintending control over the Bay

County Courts.  It is clear, however, that the exclusive jurisdiction for such a claim rests solely

with the Michigan Supreme Court.  Accordingly, Plaintiffs' case should be dismissed.

### E.   Plaintiffs' claims are barred by the *Rooker-Feldman* Doctrine.

Plaintiff's claims are barred by the *Rooker-Feldman* doctrine, *Rooker v. Fidelity Trust Co.*,

263 U.S. 413 (1923); *District of Columbia Ct. of App. v. Feldman*, 460 U.S. 462 (1983), which

"holds that lower federal courts lack subject matter jurisdiction to engage in appellate review of

state court proceedings or to adjudicate claims 'inextricably intertwined' with issues decided in

state court proceedings." *Peterson Novelties, Inc. v. City of Berkley*, 305 F.3d 386, 390 (6th Cir.

2002); *see also Hutcherson v. Lauderdale Co., Tenn.*, 326 F.3d 747, 755 (6th Cir. 2003). "The

*Rooker-Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over cases

brought by 'state-court losers' challenging 'state-court judgments rendered before the district

court proceedings commenced.'" *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (per curiam) (quoting

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

The *Rooker-Feldman* doctrine applies "when a plaintiff complains of injury from the state

court judgment itself." *Coles v. Granville*, 448 F.3d 853, 858 (6th Cir. 2006). "In determining the

applicability of the *Rooker-Feldman* doctrine, federal courts ... must pay close attention to the

*relief* sought by the federal-court plaintiff." *Hood v. Keller*, 341 F.3d 593, 597 (6th Cir. 2003)

(internal quotation omitted). "If the source of the injury is that state court decision, then the

*Rooker-Feldman* doctrine would prevent the district court from asserting jurisdiction. If there is

some other source of injury, such as a third party's actions, then the plaintiff asserts an independent

9

claim." *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006). The doctrine applies to attempts to relitigate state court judgments entered before the federal suit is filed; it does not abrogate concurrent jurisdiction in federal and state courts, nor is it analogous to a preclusion doctrine. *Exxon Mobil*, 544 U.S. at 292.

"The *Rooker-Feldman* doctrine is a rule of federal jurisdiction." *Frederickson v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004). When a claim is barred by the *Rooker-Feldman* doctrine, a court must dismiss the claim for lack of jurisdiction. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998).

As previously noted, Plaintiffs originally filed this case in circuit court and it was dismissed. They appealed the decision to the Michigan Court of Appeals. It seems now that Plaintiffs seek to "appeal" the state court loss in this Honorable Court. This Court, however, lacks jurisdiction to engage in appellate review of state court findings. Thus, this matter must be dismissed.

**F.**     **Plaintiffs' Amended Complaint fails to satisfy even the minimum, basic pleading requirements.**

Plaintiffs' Amended Complaint is incredibly vague and lacks sufficient information to form a claim against Defendant. Plaintiffs do not describe with any specificity which transcripts allegedly have errors or misrepresentations. Defendant cannot determine whether Plaintiffs are referring to a motion hearing transcript, a transcript from the jury trial, or some other proceeding. Plaintiffs offer absolutely no examples as to what errors were transcribed. Instead, Plaintiffs make a general, unsupported, and conclusory allegation that they "noticed numerous substantial errors and misstatements in the transcripts." **ECF No. 2; PageID.43, ¶13.** This is simply not

enough to put Defendant on notice of a claim and, therefore, Plaintiffs have failed to state a claim upon which relief can be granted.

### G.   Mr. Mead is entitled to qualified immunity as Plaintiffs cannot state a claim for a violation of their First Amendment rights.

Plaintiffs' allegation that their First Amendment rights were violated by Defendant's failure to produce the raw audio recordings of the court proceedings is completely baseless. There is no constitutional right of access to these recordings.

"[G]overnment officials performing discretionary functions are generally shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 257 U.S. 800, 818 (1982). "When a defendant raises a defense of qualified immunity, the plaintiff bears the burden of demonstrating that the defendant is not entitled to qualified immunity." *Livermore ex rel. Rohm v. Lubelan*, 476 F.3d 397, 403 (6th Cir. 2007).

The question of an officer's qualified immunity invokes a two-pronged inquiry. "[A] court must decide whether the facts that a plaintiff has alleged or shown makeup a violation of a constitutional right." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009).

Equally, "the court must decide whether the right at issue was 'clearly established' at the time of the defendant's alleged misconduct." *Id*. A right is "clearly established" only where the existing case law precedents demonstrate the existence of the right to be "beyond dispute," such that "every reasonable officer would have understood that what he is doing violates that right." *Mullenix v. Luna*, ___ U.S. ___, 136 S. Ct. 305, 308 (2015). Moreover, qualified immunity covers "mistakes in judgment, whether the mistake is one of fact or one of law." *Pearson*, 555

11

U.S. at 231.

"The public has a qualified right of access to judicial proceedings and documents, under both the common law and the First Amendment." *In re Search of Fair Fin.*, 692 F.3d 424, 429 (6th Cir. 2012) (citing *Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 10 (1986) ("Press-Enter. II") (First Amendment right of access to preliminary hearings); *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-98 (1978) (common-law right of access to judicial documents)).

However, Defendant is unaware of any binding authority establishing a First Amendment right to access the raw audio recordings made by court recorders of court proceedings.   Plaintiffs have admitted that they had access to and gained possession of the <u>written transcripts</u> of various court proceedings.   **ECF No. 2; PageID.43; ¶13.**   It is clear that the Bay County Court policy at issue was implemented pursuant to SCAO oversight and the Michigan Court Rules.   Moreover, Plaintiffs acknowledge that they were parties to the underlying probate case of *In re Estate of John Kuflewski* in Bay County.   **ECF No. 2; PageID.42; ¶9.**   Thus, they had full access to all proceedings that occurred and to all of the court records consistent with the Michigan Court Rules and the court's LAOs.   Plaintiffs cannot prove a violation of any established First Amendment right.

Furthermore, in the Bay County Courts, the Chief Judge and other judges are responsible for the administration of the court and they determine the policies of the courts. Mr. Mead simply implements those policies and has no authority to deviate from them absent express and explicit authority from the Chief Judge. **Ex. A.**   As a consequence, this case should be dismissed.

IV.   **_RELIEF REQUESTED_**.

In light of the above arguments, Defendant Kim Mead respectfully requests that this Honorable Court grant his Motion to Dismiss and enter an order dismissing this matter with prejudice.

Dated:   September 24, 2018

CUMMINGS, McCLOREY, DAVIS
& ACHO, P.L.C.

   /s/ Gregory R. Grant
Gregory R. Grant (P68808)
Attorneys for Def. MEAD
310 W. Front Street, Ste. 221
Traverse City, MI   49684
(231) 922-1888/(231) 922-9888 Fax
ggrant@cmda-law.com

13

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

KOLU STEVENS; PATRICK GREENHOE;
and CLAUDETTE GREENHOE,

          Plaintiffs,

v

KIM MEAD, ET AL,

          Defendants.

HON. PAUL L. MALONEY
U.S. DISTRICT COURT JUDGE

FILE NO. 1:18-cv-00757-PLM-RSK

**PROOF OF SERVICE**

_____/

Philip L. Ellison (P74117)
OUTSIDE LEGAL COUNSEL, PLC
Attorneys for Plaintiffs
P.O. Box 107
Hemlock, MI  48626
(989) 642-0055/(888) 398-7003 Fax
pellison@olcplc.com

Meredith Rose Beidler (P78256)
John G. Fedynsky (P65232)
MICHIGAN       DEPARTMENT       OF
ATTORNEY GENERAL
Civil Litigation, Employment & Elections
Attorneys for Def. MACK
525 W. Ottawa Street
P.O. Box 30736
Lansing, MI  48909
(517) 373-6434
beidlerm@michigan.gov
fedynskyj@michigan.gov

Gregory R. Grant (P68808)
CUMMINGS,   McCLOREY,   DAVIS   &
ACHO, P.L.C.
Attorneys for Defs. HEFFERAN & MEAD
310 W. Front Street, Ste. 221
Traverse City, MI 49684
(231) 922-1888/(231) 922-9888 Fax
ggrant@cmda-law.com

_____/

## PROOF OF SERVICE

STATE OF MICHIGAN                          )
                                           ) ss.
COUNTY OF GRAND TRAVERSE                    )

     Laurie Robbins, being duly sworn, deposes and says that she served **DEFENDANT KIM MEAD'S MOTION TO DISMISS; BRIEF IN SUPPORT OF DEFENDANT KIM MEAD'S MOTION TO DISMISS with EXHIBITS A - G; CERTIFICATE OF CONCURRENCE and PROOF OF SERVICE,** by ECF filing to the following individuals listed below on **September 24, 2018:**

<u>**VIA ECF ONLY TO:**</u>

Philip L. Ellison
OUTSIDE LEGAL COUNSEL, PLC

Meredith Rose Beidler
John G. Fedynsky
MICHIGAN DEPARTMENT OF ATTORNEY GENERAL

Clerk of the Court
WESTERN DISTRICT COURT OF MICHIGAN

_____
Laurie Robbins

2