# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN

KOLU STEVENS;
PATRICK GREENHOE; and
CLAUDETTE GREENHOE;
    Plaintiffs,

v.

MILTON L. MACK, JR., in his official capacity as the Administrator of the Michigan State Court Administrative Office; KIM B. MEAD, in his official capacity as Bay County Probate Court Administrator; WILLIAM M. HEFFERAN, in his official capacity as Antrim County Circuit Court – Family Division Administrator,
    Defendants

_____/

Case No.: 18-cv-757
Honorable Paul L. Maloney

**MOTION**

OUTSIDE LEGAL COUNSEL PLC
PHILIP L. ELLISON (P74117)
Attorney for Plaintiffs
PO Box 107
Hemlock, MI 48626
(989) 642-0055
pellison@olcplc.com

AMBER L. DAVIS-JOHNSON (P52811)
Attorney for Defendant Mead
515 Center Ave., Ste. 402
Bay City, MI 48708
(989) 895-4131
johnsona@baycounty.net

JOSEPH Y. HO (P77390)
MICH DEPT OF ATTORNEY GEN
Attorney for Defendant Mack
PO Box 30736
Lansing, MI 48909
(517) 373-6434
hoj@michigan.gov

GREGORY R. GRANT (P68808)
Cummings McClorey Davis & Acho
Attorneys for Dfs Hefferan/Mead
310 W Front Street, Suite 221
Traverse City, MI 48681-2800
(231) 922-1888
ggrant@cmda-law.com

1

**PLAINTIFFS' MOTION FOR ENTRY OF ORDER TO "EXCLUDE" EXHIBITS ATTACHED TO DEFENDANTS' MOTIONS TO DISMISS**

NOW COMES Plaintiffs KOLU STEVENS, PATRICK GREENHOE, and CLAUDETTE GREENHOE, by counsel, and moves to "exclude" the offending exhibits attached to Defendants' various motions to dismiss filed pursuant to Fed.R.Civ.P. 12(b)(6). The exhibits were attached in violation of the applicable Sixth Circuit precedence. Because the Federal Rules of Civil Procedure is silent as to what remedy this Court is to apply for violating that obligation, this motion is captioned as one to "exclude" premised on Rule 12(d). If, however, other relief is more appropriate under the Court's discretion, that alternative relief is requested as well.

The undersigned certifies that he has conferred with counsel for all Defendants and the sought concurrence on the relief sought, but the same was not agreed upon or provided. W.D. Mich. LR 7.1(e). A separate filing will be made consistent with this local rule.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

## BACKGROUND OF CASE

This case presents an exceptional challenge to the judicial-legislative policies and directives contained in Michigan trial court's local administrative orders ("LAOs")[1] barring public access to inspect and/or copy the audio court recordings ("ACRs") of court proceedings made by court recording devices and/or human 'court recorders' employees. Michigan law deems and concedes such ACRs are, in fact, "court records." Mich. Ct. R. 8.119(F). The administrators (sued solely in their official capacities) are using the disputed LAOs to bar public access to the ACRs for inspection or copying. The First Amendment expressly limits judicial discretion in the closing of public access to court records like ACRs. *Brown & Williamson Tobacco Corp v. FTC*, 710 F.2d 1165, 1177 (6th Cir. 1983). The state trial courts of Michigan and their administrators have exceeded those constitutional limitations by not meeting the *Press-Enterprise* test to support such blanket closure of public access. This case seeks a federal remedy to correct that unconstitutional state action.

---

[1] A court promulgating a rule or issuing administrative order outside of a case, is undertaking legislative activity. *Alia v. Michigan Supreme Court*, 906 F.2d 1100, 1102 (6th Cir. 1990)(collecting cases).

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

## FACTS AS TO THIS MOTION

Plaintiffs filed their Complaint and First Amended Complaint on July 9, 2018 claiming that their demands for access to inspect and copy to the audio court recordings of certain state court proceedings. **ECF Nos. 1 and 2.** The Administrator Defendants denied access by pointing to certain disputed LAOs. Plaintiffs brought suit in this Court claiming that denying access to court/judicial records in the manner undertaken violates the First Amendment. All remaining defendants are sued in their official capacity.

Providing professional courtesy to Defendants' counsel, the responses to the First Amended Complaint were due September 24, 2018. **ECF No. 11.** Each defendant filed a motion to dismiss. **ECF Nos. 13, 14, and 16.** However, as part of their motions to dismiss, each attached various exhibits. This motion now follows to challenge the act of attaching those exhibits.

## MEMORANDUM OF LAW

Traditionally, assessment of the facial sufficiency of the complaint under Rule 12(b)(6) must ordinarily be undertaken without resorting to materials outside the pleadings. *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1104 (6th Cir. 2010). A Rule 12(b)(6) motion allows a court to "consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Schmidt v. Skolas*, 770 F.3d 241,

249 (3rd Cir. 2014). This makes sense because the Court is not looking to adjudicate facts but instead must accept the allegations in the complaint as true "even if doubtful in fact." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, the Circuits of the federal judiciary have eased on that rule slightly in recent years. For example, the Third Circuit explained that "an exception to the general rule is that a 'document *integral to or explicitly relied* upon in the complaint' may be considered 'without converting the motion to dismiss into one for summary judgment.'" *Schmidt, supra*, at 249 (emphasis in original). However, an exception cannot shallow the whole. Affidavits may not be filed in response to a Rule 12(b)(6) motion. *Id.* On the flip side, "copy of a written instrument" is an exhibit to the pleading "for all purposes. Fed.R.Civ.P. 10(c). Yet, the line of permissiveness is not so clear these days. In *Schmidt*, the Third Circuit explained the attaching postings on websites and press releases "is inconsistent with the rationale of the integral documents exception." *Id.*, at 250.

The Sixth Circuit has similarly allowed for the integral documents exception in Rule 12(b)(6) motions—

> When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss *so long as <u>they</u>* [i.e. the exhibits themselves] *are* [1.] *referred to in the Complaint and* [2.] *are central to the claims contained therein*.

5

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

*Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008)(citing *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001))(emphasis added).

The answer to this question is not merely academic on Plaintiffs' part. If a Rule 12(b)(6) allows a defendant to attach new documents and new facts outside the pleadings, what must a non-moving party (i.e. the Plaintiffs) supply to response to those submissions not limited to the complaint-pleading? Plaintiffs are under the same limitation as Defendants are—the *allegations* in the First Amended Complaint viewed in the light most favorable to Plaintiffs. *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).

The common response to this argument is that the Court can convert a Rule 12(b)(6) into a Rule 56 motion. The rule reads, "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed.R.Civ.P. 12(d). However, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." *Id.* In other words, the Court must give notice that a moving party's motion *to dismiss* under Rule 12 is being treated as a motion *for summary judgment* under Rule 56. That is critical for a plaintiff because "summary judgment is ordinarily inappropriate before discovery is complete."

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

6

*McWay v. LaHood*, 269 F.R.D. 35, 36 (D.D.C. 2010). While Federal Rule of Civil Procedure 56 allows a party to move for summary judgment before discovery is complete, such a motion is successful "only in the rarest of cases" because "the nonmoving party must have had the opportunity to discover information that is essential to its opposition to the motion for summary judgment." *Great Wall De Venezuela C.A. v. Interaudi Bank*, 117 F.Supp.3d 474, 492-493 (S.D.N.Y. 2015). This is simply a matter of normal judicial fairness to all parties.

As it stands right now, Plaintiffs are not sure how to respond to the motions to dismiss under Rule 12 which have offending exhibits not allowed to be considered under *Bassett*. Are they suppose to provide a Rule 56 affidavit? The motion is not for *summary judgment*. Are they suppose to ignore the violation? What if the Court does not and considers the extraterritorial papers as part of the motion?

The answer to this conundrum appears to exist in the text of Rule 12(d)—

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to <u>and not excluded by the court</u>, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

Fed.R.Civ.P. 12(d). Thusly, this motion is labelled as one to "exclude" premised on the language of said court rule.

## ARGUMENT

### *Hefferan*

Attached to Defendant William Hefferan's motion to dismiss (**ECF No. 16**) is his affidavit. See **ECF No. 16-1.** "Affidavits are not properly considered in deciding upon a motion under Rule 12(b)(6)." *Fredrick v. Simmons Airlines, Inc.*, 144 F.3d 500, 504 (7th Cir. 1998). Moreover, an affidavit does not (because it cannot) qualify as for the integral document exception. *Schmidt, supra*, at 249. Therefore, it (and all references to it in the briefing) must be "excluded."

### *Mead*

Attached to Defendant Kim B. Mead's motion to dismiss (**ECF No. 14**) is his affidavit. See **ECF No. 14-1.** An affidavit does not qualify as for the integral document exception. *Schmidt, supra*, at 249. Therefore, it (and all references to it in the briefing) must be "excluded."

Also attached are various letters. **ECF Nos. 14-2 – 14-5.** These letters were not "referred to in the Complaint" and are not "central to the claim" under the First Amendment made in this case. *Bassett, supra,* at 430.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

Therefore, they are not proper under *Bassett*. They too must be excluded and all references to the same.

Lastly, Defendant Kim B. Mead attached a complaint and the final judgment from a prior case which resulted in a dismissal for lack of subject matter jurisdiction. While court records would seem to be a public record, that case resulted in a dismissal for lack of state court subject matter jurisdiction. In Michigan, an order other than dismissal is void. *Fox v. Bd. of Regents of Univ. of Michigan*, 375 Mich 238, 242-243 (1965). Such a dismissal for lack of jurisdiction is not "adjudication on the merits." Mich. Ct. R. 2.504(B)(3). As such, the prior complaint and order dismissing for lack of subject-matter jurisdiction is, again, not "referred to in the Complaint" and are not "central to the claim." It is properly attached contrary to *Bassett*. These too must be excluded.

### *Mack*

Attached to Defendant Kim B. Mead's motion to dismiss (**ECF No. 13**) are two Michigan Court of Appeals decisions. While Plaintiffs believes them to be irrelevant, these arguably fit within the public records exception. However, the remaining exhibits, **ECF Nos. 13-3 – 13-6**, are non-public records which were not "referred to in the Complaint" and are not "central to the claim." Thusly, these two must be excluded as improper under *Bassett*

9

## RELIEF REQUESTED

WHEREFORE, the Court is requested to "exclude" (and ordered removed from the docket) all exhibits attached to each Defendants' motions to dismiss (**ECF Nos. 13, 14, and 16**), except Defendant Mack's Exhibits 1 and 2 (**ECF Nos. 13-3 – 13-6)** as being filed in violation of *Bassett*. If, however, other relief is more appropriate under the Court's discretion, that alternative relief is requested as well.

Date: September 26, 2018     RESPECTFULLY SUBMITTED:

/s/ Philip L. Ellison
**OUTSIDE LEGAL COUNSEL PLC**
**PHILIP L. ELLISON (P74117)**
Counsel for Plaintiffs

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

## CERTIFICATE OF SERVICE

I, the undersigned attorney of record, hereby certify that on the date stated below, I electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel or parties of record.

Date: September 26, 2018              RESPECTFULLY SUBMITTED:

/s/ Philip L. Ellison
**OUTSIDE LEGAL COUNSEL PLC**
**PHILIP L. ELLISON (P74117)**
Counsel for Plaintiffs