OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**

KOLU STEVENS;
PATRICK GREENHOE; and
CLAUDETTE GREENHOE;
Plaintiffs,

v.

MILTON L. MACK, JR., in his official capacity as the Administrator of the Michigan State Court Administrative Office; KIM B. MEAD, in his official capacity as Bay County Probate Court Administrator; WILLIAM M. HEFFERAN, in his official capacity as Antrim County Circuit Court – Family Division Administrator,
Defendants
______________________________/

Case No.: 18-cv-757
Honorable Paul L. Maloney

**RESPONSE**

*******
**ORAL ARGUMENT REQUESTED**
*******

OUTSIDE LEGAL COUNSEL PLC
PHILIP L. ELLISON (P74117)
Attorney for Plaintiffs
PO Box 107
Hemlock, MI 48626
(989) 642-0055
(888) 398-7003 - fax
pellison@olcplc.com

AMBER L. DAVIS-JOHNSON (P52811)
Attorney for Defendant Mead
515 Center Ave., Ste. 402
Bay City, MI 48708
(989) 895-4131
johnsona@baycounty.net

JOSEPH Y. HO (P77390)
MICH DEPT OF ATTORNEY GEN
Attorney for Defendant Mack
PO Box 30736
Lansing, MI 48909
(517) 373-6434
hoj@michigan.gov

GREGORY R. GRANT (P68808)
Cummings McClorey Davis & Acho
Attorneys for Dfs Hefferan/Mead
310 W Front Street, Suite 221
Traverse City, MI 48681-2800
(231) 922-1888
ggrant@cmda-law.com

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

**PLAINTIFFS' OPPOSITION TO DEFENDANT MACK'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)**

NOW COMES Plaintiffs KOLU STEVENS, PATRICK GREENHOE, and CLAUDETTE GREENHOE, by counsel, and opposes Defendant MILTON L. MACK, JR's motion. The basis of the motion is procedurally problematic. Most of the assertions made in this motion are contrary to on-point U.S. Supreme Court and Sixth Circuit precedence. Moreover, the motion was filed pursuant to Fed R. Civ. P. Rules 12(b)(6), yet Defendant Mack attached exhibits outside the pleadings in violation of binding Sixth Circuit precedence. For the reasons outlined as attached, the Court is requested to preclude any use or reference to the attached exhibits and deny the motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6).

**INTRODUCTION**

This case presents an exceptional challenge to the judicial-legislative policies and directives contained in Michigan trial court's local administrative orders ("LAOs")[1] barring public access to inspect and/or copy the audio court recordings ("ACRs") of court proceedings made by court recording devices and/or human 'court recorders' employees. Michigan law deems and

[1] A court promulgating a rule or issuing administrative order outside of a case, is undertaking legislative activity. *Alia v. Michigan Supreme Court*, 906 F.2d 1100, 1102 (6th Cir. 1990)(collecting cases).

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

concedes such ACRs are, in fact, “court records.” Mich. Ct. R. 8.119(F). The administrators (sued solely in their official capacities) are using the disputed LAOs to bar public access to the ACRs for inspection or copying. The First Amendment expressly limits judicial discretion in the closing of public access to court records like ACRs. *Brown & Williamson Tobacco Corp v. FTC*, 710 F.2d 1165, 1177 (6th Cir. 1983). The state trial courts of Michigan and their administrators have exceeded those constitutional limitations by not meeting the *Press-Enterprise* test to support such blanket closure of public access. This case seeks a federal remedy to correct that unconstitutional state action. The motion to dismiss should be denied.

## FACTS

Because this matter comes before this Court on a motion to dismiss under Rule 12(b)(6), all the allegations in the First Amended Complaint are deemed true and viewed in the light most favorable to Plaintiffs. *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). To support this brief, Plaintiffs rely on and incorporate the detailed facts pled in their First Amended Complaint. **ECF No. 2**. A concise summary is as follows.

In Michigan, many of the state trial-level courts have opted to make digital audio records of court proceedings held in their respective courtrooms throughout Michigan. Under Michigan law, the **a**udio “**c**ourt **r**ecordings…

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

[hereinafter "ACRs"] and all other records such as tapes, backup tapes, discs, and any other medium used or created in the making of a record of proceedings and kept pursuant to MCR 8.108 *are court records*." Mich. Ct. R. 8.119(F); **ECF No. 2, ¶54.** Defendant Mack, in his official capacity, requires each court to enact a local administrative order controlling how generated and maintained ACRs may be accessed and copies by the public. ***Id*., ¶¶49-50.** In this case, Antrim County Circuit Court Administrative Order 2015-1 and Bay County Probate Court Administrative Order 2014-01J are, in substantive part, identical and being challenged as violating the First Amendment. ***Id*., ¶¶53, 69.** Both LAOs completely ban any public access for inspection or copying of ACRs in any circumstances. ***Id*., ¶59.** As discussed below, Defendants who relied or relies upon the disputed LAOs, as based upon on Model LAO 8, renders their use by Defendants as unlawful under the First Amendment. ***Id*., ¶60.** Neither Antrim County Circuit Court Administrative Order 2015-1, Bay County Probate Court Administrative Order 2014-01J, or Model LAO 8, require or have any specific on-the-record findings demonstrating that closure of public access is essential to preserve higher values and is narrowly tailored to serve that interest under the required test via *Press-Enterprise Co. v. Superior Court of Cal., Riverside Cty.*, 464 U.S. 501, 510 (1984). ***Id*., ¶64.**

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

In June 2018, Plaintiff KOLU STEVENS demanded but was denied access to the ACRs of the trial court proceedings in regards to a case held Antrim County Circuit Court – Family Division captioned as *In re Stevens*, Antrim County Circuit Court – Family Division Case No. 16-7652-NA (hereinafter "*Stevens* Case").[2] ***Id*., ¶40.** Plaintiff KOLU STEVENS is not and never has asked this federal court to adjust, change, alter, or amend any state court judgment related to the *Stevens* Case. See ***id*., ¶69.** After making the request, Defendant WILLIAM M. HEFFERAN, in his official capacity as Antrim County Circuit Court – Family Division Administrator, denied Plaintiff KOLU STEVENS' request on the basis of Antrim County Circuit Court Administrative Order 2015-1. ***Id*., ¶¶42-43; see also ECF No. 2-5.**

The same thing essentially happened to Plaintiffs PATRICK GREENHOE and CLAUDETTE GREENHOE in the Bay County Probate Court. In April 2017, Plaintiffs PATRICK GREENHOE and CLAUDETTE GREENHOE demanded but were denied access to the ACRs of the trial court proceedings in regards to a case held Bay County Probate Court captioned as *In re Estate of John Kuflewsk*i, Bay County Probate Court Case No. 14-49781-DE (hereinafter "*Kuflewski* Case"). **ECF No. 2, ¶40.** Plaintiffs

[2] One area of confusion suffered by Defendant Mack's brief is when the demand for inspection and copying of the ACRs was made. The demand to access the ACRs was done <u>*after*</u> the final, non-appeal resolution of the *Stevens* Case was completed.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

PATRICK GREENHOE and CLAUDETTE GREENHOE are not and never have asked this federal court to adjust, change, alter, or amend any state court judgment related to the *Kuflewski* Case. See ***id*., ¶69.** After making the request, Defendant KIM B. MEAD, in his official capacity Bay County Probate Court Administrator, denied Plaintiffs PATRICK GREENHOE and CLAUDETTE GREENHOE's request on the basis of Bay County Probate Court Administrative Order 2014-01J. ***Id*., ¶¶24-25; see also ECF No. 2-2.**

The sole challenge made in this case is Plaintiffs' respective total denials of access to the ACRs as court records for inspection or copying. None of the relevant proceedings of the *Kuflewski* Case or *Stevens* Case were closed to the public, held in chambers, or placed under seal or under a case-specific protective order. **ECF No. 2, ¶¶36-38.** Both the Bay County Probate Court and the Antrim County Circuit Court – Family Division have the ACRs in their possession due to the requirements of the General Retention Schedules. ***Id*., ¶¶20-39.**

## ARGUMENT

## I.

## Objection to Exhibits

As part of the motion to dismiss under Rule 12(b)(6), Defendant Mack attached six exhibits to his motion. The first two are Michigan Court of

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

Appeals' decisions. The remaining four are non-public letters. A court may only consider, as part of a Rule 12(b)(6) motion, "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint," as well as "documents that a defendant attaches to a motion to dismiss ... if they are [1.] referred to in the plaintiff's complaint and [2.] are central to her claim." *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)

Exhibits 3, 4, 5, and 6 are not a public record, a court order, or an item appearing in the record of the case. They were not attached or referred to in the federal complaint. They are not central to the claim under the First Amendment. Therefore, their filing and references to the same is improper in this motion. The Court is precluded from using the same to decide this motion. A concurrent motion to strike will be filed within this response.

**II.**

***Rooker-Feldman* Doctrine**

The *Rooker-Feldman* doctrine precludes jurisdiction as to cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp v. Saudi Basic Industries Corp*, 544 U.S. 280, 284 (2005). The

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

doctrine's application is narrow. *Id*., at 283.[3] The doctrine is based on two decisions interpreting 28 U.S.C. § 1257(a), *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). It has long been misunderstood. The Supreme Court revisited the doctrine in 2005 in *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005). *Exxon* highly limited the scope of the *Rooker-Feldman* doctrine by explaining a federal court claim is not barred by *Rooker-Feldman* regarding a complaint "of injur[y] caused by [a] state-court judgment[]." *Exxon Mobil, supra*, at 284. A year later, the Sixth Circuit in *McCormick v. Braverman*, 451 F.3d 382 (6th Cir. 2006) confirmed that the pertinent inquiry after *Exxon* is not whether the injury complained of is "inextricably intertwined" [4] with the state-court judgment but what is the "source of the injury" upon which plaintiff bases his federal claim is the state court judgment. *Id*., at 393; see also *Kovacic v. Cuyahoga County Dep't of Children & Family Servs*., 606 F.3d 301, 303 (6th Cir. 2010). In 2011, the Supreme Court again took up the doctrine and followed the Sixth Circuit's lead in applying *Exxon* correctly—a state-court decision is not reviewable by

[3] In the wake of *Exxon*, the Sixth Circuit has tightened the scope of *Rooker-Feldman*. See, e.g., *Coles v. Granville*, 448 F.3d 853, 857 (6th Cir. 2006) ("*Rooker Feldman* is a doctrine with only ***limited*** application." emphasis added).

[4] Previous cases using the "inextricably intertwined" standard have been cast aside.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

lower federal courts, but a statute or rule *governing* the [state court] decision may be challenged in a federal action." *Skinner v. Switzer*, 131 S. Ct. 1289, 1298 (2011). In other words, a plaintiff may challenge the underlying law that served as the basis for the state court judgment.

Plaintiffs here, however, are not challenging a state court judgment or even the underlying law that served as the basis for the state court judgments from the *Kuflewski* Case or *Stevens* Case. In this federal action, Plaintiffs are not at all trying to challenge, set aside, alter, or adjust their final judgments. The source of their pled injury is the administrator-Defendants' adherence to unconstitutional LAOs. They are simply seeking to challenge their denial of access to court records via the use of the LAOs that block such access in violation of the First Amendment (as discussed below). The challenges are to the use of the LAOs, as a form of legislatively-enacted standard. *Alia v Michigan Supreme Court*, 906 F.2d 1100, 1102 (6th. Cir. 1990). Because only the LAO as legislation is being challenged and not the outcome of any particular state court judgment, *Rooker-Feldman* does not apply. Defendant Mack is correct that "this Court lacks jurisdiction to rectify any alleged injury caused by a state court's judgment," but Plaintiffs are not seeking to change or otherwise "rectify" a state court judgment in this case; they merely seeking

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

access to court records being wrongfully blocked by Defendants, and nothing more. See **ECF No. 2, PageID# 53-54, ¶60**.

**III.**

## ***Pullman* and *Younger* Abstention**

Next, Defendant Mack asks this Court to apply the abstention doctrines to decline or delay exercising jurisdiction in this matter. After tersely and puckishly discussing the *Pullman* and *Younger* abstentions, Defendant Mack states that "*Younger* abstention applies here." **ECF No. 13, PageID# 101.** Oddly, he does not then claim that the *Pullman* abstention is at all applicable. **See *id*.** However, neither apply.[5]

As an initial manner, this Court is reminder of its "virtually unflagging obligation" to decide those cases properly before this Court. *Deakins v. Monaghan*, 484 U.S. 193, 203 (1988). "A district court may abstain under the *Younger* doctrine *if three conditions exist*: there are state proceedings that are (1) currently pending; (2) involve an important state interest; and (3) will provide the federal plaintiff with an adequate opportunity to raise his or her constitutional claims." *Nimer v. Litchfield Twp. Bd. of Trustees*, 707 F.3d 699,

[5] Oddly, Defendant Mack asserts that Plaintiffs "have not provided the state with an opportunity to review the administrative orders in question to consider a way that may alleviate any potential constitutional issues." **ECF No. 13, PageID# 101**. He cites no legal authority that requires such an opportunity be given to "the state" before filing a federal action. This appears to be an exhaustion argument. As discussed in Section IV *infra*, the Supreme Court has held that no such exhaustion is required.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

701 (6th Cir. 2013)(emphasis added). The "currently pending" condition requires the existence of some sort of state proceeding "pending on the day the plaintiff files in federal court" known as the "day of filing rule." *Id.* Procedurally, the doctrine's invocation by Defendant Mack fails under *Nimer* as there was not any pending state court proceeding at the time of filing this federal lawsuit. Defendant Mack does even try to fulfill or discuss the remaining *Nimer* elements.

Substantively*, Younger* permits abstention when there is an "ongoing" state criminal prosecution, certain civil enforcement proceedings that are "akin to criminal prosecutions," and civil proceedings involving certain orders that are uniquely in furtherance of the state courts ability to perform their judicial functions such as contempt orders. *Doe v. Univ. of Ky*., 860 F.3d 365, 369 (6th Cir. 2017). Yet, none of the issues from the challenged local administrative orders fit into any of the *Doe* categories. There is no criminal case; there are no proceedings "akin to criminal prosecutions" pending; and there are no contempt proceedings pending either. In fact, there are not any proceedings pending. The doctrine is simply not applicable here.

The request for *Pullman* abstention fairs no better. The doctrine directs that a federal court should abstain from decisions when "difficult and unsettled" questions of state law must be resolved before a substantial

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

federal constitutional question can be decided. *Jones v Coleman*, 848 F.3d 744, 749-750 (6th Cir. 2017). However, "the Supreme Court has 'been particularly reluctant to abstain in cases involving facial challenges based on the First Amendment.'" *Id*., at 750. This current case is such a case. The bottom line, however, requires an inquiry into whether the challenged state law is "fairly subject to an interpretation which will render unnecessary or substantially modify the federal constitutional question." *Id*., at 751. Here, the LAOs, as legislation, are not fairly or even remotely subject to any difficult and unsettled interpretation which will correct their First Amendment shortcoming. They bar access—clearly, unambiguously, and undoubtedly. **ECF No. 2-3; ECF No. 2-6.** Michigan trial courts administrators in their official capacities, in conspiracy with the Michigan State Court Administrative Office, have banned all inspection and all copying of all ACRs, despite Michigan law deeming ACRs expressly as "court records." Mich. Ct. R. 8.119(F). Yet the LAOs fail to pass muster under the *Press-Enterprise* test. See **ECF No. 2-2; ECF No. 2-5.** Because the LAOs have "no limiting construction" at play or available to rendered, "abstention is improper" even if it "has never been interpreted by a state tribunal." *Id*., at 751. Invoking the *Pullman* abstention should be and is easily denied.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

However, to the extent this Court would, for some reason, seek "postponement of its exercise of jurisdiction" under the *Pullman* doctrine, *id.* at 749, the Sixth Circuit has suggested in cases alleging violations of First Amendment rights that this court "should carefully consider certifying an unclear question[6] of state law ***before*** abstaining under *Pullman*." *Id.,* at 754 (emphasis added). Such a procedure is provided by Michigan Court Rule 7.308(A)(2). If the Michigan Supreme Court will not then provide an answer, *Pullman* abstention is wholly inappropriate.

**IV.**

**Exhaustion of State Court Remedies**

Next, Defendant Mack claims the § 1983 claim(s) cannot be brought until Plaintiffs have exhausted their state court remedies. He provided no authority for these assertions that exhaustion of state court remedies is required before bringing a First Amendment claim to this Court pursuant to 42 U.S.C. § 1983. Thusly, the argument is abandoned. *United States v Reyes*, 2010 U.S. Dist. LEXIS 19450, at *13 (WD Mich, Mar. 4, 2010)(MALONEY, J.)(citing *U.S. v. Fox*, 363 Fed. Appx. 375 (6th Cir. Feb. 1, 2010)).

---

[6] However, the law is here is not unclear; Defendants have not asserted otherwise.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

But even if this Court were to review the issue *sua sponte*, it has been long established state court remedy exhaustion is *not* required prior to bringing a non-prisoner § 1983 claim. *Felder v. Casey*, 487 U.S. 131, 147 (1988); *Patsy v. Bd. of Regents for Florida*, 457 U.S. 496, 500-501, 516 (1982)(recounting its *nine* prior decisions that held the same); *Monroe v. Pape*, 365 U.S. 167, 183 (1971)("The federal remedy is supplementary to the state remedy and the latter need not be first sought and refused before the federal one is invoked."); see also *Colorado River Water Cons. Dist. v. U.S.*, 424 U.S. 800, 814-815 (1976)("it was never a doctrine of equity that a federal court should exercise its judicial discretion to dismiss a suit merely because a State court could entertain it."). Exhaustion is only required when Congress requires it; it has not done so for the § 1983 claims raised in this case. *McCarthy v. Madigan*, 503 U.S. 140, 144 (1991); see also *Patsy, supra*, at 515.

## V.

## STANDING

Defendant Mack also argues that Plaintiffs lack standing to assert their First Amendment claim. Plaintiffs demanded access to judicial/court records and were denied for what they allege is unconstitutional prohibition on access. "[T]he ultimate merits of the case have no bearing on the threshold

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

question of standing." *Campbell v. Minneapolis Pub. Hous. Auth.*, 168 F.3d 1069, 1074 (8th Cir. 1999). To have standing to sue, a plaintiff must show injury in fact, causation, and redressability. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103 (1998). Plaintiffs are being denied access to the records they demanded and are entitled to have access to under the First Amendment. They are injured by having a pled invasion of a legally protected interest.[7] The cause of the denial-of-access is the wrongful decision of the Administrator Defendants.[8] *Durham v. Martin*, __ F.3d __; 2018 U.S. App. LEXIS 26858; 2018 WL 4496404 (6th Cir. 2018)(published decision). An order commanding access by the administrators would redress the wrong. *Id*. Standing is clearly met.

[7] "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest.'" *Spokeo, Inc. v. Robins*, 578 U.S. __; 136 S. Ct. 1540, 1548 (2016). As members of the public, Plaintiffs have a First Amendment right to access these records. *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1066 (3d Cir. 1984)("[t]he public's right of access to civil trials and records is as well established as that of criminal proceedings and records."). "A plaintiff whose constitutional rights are violated is entitled to nominal damages even if he suffered no compensable injury." *Slicker v. Jackson*, 215 F.3d 1225, 1231 (11th Cir. 2000).

[8] Various defendants have suggested that suing the injury-inflicting administrators (as oppose to the courts themselves or the chief judges) to challenge the resulting harm from an underlying decision of a governmental body is improper. The Sixth Circuit just recently rejected that argument and held that a plaintiff's alleged injury also could be remedied by ordering the administrators to act in a particular way despite the background governmental body's decision otherwise. *Durham v. Martin*, __ F.3d __; 2018 U.S. App. LEXIS 26858; 2018 WL 4496404 (6th Cir. 2018). This makes sense in a constitutional challenge because the highest duty of a governmental official is to the U.S. Constitution via supremacy and not a particular local policy. *N.N. v. Madison Metro. Sch.*, 670 F.Supp.2d 927, 933 (W.D. Wis. 2009); see also Mich. Const. 1963, art. XI, § 1 (Michigan officials swear oath to support the US Constitution).

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

## VI.

## Complaint Plausibility

Next, Defendant Mack seeks dismissal because "Defendants have not violated the Plaintiff[s'] F[ir]st Amendment rights." **ECF No. 13, PageID# 103**. In considering a Rule 12(b)(6) motion, the Court is directed to construe the pleading in the non-movants' favor and accepts the allegations of facts therein as true. *Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008). The pleader need not have provided "detailed factual allegations" to survive dismissal, but the "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In essence, the pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is *plausible* on its face" and "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, *supra*, at 678-679 (quotations and citation omitted). The standard is "plausibility." The complaint must state a claim that is merely *plausible* on its face, i.e., the court must be able to draw a "reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The issue in reviewing the sufficiency of the complaint is

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

not whether the plaintiff[s] will prevail, but whether the plaintiff[s] [are] entitled to offer evidence to support [their] claims." *Ruiz v. McDonnell*, 299 F.3d 1173, 1182 (10th Cir. 2002). "If everything the plaintiffs allege is true, do those allegations establish an injury that the law redresses? If the answer is yes, the case continues, allowing the plaintiffs to gather evidence that *proves* to [the factfinder], beyond a preponderance of the evidence, that the allegations in their complaint are true." *P.J. v. Utah*, 2006 U.S. Dist. LEXIS 40393; 2006 WL 1702585 (Utah 2006)(emphasis in original).

Here, Plaintiffs demanded access to inspect and copy particular "court records," i.e. the ACRs. The various state court administrators (sued in their official capacities) denied Plaintiffs any access citing the existence of LAOs legislated by their respective political entities. Plaintiffs have pled the records sought are court records and the law banning access to them fails to meet the constitutional minimums imposed by the First Amendment before sealing or closure is authorized. **ECF No. 2, ¶¶54, 64.** The question becomes whether Plaintiffs have plausibly pled a violation of the First Amendment by administrators improperly deferring to illegal LAOs which *totally and completely* ban Plaintiffs' access to court records for inspection and copying.

The key decision Supreme Court decision is *Press-Enter. Co. v. Superior Court*, 464 U.S. 501 (1984), which held for the existence of a First

Amendment right of access to a court record, the voir dire transcript. The Supreme Court set the relevant test in *Press-Enterprise*—

> The presumption of openness may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest. The interest is to be articulated along with findings specific enough that a reviewing court can determine whether the closure order was properly entered.

*Id.*, at 510. If there is a lack of findings, reversal is automatic. *U.S. v. Ochoa-Vasquez*, 428 F.3d 1015, 1030 (11th Cir. 2005)(when denials of access to court records fail to articulate the reason for the closure or the evidence that supported the need for closure, it "do[es] not comply with our First Amendment jurisprudence" under *Press-Enterprise* and invalidation of the same is immediately required). Plaintiffs have expressly pled that there were no findings made that closure of access to the ACRs is essential to preserve some sort of higher values, and the closure methodology selected—a complete ban—is not narrowly tailored to serve that non-articulated interest. **ECF No. 2, ¶64;** see also **ECF No. 2-3** (Bay County Probate Court Administrative Order 2014-01J lacking any required findings); **ECF No. 2-6** (Antrim County Circuit Court Administrative Order 2015-1 lacking any required findings). Plaintiffs have also pled that "[b]y denying access and denying access or copies of the ACRs…, Defendants individually and/or in conspiratorial agreement violated the First Amendment rights of Plaintiffs."

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

**ECF No. 2, ¶66.** Thusly, the LAOs have been pled to violate the *Press-Enterprise* test and by extension the First Amendment.

Our own circuit has spoken clearly on the issue regarding required public accessibility of court records. The flagship case is *Brown & Williamson Tobacco Corp v. FTC*, 710 F.2d 1165 (6th Cir. 1983). In *Brown & Williamson*, the district court closed all public access to certain court records without explanation (like done in this case with the ACRs). While the Sixth Circuit recognized that *Nixon v. Warner Communications, Inc*., 435 U.S. 589 (1978) held "every court has supervisory power over its own records and files," that "supervisory power" or "discretion" to deny access to documents does not, however, imply that courts can "operate without standards." *Brown, supra*, at 1177. "Basic principles have emerged to guide judicial discretion respecting public access to judicial proceedings [and t]hese principles apply as well to the determination of whether to permit access to information contained in court documents…." *Id*. (emphasis added). After further holding that "[t]he public has a strong interest in obtaining the information contained in the court record," the Sixth Circuit vacated the orders of the lower sealing documents from public access. *Id*., at 1181. After all, "[o]nly the most compelling reasons can justify non-disclosure of judicial records." *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983). The proponent of sealing records

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

from the public must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Baxter Int'l, Inc. v. Abbott Labs*., 297 F.3d 544, 548 (7th Cir. 2002).

Courts have opined and uniformly held that the public has a First Amendment right of access to civil proceedings together with their records as well. E.g. *In re Southeastern Milk Antitrust Litigation*, 666 F.Supp.2d 908, 915 (E.D. Tenn. 2009)("There can be no doubt that the public has both a constitutional and a common law presumptive right of access to civil proceedings and judicial records."); *N.Y. Civil Liberties Union v. N.Y. City Transit Auth'y*, 684 F.3d 286, 298 (2d Cir. 2011)("the First Amendment guarantees a qualified right of access not only to criminal but also civil trials and to their related proceedings and records"); *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1067-70 (3d Cir. 1984) ("the public and press possess a First Amendment ... right of access to civil proceedings"); *Rushford v. New Yorker Magazine*, 846 F.2d 249, 253 (4th Cir. 1988) ("We believe that the more rigorous First Amendment standard should also apply to documents filed in connection with a summary judgment motion in a civil case."); *In re Cont'l Ill. Sec. Litig.*, 732 F.2d 1302, 1308 (7th Cir.1984) ("the policy reasons for granting public access to criminal proceedings apply to civil cases as well"). Accordingly, "[t]he public's right of access to civil trials

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

*and records* is as well established as that of criminal proceedings and records." *Publicker*, *supra*, at 1066 (emphasis added). The reason for this rule is to protect the public "against the government's arbitrary interference with access to important information." *N.Y. Civil Liberties, supra*, at 298.

Another case which supports the plausibility of this First Amendment claim raised here is *In re Guantanamo Bay Detainee Litigation*, 630 F.Supp. 2d 1 (D.D.C. 2009) wherein a challenge to the denial of access to court records (i.e. the unclassified factual returns filed in support of habeas proceedings) were sought. In *Guantanamo Bay*, the government sought to bar public access to court documents described as "unclassified factual returns." Certain media outlets intervened claiming the First Amendment "afford the public a qualified right of access to the unclassified factual return." The federal court applied the law advocated by Plaintiffs in this case as to the court records: the *Press-Enterprise* test. *Id.*, at 9. After applying said test and declaring the government's failure to meet it, the Court concluded "that *under the First Amendment* the public has a limited right to access the unclassified factual returns in these habeas proceedings." *Id*., at 12 (emphasis added). Others courts have easily followed this logic for court records. E.g. *U.S. v. Ochoa-Vasquez*, 428 F.3d 1015, 1030-1031 (11th Cir. 2005)(applying *Press-Enterprise* test); *Bond v. Utreras*, 585 F.3d 1061, 1073

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

(7th Cir. 2009); *Doe v. Pub. Citizen*, 749 F.3d 246, 261, 268 (4th Cir. 2014); see also *Nixon v. Warner Communications*, Inc., 435 U.S. 589, 597 & fn.8 (1978) (acknowledging "the existence of a common-law right of access to judicial records" and "[t]his common-law right has been recognized in the courts of the District of Columbia since at least 1894.").[9]

Therefore, the only relevant question currently before this Court is whether Plaintiffs have pled a "plausible" First Amendment claim for access to certain records—deemed to be "court records" under Mich. Ct. R. 8.119(F)—without the LAOs meeting the mandatory standards required by *Press-Enterprise.* The answer is clearly yes. Now "the case continues, allowing the plaintiffs to gather evidence that proves to [the factfinder], beyond a preponderance of the evidence, that the allegations in their complaint are true." *P.J. v. Utah*, 2006 U.S. Dist. LEXIS 40393; 2006 WL 1702585 (Utah 2006). A motion to dismiss is not the time to pre-judge the final merits of a case as "a well-pleaded complaint may proceed even if it strikes a savvy judge… that a recovery is very remote or unlikely." *Twombly, supra*, at 556.

[9] The reason why a First Amendment right of access to records exist is clear. "Public trials play an important role as outlets for 'community concern, hostility, and emotions.'" *Brown & Williamson, supra*, at 1178. "[P]ublic access provides a check on courts." *Id.* "[O]pen trials promote 'true and accurate fact finding.'" *Id.*

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

## VII.

## Qualified Immunity.

Lastly, Defendant Mack claims qualified immunity in this case. **ECF No. 14, PageID# 103-104.** Defendant Mack has been sued solely in his *official* capacity, not his *individual* capacity. **ECF No. 2, PageID# 41, ¶5.** "[Q]ualified immunity… is unavailable to… the official acting in his official capacity." *Everson v. Leis*, 556 F.3d 484, 501 fn.7 (2009)(citing *Hall v. Tollett*, 128 F.3d 418, 430 (6th Cir. 1997)). "[I]ndividuals sued in their *official* capacities stand in the shoes of the entity they represent." *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)); see also *Lewis v. Clark*, 581 U.S. __; 37 S. Ct. 1285, 1292 (2017)("In an official-capacity claim, the relief sought is only nominally against the official and in fact is against the official's office and thus the sovereign itself."). A government entity cannot claim qualified immunity. *Alkire*, *supra*, at 810-811 (citing *Graham*, *supra*, at 167). This has been well established for decades. The demand for qualified immunity is absolutely meritless.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

## RELIEF REQUESTED

WHEREFORE, the Court is requested to exclude any use of Exhibits 3, 4, 5, and 6 and all references to the same; deny the motion; and order Defendant MILTON L. MACK, JR to answer the amended complaint in accordance with Fed.R.Civ.P. 12(a)(4)(A).

Date: September 26, 2018

RESPECTFULLY SUBMITTED:

/s/ Philip L. Ellison
**OUTSIDE LEGAL COUNSEL PLC**
**PHILIP L. ELLISON (P74117)**
Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I, the undersigned attorney of record, hereby certify that on the date stated below, I electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel or parties of record.

Date: September 26, 2018

RESPECTFULLY SUBMITTED:

/s/ Philip L. Ellison

**OUTSIDE LEGAL COUNSEL PLC**
**PHILIP L. ELLISON (P74117)**
Counsel for Plaintiffs

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com