# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN

KOLU STEVENS;
PATRICK GREENHOE; and
CLAUDETTE GREENHOE;
      Plaintiffs,

v.

MILTON L. MACK, JR., in his official
capacity as the Administrator of the
Michigan State Court Administrative
Office; KIM B. MEAD, in his official
capacity as Bay County Probate Court
Administrator; WILLIAM M.
HEFFERAN, in his official capacity as
Antrim County Circuit Court – Family
Division Administrator,
      Defendants

_____/

Case No.: 18-cv-757
Honorable Paul L. Maloney

**RESPONSE**

\*\*\*

**ORAL ARGUMENT
REQUESTED**

\*\*\*

OUTSIDE LEGAL COUNSEL PLC
PHILIP L. ELLISON (P74117)
Attorney for Plaintiffs
PO Box 107
Hemlock, MI 48626
(989) 642-0055
pellison@olcplc.com

AMBER L. DAVIS-JOHNSON
(P52811)
Attorney for Defendant Mead
515 Center Ave., Ste. 402
Bay City, MI 48708
(989) 895-4131
johnsona@baycounty.net

JOSEPH Y. HO (P77390)
MICH DEPT OF ATTORNEY GEN
Attorney for Defendant Mack
PO Box 30736
Lansing, MI 48909
(517) 373-6434
hoj@michigan.gov

GREGORY R. GRANT (P68808)
Cummings McClorey Davis & Acho
Attorneys for Dfs Hefferan/Mead
310 W Front Street, Suite 221
Traverse City, MI 48681-2800
(231) 922-1888
ggrant@cmda-law.com

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

## PLAINTIFFS' OPPOSITION TO DEFENDANT HEFFERAN'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

NOW COMES Plaintiffs KOLU STEVENS, PATRICK GREENHOE, and CLAUDETTE GREENHOE, by counsel, and opposes Defendant WILLIAM M. HEFFERAN's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). For the reasons outlined herein, the Court is requested to preclude any use of or reference to the attached affidavit proffered by Defendant WILLIAM M. HEFFERAN and deny the motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6).

### INTRODUCTION

This case presents an exceptional challenge to the judicial-legislative policies and directives contained in Michigan trial court's local administrative orders ("LAOs")[1] barring public access to inspect and/or copy the audio court recordings ("ACRs") of court proceedings made by court recording devices and/or human 'court recorders' employees. Michigan law deems and concedes such ACRs are, in fact, "court records." Mich. Ct. R. 8.119(F). The administrators (sued solely in their official capacities) are deferring to the disputed LAOs to bar public access to the ACRs for inspection or copying.

---

[1] A court promulgating a rule or issuing administrative order outside of a case, is undertaking legislative activity. *Alia v. Michigan Supreme Court*, 906 F.2d 1100, 1102 (6th Cir. 1990)(collecting cases).

The First Amendment expressly limits judicial discretion in the closing of public access to court records like ACRs. *Brown & Williamson Tobacco Corp v. FTC*, 710 F.2d 1165, 1177 (6th Cir. 1983). The state trial courts of Michigan and their administrators have exceeded those constitutional limitations by not meeting the *Press-Enterprise* test to support such blanket closure of public access. This case seeks a federal remedy to correct that unconstitutional state action. The motion to dismiss should be denied.

## FACTS

Because this matter comes before this Court on a motion to dismiss under Rule 12(b)(6), **ECF No. 16, PageID# 239**, all the allegations in the First Amended Complaint are deemed true and viewed in the light most favorable to Plaintiffs. *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). To support this brief, Plaintiffs rely on and incorporate the detailed facts pled in their First Amended Complaint. **ECF No. 2**. A concise summary is as follows.

In Michigan, many of the state trial-level courts have opted to make digital audio recordings of court proceedings held in their respective courtrooms throughout Michigan. Under Michigan law, the **a**udio "**c**ourt **r**ecordings… [hereinafter "ACRs"] and all other records such as tapes, backup tapes, discs, and any other medium used or created in the making

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

of a record of proceedings and kept pursuant to MCR 8.108 *are court records*." Mich. Ct. R. 8.119(F); **ECF No. 2, ¶54.** Defendant Mack, in his official capacity, requires each court to enact a local administrative order controlling how generated and maintained ACRs may be accessed and copied by the public. *Id.,* **¶¶49-50.** In this case, Antrim County Circuit Court Administrative Order 2015-1 and Bay County Probate Court Administrative Order 2014-01J are, in substantive part, identical and being challenged as violating the First Amendment. *Id.,* **¶¶53, 69.** Both LAOs completely ban any public access for inspection or copying of ACRs under any circumstances. *Id.,* **¶59.** As discussed below, Defendants who relied or relies upon the disputed LAOs, as based upon on Model LAO 8, renders their use by Defendants as unlawful under the First Amendment. *Id.,* **¶60.** Neither Antrim County Circuit Court Administrative Order 2015-1, Bay County Probate Court Administrative Order 2014-01J, or Model LAO 8, require or have any specific on-the-record findings demonstrating that closure of public access is essential to preserve higher values and is narrowly tailored to serve that interest under the required test via *Press-Enterprise Co. v. Superior Court of Cal., Riverside Cty.*, 464 U.S. 501, 510 (1984). *Id.,* **¶64.**

In June 2018, Plaintiff KOLU STEVENS demanded but was denied access to the ACRs of the trial court proceedings in regards to a case held

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

Antrim County Circuit Court – Family Division captioned as *In re Stevens*, Antrim County Circuit Court – Family Division Case No. 16-7652-NA (hereinafter "*Stevens* Case").[2] ***Id., ¶40.*** Plaintiff KOLU STEVENS is not and never has asked this federal court to adjust, change, alter, or amend any state court judgment related to the *Stevens* Case. See ***id., ¶69.*** After making the request, Defendant WILLIAM M. HEFFERAN, in his official capacity as Antrim County Circuit Court – Family Division Administrator, denied Plaintiff KOLU STEVENS' request on the basis of Antrim County Circuit Court Administrative Order 2015-1. ***Id., ¶¶42-43; see also ECF No. 2-5.*** The same thing essentially happened to Plaintiffs PATRICK GREENHOE and CLAUDETTE GREENHOE in the Bay County Probate Court in the *Kuflewski* Case, though Defendant Hefferan is not involved with that part for the instant federal action. **ECF No. 2, ¶¶24-25.**

Plaintiffs further allege that local administrative orders for "access, inspection, reproduction, and creation of records" are controlled by the standards set forth by the Michigan State Court Administrative Office ("SCAO"). **ECF No. 2, ¶52.** SCAO is essentially sued here vis-à-vis Defendant Mack in his official capacity.

---

[2] One area of confusion suffered by Defendant Mack's brief is when the demand for inspection and copying of the ACRs was made. The demand to access the ACRs was done *after* the final, non-appeal resolution of the *Stevens* Case was completed.

The sole challenge made in this case is Plaintiffs' respective total denials of access to the ACRs as court records for inspection or copying. None of the relevant proceedings of the *Kuflewski* Case or *Stevens* Case were closed to the public, held in chambers, or placed under seal or under a case-specific protective order. **ECF No. 2, ¶¶36-38.** Both the Bay County Probate Court and the Antrim County Circuit Court – Family Division have the ACRs in their possession due to the requirements of the General Retention Schedules. *Id.*, **¶¶20, 39.**

## ARGUMENT

## I.

### Objection to Affidavit

As part of the motion to dismiss under Rule 12(b)(6), Defendant Hefferan attached his affidavit to his motion. **ECF No. 16-1**. A court may only consider, as part of a Rule 12(b)(6) motion, "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint," as well as "documents that a defendant attaches to a motion to dismiss ... if they are [1.] referred to in the plaintiff's complaint and [2.] are central to her claim." *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001). Affidavits do not meet the *Amini* standard and are prohibited in a Rule 12(b)(6) challenge. See *Fredrick v. Simmons Airlines, Inc.*, 144 F.3d 500,

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

504 (7th Cir. 1998) ("Affidavits are not properly considered in deciding upon a motion under Rule 12(b)(6)."). The Court is requested to exclude from using the same to decide this motion. See Fed.R.Civ.P. 12(d).

## III.

### *Younger* Abstention

Plaintiffs and Defendant Hefferan agree that "federal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress" as confirmed by *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996). Congress has provided a robust statutory vehicle to summon state actors into *federal* court and have this Court halt their actions when undertaken in violation of the U.S. Constitution. 42 U.S.C. § 1983. Yet, Defendant Hefferan first asks this Court to apply the *Younger* abstention doctrine to the pled § 1983 claim. **ECF No. 16, PageID# 241**. However, the doctrine does not apply in this case. This Court has a "virtually unflagging obligation" to decide those cases properly before it. *Deakins v. Monaghan*, 484 U.S. 193, 203 (1988). "A district court may abstain under the *Younger* doctrine *if three conditions exist*: there are state proceedings that are (1) currently pending; (2) involve an important state interest; and (3) will provide the federal plaintiff with an adequate opportunity to raise his or her constitutional claims." *Nimer v. Litchfield Twp. Bd. of Trustees*, 707 F.3d 699,

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

701 (6th Cir. 2013)(emphasis added). The "currently pending" condition requires the existence of some sort of state proceeding "pending on the day the plaintiff files in federal court" known as the "day of filing rule." *Id.* Procedurally, the doctrine's invocation by Defendant Hefferan fails under *Nimer* as there was not any pending state court proceeding at the time of filing this federal lawsuit.[3]

Moreover, Defendant Hefferan also fails to explain how this First Amendment challenge involves an important state interest when the challenge is made under the federal Constitution and federal law (vis-à-vis a 42 U.S.C. § 1983 action). He also fails to explain where Plaintiffs could have brought their constitutional claims in state court in light of a claimed heightened state over federal interests.[4]

Substantively*, Younger* permits abstention when there is an "ongoing" state criminal prosecution, certain civil enforcement proceedings that are "akin to criminal prosecutions," and civil proceedings involving certain orders

---

[3] Defendant Hefferan's brief states that the *Stevens* Case "could still" be on appeal. **ECF No. 16, PageID# 242.** As the party seeking Rule 12(b)(6) relief, he has the burden of "showing no claim has been stated." *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3rd Cir. 1991). "Coulds" do not meet the burden. However, there is no matter pending as to the *Stevens* Case as the appeal was denied. *In re Stevens*, 2018 Mich. App. LEXIS 580; 2018 WL 1345415 (2018). The time frame to appeal to the Michigan Supreme Court has passed. Mich. Ct. R. 7.305(C)(2).

[4] When the Greenhoe Plaintiffs previously tried to bring the action in state court, the trial court claim concluded it lacked subject matter jurisdiction. **ECF No. 1-9.**

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

that are uniquely in furtherance of the state courts ability to perform their judicial functions such as contempt orders. *Doe v. Univ. of Ky.*, 860 F.3d 365, 369 (6th Cir. 2017). Defendant Hefferan claims the latter two are types are implicated by this case. However, there is no ongoing state court or administrative case, proceeding, or hearing pending which is "akin to [a] criminal prosecution" or are specialty civil proceedings warranting *Younger* relief. The doctrine is simply not applicable here and it in unclear why Defendant Hefferan thinks it does given *Nimer*'s conditional requirements and *Doe*'s limited types of state proceedings which need to be then-pending at the time of the federal filing to seek the invocation of *Younger* relief.

### III.

### Standing

Next, Defendant Hefferan claims Plaintiffs lack standing.[5] He is correct that Plaintiffs bear the burden of showing standing as existing. However, Defendant Hefferan is misframing Plaintiffs' actual pled case. To have standing to sue, a plaintiff must show injury-in-fact, causation, and redressability. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103

---

[5] Properly, a motion to dismiss for standing is properly challenged under Rule 12(b)(1), not Rule 12(b)(6). *Lyshe v. Levy*, 854 F.3d 855, 857 (6th Cir. 2017)("Whether a party has standing is an issue of the court's subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)."). Because Defendant Hefferan did not make his motion under Rule 12(b)(1), his Rule 12(b)(6) motion on standing should be automatically denied.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

(1998). "[T]he ultimate merits of the case have no bearing on the threshold question of standing." *Campbell v. Minneapolis Pub. Hous. Auth.*, 168 F.3d 1069, 1074 (8th Cir. 1999).

To prove standing, Plaintiffs' complaint outlines that they demanded access to judicial/court records and were denied for what they allege is unconstitutional prohibition on access. **ECF No. 2.** Plaintiffs are being denied access to the court records they claim they are entitled to have access to under the First Amendment. They are injured by having a pled an invasion of a legally protected interest by denial of the First Amendment rights.[6] The denial of access is being caused by the wrongful decision of the Defendants which violate the First Amendment.[7] A plaintiff can sue official-capacity

---

[6] "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest.'" *Spokeo, Inc. v. Robins*, 578 U.S. __; 136 S. Ct. 1540, 1548 (2016). As members of the public, Plaintiffs have a First Amendment right to access these records. *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1066 (3d Cir. 1984)("[t]he public's right of access to civil trials _and records_ is as well established as that of criminal proceedings and records."). "A plaintiff whose constitutional rights are violated is entitled to nominal damages even if he suffered no compensable injury." *Slicker v. Jackson*, 215 F.3d 1225, 1231 (11th Cir. 2000).

[7] Various defendants have suggested that suing the injury-inflicting administrators (as oppose to the courts themselves or the chief judges) to challenge the resulting harm from an underlying decision of a governmental body is improper. The Sixth Circuit just recently rejected that argument and held that a plaintiff's alleged injury also could be remedied by ordering the administrators to act in a particular way despite the background governmental body's decision otherwise. *Durham v. Martin*, __ F.3d __; 2018 U.S. App. LEXIS 26858; 2018 WL 4496404 (6th Cir. 2018). This makes sense in a constitutional challenge because the highest duty of a governmental official is to the U.S. Constitution via supremacy and not a particular local policy. *N.N. v. Madison Metro. Sch.*, 670 F.Supp.2d 927, 933 (W.D. Wis. 2009); see also Mich. Const. 1963, art. XI, § 1 (Michigan officials swear oath to support the US Constitution).

administrators effectuating the governmental decisions of their larger political bodies. *Durham v. Martin*, __ F.3d __; 2018 U.S. App. LEXIS 26858; 2018 WL 4496404 (6th Cir. 2018)(copy attached). An order commanding access by the administrators would redress the wrong, thereby fulfilling redressability. *Id*. Standing is clearly met.

Defendant Hefferan is confusing his belief that he has no authority alter the LAOs as being the same thing as Plaintiffs lacking standing. His assertion is a merits question, not a standing question. Standing and the merits are two separate inquiries. In evaluating standing, "the court must be careful not to decide the question on the merits for or against the plaintiff, and must therefore assume that on the merits the plaintiffs would be successful in their claims." *Cooksey v. Futrell*, 721 F.3d 226, 239 (4th Cir. 2013) (quoting *City of Waukesha v. EPA*, 320 F.3d 228, 235 (D.C. Cir. 2003)); see also *Parker v. District of Columbia*, 478 F.3d 370, 377 (D.C. Cir. 2007). Defendant Hefferan has failed to heed this rule. In essence, the question of standing is whether this litigant is entitled to have the court decide the merits of the dispute or of particular issues. *Allen v. Wright*, 468 U.S. 737, 750-751 (1984) (quoting *Warth v. Seldin*, 422 U.S. 490, 498 (1975)). Whether or not Plaintiffs ultimately win their case on the merits is another matter. Thusly, Plaintiffs' allegations easily fulfill the standing obligations.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

In the past, there has been a question of when a public body takes a unconstitutional act and its administrators carry forward that wrong, who does the plaintiff have standing to sue? About a week ago, the Sixth Circuit put that issue to rest in *Durham v. Martin*, __ F.3d __; 2018 U.S. App. LEXIS 26858; 2018 WL 4496404 (6th Cir. 2018)(published decision).[8] Durham, a Tennessee state legislator, alleged his expulsion from state House of Representatives deprived him of federal due process. That expulsion then resulted in Tennessee officials automatically denying him certain retirement and healthcare benefits because he was no longer part of the state legislature. When Durham sued those administrators for denying him his particular benefits, the administrators sought and federal district court granted dismissal of the complaint theorizing that "the complaint alleged that the denial of his benefits was caused by the legislature's expelling him, rather than by any act by the administrators." The Sixth Circuit reversed. It held that "Durham had standing to sue the administrators because his injury that he seeks to remedy is fairly traceable to the administrators' conduct. Simply put, Durham alleges that he is not receiving benefits that the administrators should pay. That is sufficient to show standing..." The *Durham* panel concluded that—

---

[8] A copy of *Durham* is attached for the court's convenience given its newness.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

> Even if it is true that the legislature's expulsion was the ultimate reason why Durham lost his benefits, it was still the administrators who denied those benefits to Durham. That they denied the benefits because of Durham's expulsion does not change the fact that they were the state actors whose conduct resulted in the injury—denial of benefits—alleged in the complaint.

The same thing is being tried by this court administrator as was tried by the Tennessee legislative administrators, and *Durham* renders the standing argument meritless. The injury Plaintiffs seek to remedy is similarly traceable to Defendant Hefferan's conduct of denying access to the ACRs just like the Tennessee officials denying benefits, even if the basis for that action was the underlying unconstitutional actions of the public body for whom the administrators serve.

### IV.

### Exhaustion of State Remedies

Next, Defendant Hefferan (like Defendant Mack) claims the § 1983 claim(s) cannot be brought until Plaintiffs have exhausted their state court or administrative remedies. Like Defendant Mack, he also provided no legal authority for these assertions that such exhaustion is required before bringing a First Amendment claim to this Court pursuant to 42 U.S.C. § 1983. **ECF No. 16, PageID# 244.** Thusly, the argument is abandoned. *United States v Reyes*, 2010 U.S. Dist. LEXIS 19450, at *13 (WD Mich, Mar. 4, 2010)(MALONEY, J.)(citing *U.S. v. Fox*, 363 Fed. Appx. 375 (6th Cir. Feb. 1,

2010)). However, it has been long established state remedy exhaustion is _not_ required prior to bringing a non-prisoner § 1983 claim. *Felder v. Casey*, 487 U.S. 131, 147 (1988); *Patsy v. Bd. of Regents for Florida*, 457 U.S. 496, 500-501, 516 (1982)(recounting its _nine_ prior decisions that held the same); *Monroe v. Pape*, 365 U.S. 167, 183 (1971)("The federal remedy is supplementary to the state remedy and the latter need not be first sought and refused before the federal one is invoked."); see also *Colorado River Water Cons. Dist. v. U.S.*, 424 U.S. 800, 814-815 (1976)("it was never a doctrine of equity that a federal court should exercise its judicial discretion to dismiss a suit merely because a State court could entertain it."). Exhaustion is only required when Congress requires it; it has not done so for the § 1983 claims raised in this case. *McCarthy v. Madigan*, 503 U.S. 140, 144 (1991); see also *Patsy, supra*, at 515.

### V.

### The Michigan Constitution

The next argument of Defendant Hefferan is odd. He argues "that the exclusive jurisdiction for a claim [for superintending control] rests solely with the Michigan Supreme Court" and thus this federal court case must be dismissed. **ECF No. 16, PageID# 245.** First, the obvious—we are in federal, not state, court. Second, Plaintiffs have not sought a writ of superintending

control. See **ECF No. 2, ¶69**. Plaintiffs have brought an official capacity claim

against three administrators in their official capacities for violations the First

Amendment. Section 1983 provides a cause of action when any person

"under color of any statute, ordinance, regulation, custom, or usage" subjects

(or causes to be subjected) any citizen of the United States "to the

deprivation of any rights, privileges, or immunities secured by the

Constitution." 42 U.S.C. § 1983. He or she shall be liable to the party injured

in an action at law, suit in equity, or other proper proceeding for redress. *Id.*

This "federal remedy is supplementary to the state remedy and the latter

need not be first sought and refused before the federal one is invoked."

*Monroe, supra,* at 183. So while Plaintiffs arguendo might have had a state

court process they could have invoked, this federal § 1983 remedy stands

ready to provide a "proper proceeding for redress." And "a federal court may,

without violating the Eleventh Amendment, issue a prospective injunction

against a state officer to end a continuing violation of federal law. *Price v.*

*Medicaid Director*, 838 F.3d 739, 746-747 (6th Cir. 2016)(citing *Ex Parte*

*Young*, 209 U.S. 123, 159 (1908)).

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

# VI.

## *Rooker-Feldman* Doctrine

Next, Defendant Hefferan invokes *Rooker-Feldman*. The *Rooker-Feldman* doctrine precludes jurisdiction as to cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp v. Saudi Basic Industries Corp*, 544 U.S. 280, 284 (2005). The doctrine's application is narrow. *Id.*, at 283.[9] The doctrine is based on two decisions interpreting 28 U.S.C. § 1257(a), *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). It has long been misunderstood. The Supreme Court revisited the doctrine in 2005 in *Exxon*. The Supreme Court in *Exxon* highly limited the ability of party-defendants' ability to invoke *Rooker-Feldman* to preclude federal jurisdiction over claims.  A year later, the Sixth Circuit in *McCormick v. Braverman*, 451 F.3d 382 (6th Cir. 2006) confirmed that the pertinent inquiry after *Exxon* is what is the "source of the injury" upon which plaintiff bases his federal claim is the state court judgment. *Id.*, at 393; see also *Kovacic v. Cuyahoga County*

---

[9] In the wake of *Exxon*, the Sixth Circuit has tightened the scope of *Rooker-Feldman*. See, e.g., *Coles v. Granville*, 448 F.3d 853, 857 (6th Cir. 2006) ("*Rooker Feldman* is a doctrine with only <u>*limited*</u> application." emphasis added).

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

*Dep't of Children & Family Servs.*, 606 F.3d 301, 303 (6th Cir. 2010). That source of injury here (via the First Amendment) in not the final judgments in the *Kuflewski* or *Stevens* Cases, but rather the LAOs issued when none of the Plaintiffs were a party or under the personal jurisdiction of the Bay County Probate or Antrim County Circuit Courts when their respective (and identically worded) LAOS were issued. **ECF No. 2, ¶¶26, 45.** In 2011, the Supreme Court again took up the doctrine and followed the Sixth Circuit's lead in applying *Exxon* correctly—a state-court decision is not reviewable by lower federal courts, but a statute or rule *governing* the [state court] decision may be challenged in a federal action." *Skinner v. Switzer*, 131 S. Ct. 1289, 1298 (2011). In other words, a plaintiff may challenge the underlying law that served as the basis for the state court judgment.

Poignantly, Plaintiffs here are not actually challenging a state court judgment or even the underlying law that served as the basis for the state court judgments from the *Kuflewski* or *Stevens* Cases. In this federal action, Plaintiffs are not at all trying to challenge, set aside, alter, or adjust their final judgments. The source of their pled injury is the Defendants' unconstitutional denial of access to court records by adherence to and/or creation of unconstitutional LAOs. Plaintiffs are simply seeking to challenge their denial of access to court records via the use of the LAOs that block such access in

violation of the First Amendment. The challenges are to the formulation and use of the LAOs, as a form of legislatively-enacted standard. *Alia v Michigan Supreme Court*, 906 F.2d 1100, 1102 (6th. Cir. 1990). This court case, contrary to Defendant Hefferan's inaccurate assertions, is not sought to be engaging in any appellate review of state court findings. Because only the LAO as legislation is being challenged and not the outcome of any particular state court judgment, *Rooker-Feldman* does not apply.

## VII.

## Pleading Requirements

Next, Defendant Hefferan argues the case should be dismissed because the complaint "does not describe with any specificity which transcripts allegedly have errors or misrepresentations." **ECF No. 16, PageID# 247.** That is not the federal claim pled by Plaintiffs in their First Amended Complaint. Plaintiffs are not asking this Court to determine whether the state court transcripts are correct or not. **ECF No. 2, ¶69.** Plaintiffs are instead challenging the denial of their access to self-professed court records, the ACRs. The reasons why the Defendants are not providing access for inspection or copying is due to LAOs which block access in an unconstitutional manner under the First Amendment. Because Plaintiffs are not seeking to have this Court make any determination about what

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

Defendant Hefferan calls "errors or misrepresentations" in the transcripts, there is no need to plead them, let alone to a level of specificity. This case is not about transcripts, but rather about denial of access to the ACRs as court records. But even Defendant Hefferan believed this case was about transcripts, there is a process to make that challenge for vague and non-understandable pleadings—a motion for a more definite statement under Fed.R.Civ.P. 12(e). He has not sought to invoke it by this motion. **ECF No. 16, PageID#230-231**.

## VIII.

## Qualified Immunity

Lastly, Defendant Hefferan claims qualified immunity in this case. **ECF No. 16, PageID# 248-249.** Defendant Hefferan is right about one thing— "when a defendant raises a defense of qualified immunity, the plaintiff bears the burden of demonstrating that the defendant is not entitled to qualified immunity." *Livermore ex rel. Rohm v. Lubelan*, 476 F.3d 397,403 (6th Cir. 2007). Plaintiffs respond easily and very simply. Defendant Hefferan is not entitled to qualified immunity because this is an *official capacity* case against Defendant Hefferan, **ECF No. 2, PageID# 42, ¶7,** and it is clearly established that "public officials may not assert qualified immunity as a shield in their official capacities." *Benison v. Ross*, 765 F.3d 649, 665 (6th Cir. 2014) (citing

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

*Kentucky v. Graham*, 473 U.S. 159, 166-167 (1985) ("qualified immunity [is] not available to government officials defending against suit in their official capacities"). Stated another way, qualified immunity is a personal defense that applies only to government officials sued in their *individual* capacities. *Everson v. Leis*, 556 F.3d 484, 501 fn.7 (6th Cir. 2009)(emphasis added).[10] The claim of qualified immunity fails.

## RELIEF REQUESTED

WHEREFORE, the Court is requested to exclude any use of the offending affidavit attached as **ECF No. 16-1** and all references to the same; deny the motion; and order Defendant WILLIAM M. HEFFERAN to answer the amended complaint in accordance with Fed.R.Civ.P. 12(a)(4)(A).

Date: September 27, 2018             RESPECTFULLY SUBMITTED:

/s/ Philip L. Ellison
**OUTSIDE LEGAL COUNSEL PLC**
**PHILIP L. ELLISON (P74117)**
Counsel for Plaintiffs

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

---

[10] Because the nature of the argument by Defendant Hefferan is that he is entitled to qualified immunity, this briefing suffices to address that improper assertion. For the argument how First Amendment jurisprudence applies to show a violation of established First Amendment rights, see **ECF No. 22, PageID# 290-296**.

**CERTIFICATE OF SERVICE**

I, the undersigned attorney of record, hereby certify that on the date stated below, I electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel or parties of record.

Date: September 27, 2018

RESPECTFULLY SUBMITTED:

/s/ Philip L. Ellison
**OUTSIDE LEGAL COUNSEL PLC**
**PHILIP L. ELLISON (P74117)**
Counsel for Plaintiffs

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com