# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN

KOLU STEVENS;
PATRICK GREENHOE; and
CLAUDETTE GREENHOE;
    Plaintiffs,

v.

MILTON L. MACK, JR., in his official capacity as the Administrator of the Michigan State Court Administrative Office; KIM B. MEAD, in his official capacity as Bay County Probate Court Administrator; WILLIAM M. HEFFERAN, in his official capacity as Antrim County Circuit Court – Family Division Administrator,
    Defendants
_____/

Case No.: 18-cv-757
Honorable Paul L. Maloney

**RESPONSE**

\*\*\*

**ORAL ARGUMENT REQUESTED**

\*\*\*

OUTSIDE LEGAL COUNSEL PLC
PHILIP L. ELLISON (P74117)
Attorney for Plaintiffs
PO Box 107
Hemlock, MI 48626
(989) 642-0055
pellison@olcplc.com

AMBER L. DAVIS-JOHNSON (P52811)
Attorney for Defendant Mead
515 Center Ave., Ste. 402
Bay City, MI 48708
(989) 895-4131
johnsona@baycounty.net

JOSEPH Y. HO (P77390)
MICH DEPT OF ATTORNEY GEN
Attorney for Defendant Mack
PO Box 30736
Lansing, MI 48909
(517) 373-6434
hoj@michigan.gov

GREGORY R. GRANT (P68808)
Cummings McClorey Davis & Acho
Attorneys for Dfs Hefferan/Mead
310 W Front Street, Suite 221
Traverse City, MI 48681-2800
(231) 922-1888
ggrant@cmda-law.com

1

### PLAINTIFFS' OPPOSITION TO DEFENDANT MEAD'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

NOW COMES Plaintiffs KOLU STEVENS, PATRICK GREENHOE, and CLAUDETTE GREENHOE, by counsel, and opposes Defendant KIM B. MEAD's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). Except for attaching additional exhibits to the motion, the actual arguments of Defendant Mead are identical (and equally erroneous) to those asserted by Defendant WILLIAM M. HEFFERAN in **ECF No. 16**. Plaintiffs do not wish to overload the court record with the same responses to the *exact same* arguments. To respond to Defendant Mead's arguments in **ECF No. 14**, Plaintiffs incorporate by reference their response to Defendant Hefferan's motion to dismiss filed on the docket as **ECF No. 23**. There is no sense in reinventing the wheel when it was already invented.

That being said, Plaintiffs do wish to raise an important additional challenge to the facts section within Defendant Mead's brief because he has opted to utilize a disturbing litigation trend of defense attorneys to improperly 'jam the record' with and then reference documents/evidence not allowed to be considered by the procedural rules with the hopes the Court (and their brother/sister counsel) will not notice the impropriety.

For the reasons and analysis outlined in **ECF No. 23** and the argument herein, the Court is requested to preclude any use of or reference to the

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

attached Exhibits A through F proffered by Defendant KIM B. MEAD and deny the motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6).

## STUFFING THE RECORD

Defendant Mead filed a motion to dismiss under Rule 12(b)(6), not a motion for summary judgment under Rule 56. The response required of Plaintiffs as to the respective motions is vastly different.

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). No genuine dispute of material fact exists when the court, looking at the record "as a whole," cannot conclude that a rational trier of fact could find for the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Under a Rule 56 motion, the Court answers a completely different question than presented under Rule 12(b)(6); the court evaluates "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-252 (1986). We must draw all reasonable inferences in favor of the nonmoving party in conducting the motion's review. *Burgess v. Fischer*, 735 F.3d 462, 471 (6th Cir. 2013). In this case, discovery has not even started and "summary judgment is ordinarily inappropriate before

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

3

discovery is complete." *McWay v. LaHood*, 269 F.R.D. 35, 36 (D.D.C. 2010). While Rule 56 allows a party to move for summary judgment before discovery is complete, such a motion is successful "only in the rarest of cases" because "the nonmoving party must have had the opportunity to discover information that is essential to its opposition to the motion for summary judgment." *Great Wall De Venezuela C.A. v. Interaudi Bank*, 117 F.Supp.3d 474, 492-493 (S.D.N.Y. 2015).

Under a Rule 12(b)(6) motion, however, the Court must deem all the allegations in the complaint as true and view the facts in the light most favorable to plaintiff. *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). The judge must treat the allegations as true even if "doubtful in fact." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This type of motion does not allow for a challenge to deemed-true facts, but rather challenges whether relief sought is 'plausible' under allegations pled by the plaintiff. The complaint must state a claim that is merely _plausible_ on its face, i.e., the court must be able to draw a "reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The issue in reviewing the sufficiency of the complaint is not whether the plaintiff[s] will prevail, but whether the plaintiff is entitled to offer evidence to support his claims." *Ruiz v. McDonnell*, 299 F.3d 1173, 1182 (10th Cir. 2002).

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

4

The Court then answers that "[i]f everything the plaintiffs allege is true, do those allegations establish an injury that the law redresses? If the answer is yes, the case continues, allowing the plaintiffs to gather evidence that *proves* to [the factfinder], beyond a preponderance of the evidence, that the allegations in their complaint are true." *P.J. v. Utah*, 2006 U.S. Dist. LEXIS 40393; 2006 WL 1702585 (Utah 2006)(emphasis in original); see also *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002).

When reviewing a Rule 12(b)(6), a court may only consider "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint," as well as "documents that a defendant attaches to a motion to dismiss ... if they are [1.] referred to in the plaintiff's complaint and [2.] are central to her claim." *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001). Obviously, affidavits do not meet the *Amini* standard and are prohibited in a Rule 12(b)(6) challenge. See *Fredrick v. Simmons Airlines, Inc.*, 144 F.3d 500, 504 (7th Cir. 1998) ("Affidavits are not properly considered in deciding upon a motion under Rule 12(b)(6).").

In recent years, the undersigned has noticed a trend with defense attorneys who decide to file a Rule 12(b)(6) motion in lieu of answer (and by extension, before discovery has even been started). They attach a bunch of documents, evidence, or website printouts as exhibits which were not

5

attached to or referred to in the complaint. The problem, due to the presence of exhibits attached to Defendant Mead's briefing, is whether this Court can even look to them. And beyond looking, can it even consider them? The answer is almost always no, but defense attorneys do it anyways. This is wrong, unfair, and violates the Rule 12(b)(6) standards. It is pure litigation gamesmanship to taint the Court's understanding of a plaintiff's pled case but unanswered case.

An excellent discussion of the problem was discussed by Judge Guilford from the Federal District Court in the Central District of California via his opinion in *Hsu v. Puma Biotechnology, Inc.*, 213 F.Supp.3d 1275 (C.D. Cal. 2016). *Hsu* was a securities fraud case where investors alleged a pharma-company and its executives (the "Company") were alleged to have made false or misleading statements. The Company filed a motion to dismiss pursuant to Rule 12(b)(6) in lieu of answer, just as was done in our case. After reciting the same standards outlined above, Judge Guilford asked a great question: beyond the allegations in the complaint, "what else the Court can consider in its analysis of the Motion to Dismiss" vis-à-vis Rule 12(b)(6)? Naturally, the Company attached more than a dozen exhibits not attached or directly referenced in the *Hsu* complaint. Judge Guilford's well-reasoned thoughts are as follows (with some highlighting by the undersigned):

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

The Court has accordingly accepted all the facts alleged in the complaint as true. But there are remaining questions about what else the Court can consider in its analysis of the Motion to Dismiss.

Typically, a court can only consider what's in the complaint when it is deciding a Rule 12(b)(6) motion to dismiss a complaint. See *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). And typically, if a court considers more than what's in the complaint, the motion gets converted into a Federal Rule of Civil Procedure 56 ("Rule 56") motion for summary judgment. See Fed. R. Civ. P. 12(d). **This conversion can muddy the analysis for clients, counsel, and courts alike, by implicating rules and requirements that don't otherwise apply to motions to dismiss.** See, e.g., L.R. 56-1 (requiring that a party moving for summary judgment file a separate "Statement of Uncontroverted Facts and Conclusions of Law"); see also *Kramer v. Time Warner Inc.*, 937 F.2d 767, 773 (2d Cir. 1991) ("If a district court wishes to consider additional material, Rule 12(b) requires it to treat the motion as one for summary judgment under Rule 56, giving the party opposing the motion notice and an opportunity to conduct necessary discovery and to submit pertinent material.").

But there are a couple of doctrines that allow a court to consider material outside of the complaint without turning a Rule 12(b)(6) motion to dismiss into a Rule 56 motion for summary judgment: judicial notice and incorporation by reference. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); see also *In re Rigel Pham., Inc. Sec. Litig.*, 697 F.3d at 876 (holding that a court deciding a motion to dismiss for failure to state a claim is "generally limited to the face of the complaint, materials incorporated into the complaint by reference, and matters of which [the court] may take judicial notice").

3.1 Judicial Notice
First, judicial notice. Judicial notice is an explicitly limited doctrine that's supposed to be used to allow a court to consider "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. For example, a court might take judicial notice that January 4, 1986, was a Saturday, or that a party filed a brief opposing a motion in a state court case, or that a particular

7

document was recorded with the county recorder's office. See *Lee*, 250 F.3d at 690 (discussing judicial notice of undisputed matters of public record); see also *Daubert v. Merrell Dow Pham., Inc.*, 509 U.S. 579, 592 n.11, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993) (discussing judicial notice of "firmly established" scientific laws); *Barnes v. Indep. Auto. Dealers Ass'n of Cal. Health & Welfare Benefit Plan*, 64 F.3d 1389, 1395 (9th Cir. 1995) (discussing judicial notice of "[w]ell-known medical facts").

Judicial notice functions like an evidentiary exception in two different ways. First, judicial notice can be a substitute for the presentation of evidence. As a general rule, a party asserting a fact bears the burden of proving that fact with evidence. But judicial notice lets a party skip this production (and the accompanying authentication) for certain facts. See *Castillo-Villagra v. INS*, 972 F.2d 1017, 1026 (9th Cir. 1992) ("Notice is a way to establish the existence of facts without evidence."). Second, as noted, judicial notice can be a workaround for the exclusion of evidence. As a general rule, parties can't present (and courts can't consider) evidence outside of the complaint when deciding a Rule 12(b)(6) motion to dismiss. See *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1989). But "[f]acts subject to judicial notice may be considered on a motion to dismiss." *Maiman v. Talbott*, No. SACV 09-0012 AG (ANx), 2011 WL 13065750, at *2 (C.D. Cal. Aug. 29, 2011) (citing *Mullis v. U.S. Bankr. Ct.*, 828 F.2d 1385 (9th Cir. 1987)).

**Unfortunately, too many attorneys don't understand judicial notice.** Some take judicial notice literally, as a command. "Hey! Judge! Look!" They use judicial notice to get a court's attention like a businessman who's running late and trying to whistle down a taxi on a crowded downtown street. But courts aren't cabbies, and judicial notice isn't appropriately used this way. Other attorneys ask courts to judicially notice things that don't need to be judicially noticed, like a controlling piece of law. Or attorneys ask courts to judicially notice things that aren't appropriate for judicial notice, like emails between the parties' counsel. All of these misuses misconstrue the narrow doctrine.

3.2 Incorporation by Reference
There's also the doctrine of incorporation by reference. As this Court has previously noted, "[a]lthough often conflated, the doctrine of

8

incorporation by reference is distinct from judicial notice." *Gammel v. Hewlett-Packard Co.*, 905 F.Supp.2d 1052, 1061 (C.D. Cal. 2012). Further confusing things, different courts and counsel use "incorporation by reference" to encompass at least three different approaches to extrinsic evidence.

In its most limited and literal form, incorporation by reference allows a court deciding a Rule 12(b)(6) motion to dismiss to consider materials attached to the complaint that are referenced in the complaint. *Hal Roach Studios*, 896 F.2d at 1555 n.19. This application of the doctrine echoes Federal Rule of Civil Procedure 10, which states in relevant part that "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c).

Incorporation by reference has also been used to allow a court deciding a Rule 12(b)(6) motion to dismiss to consider a document that isn't attached to the complaint if the complaint "necessarily relies" on it and "(1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez,* 450 F.3d 445, 448 (9th Cir. 2006). The Ninth Circuit has suggested the complaint must refer to the document "extensively." *Ritchie*, 342 F.3d at 908.

In its most expansive form, incorporation by reference has been used to get a court considering a Rule 12(b)(6) motion to dismiss to consider materials that are neither attached to nor mentioned in the complaint. Specifically, the Ninth Circuit has extended the "incorporation by reference" doctrine to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint. *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). In this way, the incorporation by reference doctrine has become the incorporation without reference doctrine.

3.3 The Impact on Access to Justice
This last interpretation of the incorporation by reference doctrine and the incorrect use of judicial notice merit more discussion. Although these are two distinct doctrines with different legal requirements, they

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

9

both can be used to get a court to consider extrinsic evidence on a Rule 12(b)(6) motion to dismiss. For a plaintiff, this consideration can mean having the courthouse doors slammed shut, such that there's no discovery, no further motion practice, no cross-examination, and no jury trial. For a defendant, this consideration can mean avoiding lengthy litigation, arduous motion practice, and expensive, expansive discovery battles.

**This practical reality has led to inappropriate efforts by defendants to expand the two doctrines.** These efforts are distinct from the other inappropriate misuses of the doctrines already identified. **Nowadays, it seems more and more common to come across Rule 12(b)(6) motions to dismiss filed with hundreds of pages of attachments, authenticated through attorney declarations.** These declarations will be coupled with a request for judicial notice. That judicial notice will often conflate judicial notice and incorporation by reference. Too often, these mountainous motions make arguments more appropriate for a motion for summary judgment or some other later stage of the case. Nonetheless, **with little to lose, too many defense attorneys are tempted by the puncher's chance offered by such a motion.** At worst, they lose a generally inexpensive motion. But at best, they can knock their opponent out cold, right at the beginning of round one. In this way, efforts to expand courts' consideration of extrinsic evidence at the motion to dismiss stage are consistent with other developments in the law that diminish the ability of wronged plaintiffs to get their constitutionally-protected day in court. See *Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868; *Twombly*, 550 U.S. 544, 127 S.Ct. 1955. **Such trends are particularly troubling in the common situation of asymmetry, where a defendant starts off with sole possession of the information about the alleged wrongdoing.**

*Hu, supra*, at 1279-1282. This troubling trend is made even worse when many times federal courts do not regularly or normally hold any oral argument on the motion to dismiss.

## The Current Motion

Defendant Mead has filed a motion to dismiss under Rule 12(b)(6), not for summary judgment under Rule 56. **ECF No. 14, PageID# 167, 176.** He attached—

- Exhibit A, an affidavit from Defendant Mead himself;

- Exhibit B, a 2016 letter complaint from now-Plaintiff Patrick Greenhoe with no direction on who it is addressed to;

- Exhibit C, a December 13, 2016 letter from Stacy Westra of the Michigan Court Reporting and Recording Board of Review to now-Plaintiff Patrick Greenhoe;

- Exhibit D, a March 21, 2017 letter from Court Reporter Joan C. Van Wormer to the Michigan Court Reporting and Recording Board of Review;

- Exhibit E, a June 22, 2017 letter from Chairman and Judge Michael Talbot to now-Plaintiff Patrick Greenhoe;

- Exhibit F, the Summons and Complaint from the prior state court litigation in the Bay County Circuit Court; and

- Exhibit G, a Final Order (labelled as "Order Amending Prior Opinion and Order) dismissing the prior state court litigation in the Bay County Circuit Court for lack of subject matter jurisdiction.[1]

Affidavits are expressly prohibited from consideration. *Fredrick v. Simmons Airlines, Inc.*, 144 F.3d 500, 504 (7th Cir. 1998) ("Affidavits are not properly considered in deciding upon a motion under Rule 12(b)(6)."). Defendant

---

[1] This Exhibit G was attached to the First Amended Complaint as Exhibit I. **ECF No. 2-9.**

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

Mead did not ask this Court to take any judicial notice of any particular fact[2] within any of these documents. And frankly, none of the documents have anything directly to do with the denial of access to the ACRs premised on First Amendment violations sans the prior litigation which resulted in dismissal for lack of subject matter jurisdiction in the attempted but failed state court challenge. Thusly, Exhibits A through F cannot be utilized under *Amini*.

From the traditional rule of using only that which was pled in the complaint, circuit courts have been expanding—ever so slightly—the scope of reviewability of other permissible documents without turning a Rule 12(b)(6) into a Rule 56. As such, the standard of this Circuit is now muddled and unclear. For example, *Amini* allows for documents consisting of "matters of public record." What is considered matters of public record? Same thing for orders; is it orders in the current case or are other cases' orders proper? Are unauthenticated state court orders subject to submission? How about the courts of Europe, Asia, or the countries of the Western Hemisphere? Many state court decisions are only done in transcript form; are transcripts proper? Litigants and their counsel simply do not know.

---

[2] It is important to note that FRE 201 allows this Court to take judicial notice of "a fact," not a document, that is not subject to reasonable dispute. FRE 201(b)(1)-(2).

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

In this instance, the most relevant provision under *Amini* for Defendant Mead's exhibits is the one allowing "documents that a defendant attaches to a motion to dismiss ... if they are [1.] <u>*referred to*</u> in the plaintiff's complaint *and* [2.] are <u>*central*</u> to her claim." *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001). Here, however, none of these documents, except Exhibit G, are attached to or referred to in Plaintiffs' First Amended Complaint. Moreover, Plaintiffs' position is that none are actually directly relevant to the actual First Amendment question presented in this case. Thusly, under *Amini, Ho,* and *Fredrick*, Exhibits A through F are not able to be considered by the Court. They must be excluded from consideration. Fed.R.Civ.P. 12(d).

### Conversion to Rule 56 Motion

Notwithstanding all this discussion, the Court has the ability to convert a Rule 12(b)(6) motion into a Rule 56 motion to keep the exhibits in play. Fed.R.Civ.P. 12(d). However, this is unfair and improper at this stage of litigation—i.e. the pre-answer and pre-discovery phase. This particular Rule 12(b)(6) motion has been filed before an answer has been filed and before discovery was even started, let alone completed. Summary judgment should not be granted before discovery is completed. *Routman v. Automatic Data Processing, Inc.*, 873 F.2d 970, 971 (6th Cir.1989); see also *Tarleton v. Meharry Medical College*, 717 F.2d 1523, 1534-1535 (6th Cir. 1983) (district

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

court abused discretion by failing to address motion seeking additional discovery time). As this case is postured, converting Defendant Mead's filing into a Rule 56 motion is futile because Plaintiffs are simply going to request and require some form of reasonable discovery and depositions of the key players in this case. *Routman* and fair play mandates the same. This is especially true when a defendant has sole possession of documents or information proving the alleged wrongdoing.

## FACTS

Given all these considerations outlined above, the Court should remain true to the plain standards long governing Rule 12(b)(6) motions and stick to just the facts provided by the allegations in the First Amended Complaint (**ECF No. 2**) and not by Defendant Mead's improper exhibits (**ECF Nos. 14-1 – 14-6**). Because this matter comes before this Court on a motion to dismiss under Rule 12(b)(6), **ECF No. 14, PageID# 167, 176**, all the allegations in the First Amended Complaint are deemed true and viewed in the light most favorable to Plaintiffs. *DirecTV, supra,* at 476. To support this matter and oppose Defendant Mead's motion, Plaintiffs rely on, incorporate, and limit themselves the detailed facts pled in their First Amended Complaint. **ECF No. 2**. A concise summary is as follows as it relates to Defendant Mead.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

In Michigan, many of the state trial-level courts have opted to make digital audio recordings of court proceedings held in their respective courtrooms throughout Michigan. Under Michigan law, the **a**udio "**c**ourt **r**ecordings… [hereinafter "ACRs"] and all other records such as tapes, backup tapes, discs, and any other medium used or created in the making of a record of proceedings and kept pursuant to MCR 8.108 *are court records*." Mich. Ct. R. 8.119(F); **ECF No. 2, ¶54.** Defendant Mack, in his official capacity, requires each court to enact a local administrative order controlling how generated and maintained ACRs may be accessed and copied by the public. *Id.,* **¶¶49-50.** In this case, Antrim County Circuit Court Administrative Order 2015-1 and Bay County Probate Court Administrative Order 2014-01J are, in substantive part, identical and being challenged as violating the First Amendment. *Id.,* **¶¶53, 69.** Both LAOs completely ban any public access for inspection or copying of ACRs under any circumstances. *Id.,* **¶59.** As discussed below, Defendants who relied or relies upon the disputed LAOs, as based upon on Model LAO 8, renders their use by Defendants as unlawful under the First Amendment. *Id.,* **¶60.** Neither Antrim County Circuit Court Administrative Order 2015-1, Bay County Probate Court Administrative Order 2014-01J, or Model LAO 8, require or have any specific on-the-record findings demonstrating that closure of public access is

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

essential to preserve higher values and is narrowly tailored to serve that interest under the required test via *Press-Enterprise Co. v. Superior Court of Cal., Riverside Cty.*, 464 U.S. 501, 510 (1984). *Id.*, **¶64.**

In April 2017, Plaintiffs PATRICK GREENHOE and CLAUDETTE GREENHOE demanded but were denied access to the ACRs of the trial court proceedings in regards to a case held in the Bay County Probate Court captioned as *In re Estate of John Kuflewski*, Bay County Probate Court Case No. 14-49781-DE (hereinafter "*Kuflewski* Case"). **ECF No. 2, ¶22-25.** Plaintiffs PATRICK GREENHOE and CLAUDETTE GREENHOE are not and never have asked this federal court to adjust, change, alter, or amend any state court judgment related to the *Kuflewski* Case. See *id.*, **¶69.** After making the request, Defendant KIM B. MEAD, in his official capacity Bay County Probate Court Administrator, denied Plaintiffs PATRICK GREENHOE and CLAUDETTE GREENHOE's request on the basis of Bay County Probate Court Administrative Order 2014-01J. *Id.*, **¶¶24-25; see also ECF No. 2-2.**

The same thing essentially happened to Plaintiffs KOLU STEVENS related to seeking access to ACRs in the Antrim County Circuit Court – Family Division for the *Stevens* Case, though Defendant Mead is not involved with that part for the instant federal action. **ECF No. 2, ¶¶40-42.**

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

16

Plaintiffs further allege that local administrative orders for "access, inspection, reproduction, and creation of records" are controlled by the standards set forth by the Michigan State Court Administrative Office ("SCAO"). **ECF No. 2, ¶52.** SCAO is essentially sued here vis-à-vis Defendant Mack in his official capacity.

The sole challenge made in this case is Plaintiffs' respective total denials of access to the ACRs as court records for inspection or copying. None of the relevant proceedings of the *Kuflewski* Case or *Stevens* Case were closed to the public, held in chambers, or placed under seal or under a case-specific protective order. **ECF No. 2, ¶¶17-19, 36-38.** Both the Bay County Probate Court and the Antrim County Circuit Court – Family Division have the ACRs in their possession due to the requirements of the General Retention Schedules. *Id.,* **¶¶20, 39.**

## RELIEF REQUESTED

WHEREFORE, the Court is requested to exclude any use of the offending affidavit attached as **ECF Nos. 14-1 – 14-6** and all references to the same; deny the motion for the same reasons provided in **ECF No. 23**; and order Defendant KIM B. MEAD to answer the amended complaint in accordance with Fed.R.Civ.P. 12(a)(4)(A).

17

Date: September 28, 2018                         RESPECTFULLY SUBMITTED:

/s/ Philip L. Ellison
**OUTSIDE LEGAL COUNSEL PLC**
**PHILIP L. ELLISON (P74117)**
Counsel for Plaintiffs

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

## CERTIFICATE OF SERVICE

I, the undersigned attorney of record, hereby certify that on the date stated below, I electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel or parties of record.

Date: September 28, 2018

RESPECTFULLY SUBMITTED:

/s/ Philip L. Ellison
**OUTSIDE LEGAL COUNSEL PLC**
**PHILIP L. ELLISON (P74117)**
Counsel for Plaintiffs

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com