IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

KOLU STEVENS; PATRICK GREENHOE;
and CLAUDETTE GREENHOE,

Plaintiffs,

v

KIM MEAD, ET AL,

Defendants.

HON. PAUL L. MALONEY
U.S. DISTRICT COURT JUDGE

FILE NO. 1:18-cv-00757-PLM-RSK

_______________________________________/

Philip L. Ellison (P74117)
OUTSIDE LEGAL COUNSEL, PLC
Attorneys for Plaintiffs
P.O. Box 107
Hemlock, MI 48626
(989) 642-0055/(888) 398-7003 Fax
pellison@olcplc.com

Amber L. Davis-Johnson (P52811)
BAY COUNTY CORPORATE COUNSEL
Co-Counsel for Def. MEAD
515 Center Ave., Ste. 402
Bay City, MI 48708
(989) 895-4131
johnsona@baycounty.net

Joseph Y. Ho (P77390)
MICHIGAN DEPARTMENT OF ATTORNEY GENERAL
Civil Litigation, Employment & Elections
Attorneys for Def. MACK
525 W. Ottawa Street
P.O. Box 30736
Lansing, MI 48909
(517) 373-6434
hoj@michigan.gov

Gregory R. Grant (P68808)
CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C.
Attorneys for Defs. HEFFERAN & MEAD
310 W. Front Street, Ste. 221
Traverse City, MI 49684
(231) 922-1888/(231) 922-9888 Fax
ggrant@cmda-law.com

_______________________________________/

**DEFENDANTS HEFFERAN AND MEAD'S RESPONSE**
**TO PLAINTIFFS' MOTION FOR ENTRY OF ORDER TO "EXCLUDE" EXHIBITS**

**Statement of Facts**

In this motion, Plaintiffs seek to exclude certain exhibits attached to Defendants Hefferan and Mead's Motions to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Specifically, with respect to Defendant Hefferan, Plaintiff seeks to exclude his affidavit (ECF No. 16-1). With respect to

Defendant Mead, Plaintiffs seek to exclude his affidavit (ECF No. 14-1)—which was previously provided to Plaintiffs as an exhibit to Defendant Mead's motion for summary disposition in state court, a letter authored by Plaintiff Patrick Greenhoe (ECF No. 14-2), letters sent to Plaintiff Patrick Greenhoe (ECF No. 14-3, PageID. 200; ECF No. 14-5), a letter from court reporter Joan Van Wormer (ECF No. 14-4)—which Plaintiff acknowledged receiving (ECF No. 14-4, PageID. 208), Plaintiffs' Complaint filed in state court—drafted and filed by counsel of record in the instant case (ECF No. 14-6), and an order dismissing same (ECF No. 14-7)—which is also attached to Plaintiffs' Amended Complaint. *See* ECF No. 2-9.

## Law and Argument

### I. Given the nature of the documents cited in Defendant Mead's Motion to Dismiss, it is unnecessary for this Court to treat the motion as a Motion for Summary Judgment.

Typically, analysis of motions to dismiss pursuant to Rule 12(b)(6) must be undertaken without looking to materials outside the pleadings. *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1104 (6th Cir. 2010). Courts ruling on 12(b)(6) motions are left to "consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3rd Cir. 2014). Where documents outside the pleadings are cited in support of a 12(b)(6) motion, Fed. R. Civ. P. 12(d) comes into play. This rule states:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, **the motion *must* be treated as one for summary judgment under Rule 56**. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion. *Id.* (emphasis added).

However, treating a 12(b)(6) motion as a motion for summary judgment is not always necessary when matters outside the pleadings are presented.

"[G]enerally, the harm to the plaintiff when a court considers material extraneous to a complaint is the lack of notice that the material may be considered. Accordingly, where plaintiff has actual notice of all the information in the movant's papers and has relied upon these documents in framing the complaint the necessity of translating a Rule 12(b)(6) motion into one under Rule 56 is largely dissipated." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir.2002) (citations and internal quotation marks omitted). The Court in *Chambers* went on to hold that:

> [O]n a motion to dismiss, a court may consider **documents attached to the complaint as an exhibit** or incorporated in it by reference...or...**documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit**. Because this standard has been misinterpreted on occasion, we reiterate here that a plaintiff's reliance on the terms and effect of a document in drafting the complaint is a necessary prerequisite to the court's consideration of the document on a dismissal motion; mere notice or possession is not enough. *Id*. (emphasis added).

Plaintiffs seek to exclude Defendant Mead's affidavit (ECF No. 14-1)—which was previously provided to Plaintiffs as an exhibit to Defendant Mead's motion for summary disposition in state court, a letter authored by Plaintiff Patrick Greenhoe (ECF No. 14-2), letters sent to Plaintiff Patrick Greenhoe (ECF No. 14-3, PageID. 200; ECF No. 14-5), a letter from court reporter Joan Van Wormer (ECF No. 14-4)—which Plaintiff acknowledged receiving (ECF No. 14-4, PageID. 208), Plaintiffs' Complaint filed in state court—drafted and filed by counsel of record in the instant case (ECF No. 14-6), and an order dismissing same (ECF No. 14-7)—which is also attached to Plaintiffs' Amended Complaint. *See* ECF No. 2-9.

Plaintiffs possess or, at a minimum, have knowledge of each of the foregoing documents.

Further, Plaintiffs necessarily relied on each of the foregoing documents in formulating their Amended Complaint. As a result, it is unnecessary for this Court to treat Defendant Mead's Motion to Dismiss as a Motion for Summary Judgment and Plaintiffs' motion to exclude the foregoing documents should be denied.

## II. Alternatively, this Court should simply *sua sponte* treat Defendants' Motions to Dismiss as Motions for Summary Judgment or provide Plaintiffs with notice of same and time to respond.

As the plain language of Rule 12(d) makes clear, a motion to dismiss filed under Rule 12(b)(6) that presents matters outside the pleadings ***must*** be treated as a motion for summary judgment under Rule 56—subject to the exception discussed above. Further, a district court may convert the motion *sua sponte*. *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 487 (6th Cir. 2009). Where "one party is likely to be surprised by the proceedings, notice is required" but generally "[w]hether notice of conversion of a motion to dismiss to one for summary judgment by the court to the opposing party is necessary depends upon the facts and circumstances of each case." *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 204 (6th Cir.1998).[1]

In the Sixth Circuit, before a district court may convert a motion *sua sponte*, the "district court must afford the party against whom *sua sponte* summary judgment is to be entered ten-days' notice[2] and an adequate opportunity to respond." *Yashon v. Gregory*, 737 F.2d 547, 552 (6th Cir.1984). Despite this "clearly established rule," an appeals court will reverse for failure to notify only if the losing party can "demonstrate prejudice." *Id.*; *Harrington v. Vandalia–Butler Bd. of Educ.*, 649 F.2d 434, 436 (6th Cir.1981) ("A District Court's failure to comply with the ten-day

1 *See e.g. Bruce v. Corr. Med. Servs., Inc.*, 389 Fed. Appx. 462, 465 (6th Cir. 2010) (finding reversible error where the trial court failed to give a *pro se* plaintiff notice of its conversion of a motion to dismiss to a motion for summary judgment—case remanded to allow *pro se* plaintiff opportunity to respond).

2 The ten-days' notice provision came from a previous iteration of the Federal Rules of Civil Procedure requiring at least ten-days' notice prior to a hearing on a motion for summary judgment.

requirement of Rule 56(c) is subject to the harmless error rule."). *See also* 5C Wright & Miller § 1366 ("[T]he absence of formal notice will be excused when it is harmless or when the parties were otherwise apprised of the conversion ... and, in fact, had a sufficient opportunity to present the materials relevant to a summary judgment motion.").

As contemplated by Rule 12(d), this Court should simply treat Defendants' Motions to Dismiss as Motions for Summary Judgment pursuant to Rule 56. Given that Plaintiffs are represented by counsel, notice to them of the conversion of Defendants' motions from Motions to Dismiss to Motions for Summary Judgment is unnecessary. Alternatively, there is ample time for this Court to provide Plaintiffs with notice of the conversion and time to respond.

**Conclusion**

Given the nature of the documents attached to Defendant Mead's Motion to Dismiss, it is unnecessary for this Court to treat the motion as a Motion for Summary Judgment. For that reason alone, Plaintiffs' motion as to Defendant Mead should be denied. Alternatively, should the Court disagree and decide to treat Defendant Hefferan and Mead's Motions to Dismiss as Motions for Summary Judgment, notice to Plaintiffs is unnecessary. However, should the Court disagree, there is ample time to provide Plaintiffs with notice of the Court's intention to treat the Motions to Dismiss as Motions for Summary Judgment. As a result, Plaintiffs' motion should be denied in its entirety.

WHEREFORE Defendants Hefferan and Mead respectfully request this Honorable Court deny Plaintiffs' Motion to Exclude Exhibits in its entirety and, if necessary, provide Plaintiffs with

notice of the Court's intention to treat Defendants' Motions to Dismiss as Motions for Summary Judgment and time to respond.

Dated: October 10, 2018

CUMMINGS, McCLOREY, DAVIS
& ACHO, P.L.C.

/s/ Gregory R. Grant

Gregory R. Grant (P68808)
Attorneys for Def. HEFFERAN and MEAD
310 W. Front Street, Ste. 221
Traverse City, MI 49684
(231) 922-1888/(231) 922-9888 Fax
ggrant@cmda-law.com

**PROOF OF SERVICE**

The undersigned certifies that the foregoing documents were served upon counsel of record via the Court's ECF System to their respective email addresses on October 10, 2018.

/s/ Gregory R. Grant

Gregory R. Grant