UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KOLU STEVENS,
PATRICK GREENHOE, and
CLAUDETTE GREENHOE,

      Plaintiffs,

v

MICHIGAN STATE COURT
ADMINISTRATIVE OFFICE, MILTON L.
MACK, JR., in his official capacity as
Administrator of the Michigan State Court
administrative Office, KIM B. MEAD, in his
official capacity as Bay County Probate Court
Administrator, WILLIAM M. HEFFERAN, in
his official as Antrim County Circuit Court –
Family Division Administrator,

      Defendants.

No. 1:18-cv-00757

HON. PAUL L. MALONEY

MAG. JUDGE RAY KENT

**DEFENDANT MACK'S REPLY
TO PLAINTIFF'S RESPONSE
TO DEFENDANT MACK'S
MOTION FOR SUMMARY
JUDGMENT**

---

Philip L. Ellison (P74117)
Outside Legal Counsel, PLC
Attorneys for Plaintiffs
P.O. Box 107
Hemlock, MI 48626
(989) 642-0055
pellison@olcplc.com

Joseph Y. Ho (P77390)
Attorney for Defendant Mack
Civil Litigation, Employment &
  Elections Division
P.O. Box 30217
Lansing, MI 48909
(517) 373-6434
hoj@michigan.gov

---

Gregory R. Grant (P68808)
Cummings McClorey Davis & Acho, PLC
Attorneys for Defendant Hefferan
310 W. Front Street, Suite 221
Traverse City, MI 48681-2800
(231) 922-1888
ggrant@cmda-law.com

Amber L. Davis-Johnson (P52811)
Bay County Corporation Counsel
Attorneys for Defendant Mead
515 Center Ave., Ste. 402
Bay City, MI 48708
(989) 895-4131
johnsona@baycounty.net

**DEFENDANT MACK'S REPLY TO PLAINTIFF'S RESPONSE TO
DEFENDANT MACK'S MOTION FOR SUMMARY JUDGMENT**

Plaintiffs' response warrants a short reply. A requestor for records of judicial proceeding falls under one of two categories: (1) as a party to the judicial proceedings or (2) as a member of the general public. *See United States v. Benchick*, No. 13-20453, 2017 WL 4161106, at *1 (E.D. Mich. Sept. 20, 2017). If the requestor falls under the first category, then the reason for the request is for litigation purposes, including appeal. If the requestor falls under the second category, then the reason for the request is to be informed as to what occurred during the proceedings. Here, under either category, Plaintiffs' claim fails.

*First*, as a threshold matter, Plaintiffs are parties to the judicial proceedings for which they are seeking judicial records in the form of *original audio recordings*. Plaintiffs Patrick and Claudette Greenhoe seek recordings of the proceedings before Bay County Probate Court Judge Kenneth W. Schmidt (since retired). (R. 2, Am. Compl. ¶¶ 9–29, PageID.42–45.) Plaintiff Kolu Stevens seeks recordings of the proceedings before Antrim County Circuit Court Judge Norman R. Hayes. (R. 2, Am. Compl. ¶¶ 30–47, PageID.45–48.) In both cases, Plaintiffs claim that the transcripts of the proceedings were inaccurate—and that they need the audio recordings to verify their claims. (R. 2, Am. Compl. ¶¶ 13–15 (Greenhoes), PageID.43; *Id.* ¶ 34 (Stevens), PageID.46.) In other words, by their own admissions, Plaintiffs are contesting the veracity of records of state court proceedings. Notwithstanding these admissions, Plaintiffs want this Court to believe that they are not trying to challenge the original state court proceedings. Indeed, the logical

2

implications of a request to verify the transcript of a state court proceeding is a subsequent appeal of or collateral attack on that proceeding. But as parties to the original state court proceedings, Plaintiffs had a opportunities during the course of litigation and appeal to contest the veracity of the transcriptions. Mich. Ct. R. 8.108. *See also Benchick*, 2017 WL 4161106, at *1 ("A party therefore has no right to access a court reporter's backup audio recording unless there is some reason to distrust the accuracy of the transcript."). Now, Plaintiffs are bound by the original state court proceedings—and as non-prevailing parties to those proceedings, the *Rooker-Feldman* doctrine prevents Plaintiffs from now challenging those proceedings in federal court.

*Second*, even entertaining the notion that Plaintiffs are now requesting court records as members of the general public, Plaintiffs cannot point to any case law which stand for the proposition that a member of the general public is entitled to *original audio recordings* of the proceedings when the transcript is otherwise available. As set forth in greater detail in the main brief, the right to records of a judicial proceeding is not a right to *original audio recordings* of the proceedings. (R. 13, PageID.103–104.) Moreover, Plaintiffs have not pointed to *any* Sixth Circuit precedent which stands for the proposition that a member of the public has stand-alone right or standing to challenge the veracity of a transcript of a proceeding. Indeed, it is the parties to the proceeding—not members of the general public—that would suffer any injury that flows from an erroneous transcript so as to have standing to challenge the veracity of that transcript. *See, e.g., Lance v. Coffman*,

549 U.S. 437, 441 (2007) ("[S]tanding to sue may not be predicated upon an interest of the kind alleged here which is held in common by all members of the public, because of the necessarily abstract nature of the injury all citizens share." (quotation omitted)).  Simply stated, the fact that transcripts for the requested proceedings are available satisfies the First Amendment guarantees of open public proceedings.  *Press-Enter. Co. v. Superior Court of California, Riverside Cty.*, 464 U.S. 501 (1984).

## CONCLUSION AND RELIEF REQUESTED

For the reasons set forth above and in the main brief, this Court should dismiss Plaintiffs' Complaint with prejudice.

Respectfully submitted,

Bill Schuette
Attorney General

*/s/Joseph Y. Ho*
Joseph Y. Ho (P77390)
Assistant Attorney General
Attorneys for Defendants
Civil Litigation, Employment &
  Elections Division
P. O. Box 30217
Lansing MI 48909
517-373-6434
hoj@michigan.gov
P77390

Dated:  October 10, 2018

## CERTIFICATE OF SERVICE

I hereby certify that on October 10, 2018, I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

*/s/Joseph Y. Ho*
Joseph Y. Ho (P77390)
Assistant Attorney General
Attorney for Defendants
