# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN

KOLU STEVENS;
PATRICK GREENHOE; and                          Case No.: 18-cv-757
CLAUDETTE GREENHOE;                     Honorable Paul L. Maloney
        Plaintiffs,

                                                        **REPLY**

        v.


MILTON L. MACK, JR., in his official
capacity as the Administrator of the
Michigan State Court Administrative
Office; KIM B. MEAD, in his official
capacity as Bay County Probate Court
Administrator; WILLIAM M.
HEFFERAN, in his official capacity as
Antrim County Circuit Court – Family
Division Administrator,
        Defendants
_____/

OUTSIDE LEGAL COUNSEL PLC
PHILIP L. ELLISON (P74117)
Attorney for Plaintiffs
PO Box 107
Hemlock, MI 48626
(989) 642-0055
pellison@olcplc.com


AMBER L. DAVIS-JOHNSON
(P52811)
Attorney for Defendant Mead
515 Center Ave., Ste. 402
Bay City, MI 48708
(989) 895-4131
johnsona@baycounty.net

JOSEPH Y. HO (P77390)
MICH DEPT OF ATTORNEY GEN
Attorney for Defendant Mack
PO Box 30736
Lansing, MI 48909
(517) 373-6434
hoj@michigan.gov


GREGORY R. GRANT (P68808)
Cummings McClorey Davis & Acho
Attorneys for Dfs Hefferan/Mead
310 W Front Street, Suite 221
Traverse City, MI 48681-2800
(231) 922-1888
ggrant@cmda-law.com

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO "EXCLUDE"
EXHIBITS ATTACHED TO DEFENDANTS' MOTIONS TO DISMISS**

NOW COMES Plaintiffs KOLU STEVENS, PATRICK GREENHOE, and CLAUDETTE GREENHOE, by counsel, and offers this short reply in support of seeking to "exclude" the offending exhibits attached to Defendants' various motions to dismiss filed pursuant to Fed.R.Civ.P. 12(b)(6). See Fed.R.Civ.P. 12(d); see also **ECF Nos. 13, 14, and 16.**

The arguments of all defendants as to the ability to attach extraneous exhibits violate the standard opined at *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) and *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001). See also *Gavitt v. Born*, 835 F.3d 623, 640 (6th Cir. 2016). The standard requires the proposed document-exhibit must both 1.) be *referred to* in the Complaint and b.) are *central to* the claims contained therein. *Bassett, supra*, at 430. The main error of Defendants is their implied assertion that the exhibits must only be 'related to the issues' raised the complaint, instead of "the exhibit" being "referred to" in the Complaint. See **ECF No. 26, PageID# 353**; **ECF No. 25, PageID# 343**. That is not the standard; their argument fails.

Nevertheless, Plaintiffs also do not dispute the if the Court desires to consider any of the various Rule 12 motions as Rule 56 motions, it can convert the same by using the process outlined in Rule 12(d). But the issue

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

is not whether it *can* but rather if it *should*. However, at this postural posture, invoking that conversion is improper. This is because "summary judgment should *not* ordinarily be granted before discovery has been completed," and "this principle is particularly strong [when] constitutional and civil rights claims are at issue." *Tarleton v. Meharry Medical College*, 717 F.2d 1523, 1535 (6th Cir. 1983) (emphasis added). Obviously, this instant case is both a constitutional and civil rights case. **ECF No. 2.** Moreover, discovery has not even started, let alone been completed. This Court should decline to invoke Rule 12(d) at this point and instead allow the parties to build a proper and full record for this Court to rule upon the arguments under the First Amendment.[1] See *Hsu v. Puma Biotechnology, Inc.*, 213 F.Supp.3d 1275, 1282 (C.D. Cal. 2016) (Attaching exhibits to Rule 12(b)(6) motions is "troubling in the common situation of asymmetry, where a defendant starts off with sole possession of the information about the alleged wrongdoing.").

---

[1] This is especially true in this case because Defendant Mack is still highly confused about and/or misunderstanding what this lawsuit is seeking to do. See **ECF No. 27, PageID #358-359** (Defendant Mack incorrectly asserting "the logical implications of a request to verify the transcript of a state court proceeding is a subsequent appeal of or collateral attack on that proceeding."). He seems to think this federal case is directly attacking a state court judgment and it expressly is not. See *Skinner v. Switzer*, 131 S. Ct. 1289 (2011).

Date: October 10, 2018             RESPECTFULLY SUBMITTED:

/s/ Philip L. Ellison
**OUTSIDE LEGAL COUNSEL PLC**
**PHILIP L. ELLISON (P74117)**
Counsel for Plaintiffs

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

## CERTIFICATE OF SERVICE

I, the undersigned attorney of record, hereby certify that on the date stated below, I electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel or parties of record.

Date: October 10, 2018            RESPECTFULLY SUBMITTED:

/s/ Philip L. Ellison
**OUTSIDE LEGAL COUNSEL PLC**
**PHILIP L. ELLISON (P74117)**
Counsel for Plaintiffs

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com