UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KOLU STEVENS,
PATRICK GREENHOE, and
CLAUDETTE GREENHOE,

                Plaintiffs,                Case No. 1:18-cv-757

v.                                                Hon. Paul L. Maloney

MICHIGAN STATE COURT
ADMINISTRATIVE OFFICE,
MILTON L. MACK, JR.,
KIM B. MEAD, and
WILLIAM M. HEFFERAN,

                Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is now before the Court on Defendant Mack's Motion for summary judgment (ECF No. 12), Defendant Kim Mead's Motion to dismiss (ECF No. 14), Defendant William M. Hefferan's Motion to dismiss (ECF No. 16), and Plaintiffs' Motion for entry of order to 'exclude' exhibits attached to defendants' motions to dismiss (ECF No. 20).

       **I.**        **Introduction**

Kolu Stevens, Patrick Greenhoe, and Claudette Greenhoe (collectively referred to as "Plaintiffs") were parties in two state court proceedings. They obtained copies of written transcripts from their proceedings. Now, plaintiffs have filed this federal court action pursuant to 42 U.S.C. § 1983 to obtain copies of the audio recordings from their respective state court proceedings. Their amended complaint seeks injunctive and declaratory relief against the Michigan State Court Administrative Office (MSCAO) and three defendants in their official

1

capacities: Milton L. Mack, Jr. (Administrator of the MSCAO); Kim B. Mead (Administrator of the Bay County Probate Court); and, William Hefferan (Administrator of the Antrim County Circuit Court). *See* Amend. Compl. (ECF No. 2). The Court dismissed the MSCAO pursuant to the parties' stipulation. *See* Order (ECF No. 11).

There are four motions pending before the Court. Defendant Mack has filed a motion for summary judgment (ECF No. 12). Despite this label, defendant is actually moving to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Among other theories, Mack contends that this Court lacks jurisdiction to entertain plaintiff's challenge to a state court decision, that this Court should abstain from exercising subject matter jurisdiction because the matter falls within state law, that plaintiffs lack standing to sue in federal court, and that he has qualified immunity. *See* Brief (ECF No. 13).

Defendant Mead seeks dismissal pursuant to Fed. R. Civ. P. 8(a) and 12(b)(6) (ECF No. 14). Mead echoes Mack's contentions, and also states that plaintiff fails to satisfy basic pleading requirements.

Defendant Hefferan also seeks dismissal pursuant to Fed. R. Civ. P. 8(a) and 12(b)(6) (ECF No. 16). Hefferan raises arguments similar to Mack and Mead.

Finally, plaintiffs seek to exclude exhibits attached to defendants' motions to dismiss in their responses and in a separate motion (ECF No. 20).

## II. Plaintiffs' allegations

Plaintiffs' claims arise from two different state court proceedings.

### A. Plaintiff Stevens

Plaintiff Kolu Stevens was a party in a family division court case, *In re Stevens*, Antrim County Circuit Court – Family Division Case No. 16-7652-NA. After an adverse outcome,

Stevens appealed. The Michigan Court of Appeals affirmed the trial judge's decision in *In re Stevens*, No. 339681, 2018 WL 1345415 (Mich. App. March 15, 2018). *See* Amend. Compl. at PageID.45-46. There is no allegation that Stevens sought leave to appeal the affirmance to the Michigan Supreme Court.

In the amended complaint, plaintiffs alleged that "[a]fter the case was at the Court of Appeals, Plaintiff KOLU STEVENS reviewed the transcripts produced for the appeal and noticed numerous substantial errors and misstatements in the transcripts." Amend. Compl. at PageID.46. Assuming that these facts are true, the Court notes that plaintiff's exhibits reflect that Stevens did not address these "substantial errors and misstatements" until three months *after* the Michigan Court of Appeals' decision. Specifically, on June 22, 2018, Stevens' counsel wrote to defendant Hefferan, making a formal demand "to inspect and reasonably make (or obtain) crisp copies of the audio records of the proceedings of the case." *Id.* at PageID.47. Hefferan denied access to the audio records based upon Antrim County Circuit Court Administrative Order 2015-1. *See* Hefferan Letter (June 22, 2018) (ECF No. 2-5, PageID.66).[1]

Plaintiff Stevens alleged that she "has no other means to appeal or otherwise challenge the Administrative Order 2015-1 except by this legal action." *Id.* at PageID.48. "As an individual seeking access to court records, Plaintiff KOLU STEVENS have [sic] a special interest warranting receipt of the records requested to confirm that the transcripts produced for the Court of Appeals challenge had errors which were outcome determinative." *Id.*

### B. Plaintiffs Patrick Greenhoe and Claudette Greenhoe

Plaintiffs Patrick Greenhoe and Claudette Greenhoe (sometimes referred to as the "Greenhoes") were parties to the case of *In re Estate of John Klewski*, Bay County Probate Court

---

[1] The Court notes that the amended complaint incorrectly alleged the date of the denial as April 25, 2017. Amend. Compl. at PageID.47.

Case No. 14-049781-DE (hereinafter "Kuflewski Case"). Amend. Compl. at PageID.42. After an adverse outcome, the Greenhoes appealed. The Michigan Court of Appeals affirmed the trial judge's decision. *In re Estate of Kuflewski*, No. 327848, 2016 WL 4804079 (Mich. App. Sept. 13, 2016).[2] *See Amend. Compl.* at PageID.42-43.

The Greenhoes allege that "[a]fter the case was at the Court of Appeals," they "reviewed the transcripts produced for the appeal and noticed numerous substantial errors and misstatements in the transcripts," and "have taken numerous actions to confirm that the transcripts produced for the Court of Appeals challenge had errors which were outcome determinative." Amend. Compl. at PageID.43. Plaintiffs' "[a]ctions included filing a complaint with the Court Administrator, the Administrative Offices of the Michigan Supreme Court, and the Michigan Court Reporting and Recording Board of Review to no avail." *Id*.

"Particularly, and of importance to this case, Plaintiffs PATRICK GREENHOE and CLAUDETTE GREENHOE sought access to the audio recordings made and kept as part of the official proceedings of the Kuflewski Case from Defendant KIM B. MEAD." *Id*. Plaintiffs also allege that, "The Bay County Probate Court is required to have audio recordings of the Kuflewski Case retained and protected from disposal under *General Records Retention and Disposal Schedules*." *Id.* at PageID.44. Defendant Mead denied the Greenhoe plaintiffs access to and copies of the audio-recordings of the proceedings in the *Estate of Kuflewski* case. *Id. See* Mead Letter (July 28, 2016) (ECF No. 2-1, PageID.58) (advising plaintiff Claudette Greenhoe that pursuant to the Probate Court's Administrative Order 2014-01J, "copies of court recordings, log notes, . . . are

---

[2] The full caption of the appellate case appears as *In re Estate of John H. Kuflewski. Roberta Watson, Personal Representative of the Estate of John H. Kuflewski v. Patrick Greenhoe and Claudette Greenhoe. Kuflewski*, 2016 WL 4804079.

not available" and that "[a] copy of the court proceeding is obtainable by ordering a hardcopy transcript of the hearing").

On April 21, 2017, more than seven months after the appellate decision, the Greenhoes' counsel wrote to defendant Mead demanding to inspect and make or obtain "crisp copies of the audio recordings of the proceedings" in the *Estate of Kuflewski*. *Id.* On April 25, 2017, Mead denied access to the audio recordings on the basis of Bay County Probate Court Administrative Order 2014-01J. *Id.* The Greenhoes allege that they have no other means to appeal or otherwise by local action challenge the Administrative Order 2014-01J except by this federal action, and that as individuals seeking access to court records, they "have a special interest warranting receipt of the records requested to confirm that the transcripts produced for the Court of Appeals challenge had errors which were outcome determinative." *Id.* at PageID.45.

The Greenhoes state that they "attempted to seek relief in Bay County Circuit Court as the state court of general jurisdiction and the assigned jurist, Judge Michael Beal, concluded that Michigan circuit courts lack any jurisdiction to provide relevant relief." *Id.*[3]

### C.   Plaintiffs' common allegations

Plaintiffs alleged that former defendant MSCAO mandated that Michigan trial courts issue local administrative orders ("LAOs") to establish court policies for regulating court functions and procedures. *Id.* at PageID.48. Plaintiffs state that under MCR 8.119(F), "the audio 'court recordings . . . and all other records such as tapes, backup tapes, discs, and any other medium used or created in the making of a record of proceedings [hereinafter 'ACRs'] and kept pursuant to MCR 8.108 are court records[.]" *Id.* at PageID.49. In addition, "[u]nder MCR

---

[3] *See Patrick Greenhoe and Claudette Greenhoe v. Kim B. Mead*, Bay County Cir. Ct. No. 17-003265-PZ (Order Amending Prior Opinion and Order (As a Final Order)) (June 27, 2018) (ECF No. 2-9, PageID.78) (granting defendant Mead's motion for summary disposition for lack of subject matter jurisdiction).

8.119(H), '[e]very court shall adopt an administrative order pursuant to MCR 8.112(B) to. . . establish a policy for whether to provide access for records defined in subrule (F) and if access is to be provided, outline the procedure for accessing those records.' " *Id.*  Plaintiffs allege that former defendant MSCAO's Model LAO 8 allows state trial courts to either permit or not permit access to ACRs. *Id.* at PageID.49-51.

The crux of plaintiffs' claim is that if a local court (such as the Antrim County Circuit Court or the Bay County Probate Court) opts to not permit access to ACRs then "it is violating the First Amendment." *Id.* at PageID.51. Plaintiffs allege that the local courts' decisions not to permit access to ACRs was a violation of their First Amendment rights or part of a "general conspiracy" to violate their First Amendment rights:

> 58. If a local court selects to make ACRs not available, it is violating the First Amendment.
>
> 59. Both Antrim County Circuit Court Administrative Order 2015-1 and Bay County Probate Court Administrative Order 2014-01J selected the option presented by Defendant MICHIGAN STATE COURT ADMINISTRATIVE OFFICE to not make ACRs available for inspection or copying.
>
> 60. As such, Plaintiffs' First Amendment rights have been violated directly or via general conspiracy as applied in Both Antrim County Circuit Court Administrative Order 2015-1 and Bay County Probate Court Administrative Order 2014-01J.

*Id.*

### D. Plaintiffs' claim

Plaintiffs have filed one count for violation of the First Amendment, claiming that defendants violated their right to access court records, specifically "the real-time audio recording of proceedings [ACRs]". *Id.* at PageID.51-53. Within that single count, plaintiffs also claim that defendants have conspired against them:

6

> 66. By denying access and denying access or copies of the ACRs in the Kuflewski Case and the Stevens Case, Defendants individually and/or in conspiratorial agreement violated the First Amendment rights of Plaintiffs.
>
> 67. Defendants have violated the First Amendment both individually and in conspiratorial agreement from the Lansing offices of Defendant MICHIGAN STATE COURT ADMINISTRATIVE OFFICE.

*Id.* at PageID.53. While plaintiffs claim a "conspiratorial agreement", they did not include a separate count for the conspiracy or allege sufficient facts to establish a conspiracy.[4]

For their relief, plaintiffs ask for "an order enjoining Defendants from refusing the ability of Plaintiffs KOLU STEVENS, PATRICK GREENHOE and CLAUDETTE GREENHOE to inspect and reasonably make (or obtain) crisp copies of the audio recordings of the proceedings (i.e. the ACRs) held from the Kuflewski Case and the Stevens Case to the extent not prohibited pursuant to the Eleventh Amendment to the United States Constitution[.]" *Id.* at PageID.53-54. In addition, plaintiffs ask that "[t]o the extent Antrim County Circuit Court Administrative Order 2015-1, Bay County Probate Court Administrative Order 2014-01J, and/or Model LAO 8 precludes access or to reasonably make copies of ACRs held from the Kuflewski Case and the Stevens Case, enter a declaratory judgment finding Antrim County Circuit Court Administrative Order 2015-1, Bay County Probate Court Administrative Order 2014-01J, and/or Model LAO 8 violates the First Amendment[.]" *Id.* at PageID.54.

---

[4] As one court explained:

> A civil conspiracy under § 1983 is "an agreement between two or more persons to injure another by unlawful action." *Revis v. Meldrum*, 489 F.3d 273, 290 (6th Cir. 2007). In order to prove a civil conspiracy, a plaintiff must demonstrate that "(1) a single plan existed, (2) the conspirators shared a conspiratorial objective to deprive the Plaintiffs of their constitutional rights, and (3) an overt act was committed." *Id.* (citation omitted). However, a civil conspiracy claim is dependent on the underlying constitutional claim. *See Scott v. Stone*, 254 F. App'x 469, 474-75 (6th Cir. 2007) (citing *Torress-Rosado v. Rotger-Sabat*, 335 F.3d at 1, 14 (1st Cir. 2003) ("To demonstrate conspiracy under § 1983, plaintiff must show an actual abridgment of some federally-secured right."); *Vaden v. Village of Maywood*, 809 F.2d 361, 366 (7th Cir. 1987) ("To state a claim for relief under [§ 1983], [plaintiff] must allege no [sic] only that the defendants conspired under color of state law to deprive her of her constitutional rights, but also that she was in fact deprived of those rights.")).

*Ash v. Boone County, Kentucky*, No. CIV.A. 09-190-DLB, 2011 WL 4431820 at *6, n. 6 (E.D. Ky. Sept. 22, 2011).

7

### III.     Plaintiffs' motion to exclude exhibits

As an initial matter, plaintiffs seek to exclude exhibits from defendants' motions to dismiss.

### A.     Legal standard for Fed. R. Civ. P. 12(b)(6)

Under Rule 12(b)(6), a complaint may be dismissed for failure to state a claim if it fails to give the defendants a fair notice of the claim and the grounds upon which it rests. *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007).

> [A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotation marks omitted).

In making this determination, the complaint must be construed in the light most favorable to the plaintiff, and its well-pleaded facts must be accepted as true. *Morgan v. Churchs Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).  In addressing a motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6), "[a] district court is not permitted to consider matters beyond the complaint." *Mediacom Southeast LLC v. BellSouth Telecommunications, Inc.*, 672 F.3d 396, 399 (6th Cir. 2012).  "To do so would convert the motion to dismiss into a motion for summary judgment." *Id.*

### B.     Exhibits

The question for the Court is whether defendants' exhibits present "matters beyond the complaint."  For the reasons discussed, *infra*, the Court concludes that plaintiffs' complaint fails to state a cause of action.  Nevertheless, because this matter is being submitted as a report and

recommendation, and a discussion of plaintiffs' motion may be helpful to the district judge, the undersigned will address plaintiffs' objections to those exhibits.

"When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. National Collegiate Athletic Association*, 528 F.3d 426, 430 (6th Cir. 2008). As this Court explained,

> Whether consideration of extrinsic sources requires converting a motion to dismiss into one for summary judgment depends not on whether the extrinsic sources contain disputed facts, but on whether the extrinsic sources are of the kinds which may be considered in examining a motion to dismiss. For instance, if the Court considers an affidavit attached to a motion to dismiss, the Court must convert the motion into one for summary judgment. However, if that affidavit is attached to the pleadings, the Court can consider it without converting the motion, regardless of whether the information in the affidavit is disputed.

*Adams Respiratory Therapeutics, Inc. v. Perrigo Co.*, 255 F.R.D. 443, 446-47 (W.D. Mich. 2009).

Plaintiffs attached nine exhibits to the amended complaint: a letter from their attorney to defendant Mead demanding access to audio records (April 21, 2017) (ECF No. 2-1); Mr. Mead's response to a previous request by plaintiff Claudette Greenhoe (July 28, 2016) (ECF No. 2-2); Mr. Mead's response to the demand from plaintiffs' attorney (April 25, 2017) (ECF No. 2-2); the Administrative Order regarding inspection, reproduction and creation of court records for the 18th Circuit Court (Bay County) (ECF No. 2-3); a letter from plaintiffs' attorney to defendant Hefferan demanding access to audio records (June 15, 2018) (ECF No. 2-4); Mr. Hefferan's response to the demand (June 22, 2018) (ECF No. 2-5); the Administrative Order regarding access, inspection, reproduction and creation of court records for the 13th Circuit (Antrim County) (ECF No. 2-6); a 13th Circuit Court memorandum regarding "Persons Requesting General Court Record Checks" (ECF No. 2-6); the Model administrative order for access, inspection, reproduction and

9

creation of court records from SCAO (ECF No. 2-7); a page from state website regarding Policies and Procedures (ECF No. 2-8); and, a copy of the "Order amending prior opinion and order (as a final order)" in the case of *Patrick and Claudette Greenhoe v. Kim B. Mead*, Bay Co. Cir. Ct. No. 17-3265-PZ (June 27, 2018) (ECF No. 2-9).

### 1. Defendant Hefferan

Plaintiffs seek to "exclude" defendant Hefferan's affidavit attached to his motion to dismiss. For the reasons discussed in *Adams Respiratory Therapeutics, Inc.*, 255 F.R.D. at 446-47, allowing Hefferan's affidavit would require the Court to convert the motion to dismiss into one seeking summary judgment. The Court did not convert the motion. Accordingly, plaintiffs' motion should be granted and the Hefferan affidavit be stricken and excluded from consideration.

### 2. Defendant Mead

Plaintiffs seek to exclude a number of documents from defendant Mead's motion to dismiss:

> Attached to Defendant Kim B. Mead's motion to dismiss (ECF No. 14) is his affidavit. *See* ECF No. 14-1. An affidavit does not qualify as for the integral document exception. *Schmidt*, *supra*, at 249. Therefore, it (and all references to it in the briefing) must be "excluded."
>
> Also attached are various letters. ECF Nos. 14-2 -14-5. These letters were not "referred to in the Complaint" and are not "central to the claim" under the First Amendment made in this case. *Bassett*, *supra*, at 430.Therefore, they are not proper under *Bassett*. They too must be excluded and all references to the same.
>
> Lastly, Defendant Kim B. Mead attached a complaint and the final judgment from a prior case which resulted in a dismissal for lack of subject matter jurisdiction. While court records would seem to be a public record, that case resulted in a dismissal for lack of state court subject matter jurisdiction. In Michigan, an order other than dismissal is void. *Fox v. Bd. of Regents of Univ. of Michigan*, 375 Mich 238, 242-243 (1965). Such a dismissal for lack of jurisdiction is not "adjudication on the merits." Mich. Ct. R. 2.504(B)(3). As such, the prior complaint and order dismissing for lack of subject-matter jurisdiction is, again, not "referred to in the Complaint" and are not "central to the claim." It is properly attached contrary to *Bassett*. These too must be excluded.

Plaintiffs' Brief (ECF No. 20, PageID.268-269).

For the reasons discussed in *Adams Respiratory Therapeutics, Inc.*, 255 F.R.D. at 446-47, the Mead affidavit should be stricken and excluded from consideration. Plaintiffs gloss over their objections to the "letters." These letters (ECF Nos. 14-2, 14-3, 14-4, and 14-5) involve a dispute between the Greenhoes and court reporter regarding alleged inaccuracies in the transcripts. The letters relate to the Greenhoes' claim that they reviewed "the transcripts produced for the appeal and noticed numerous substantial errors and misstatements in the transcripts," that the Greenhoes "have taken numerous actions to confirm that the transcripts produced for the Court of Appeals challenge had errors which were outcome determinative," and that the Greenhoes filed complaints "with the Court Administrator, the Administrative Offices of the Michigan Supreme Court, and the Michigan Court Reporting and Recording Board of Review to no avail." Amend. Compl. at PagID.43. For example, ECF No. 14-3 is a copy of a response from the Michigan Court Reporting and Recording Board of Review regarding the Greenhoes' complaint. Upon reviewing these letters, the Court concludes they are part of the proceedings referred to in the complaint and "central to the claims contained therein." *See Bassett*, 528 F.3d at 430. Accordingly, the Court can consider them as part of the motion to dismiss.

Finally, the court documents provided by defendant Mead are from the same lawsuit (*Greenhoe v. Mead*) as the one-page order attached to the amended complaint. By attaching this order, plaintiffs have incorporated the substance of that lawsuit into their complaint. Defendant Mead provides some context for that order by attaching a copy of the Greenhoes' complaint (ECF No. 14-6) and a copy of the *same final order* which plaintiffs attached to the amended complaint (ECF No. 2-9). Accordingly, these state court documents can be considered.

### 3.    Defendant Mack

Plaintiffs refer to defendant Mack's motion, stating:

> Attached to Defendant Kim B. Mead's [sic] motion to dismiss (ECF No. 13) are two Michigan Court of Appeals decisions. While Plaintiffs believes them to be irrelevant, these arguably fit within the public records exception. However, the remaining exhibits, ECF Nos. 13-3 – 13-6, are non-public records which were not "referred to in the Complaint" and are not "central to the claim."

Plaintiffs' Brief (ECF No. 20, PageID.269). Plaintiffs do not address the nature of the exhibits ECF Nos. 13-3 through 13-6. Plaintiffs are not entitled to relief on this cursory claim. "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in a most skeletal way, leaving the court to . . . put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997).[5]

### IV.    Defendants' motions to dismiss

Plaintiffs seek relief pursuant to 42 U.S.C. § 1983, which "provides a civil cause of action for individuals who are deprived of any rights, privileges, or immunities secured by the Constitution or federal laws by those acting under color of state law." *Smith v. City of Salem, Ohio*, 378 F.3d 566, 576 (6th Cir. 2004). To state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that the defendant deprived him of this federal right under color of law. *Jones v. Duncan*, 840 F.2d 359, 360-61 (6th Cir. 1988); 42 U.S.C. § 1983.

Defendants seek to dismiss plaintiffs' complaint pursuant to Fed. R. Civ. P. 12(b)(6). *See* § III.A., *supra*. The issue before the Court is whether plaintiffs have a First Amendment right to inspect and make "crisp copies of the audio recordings" of their court

---

[5] The Court notes that ECF No. 13-3, 13-4, 13-5, and 13-6, relate to the Greenhoes' complaint filed with the Michigan Court Reporting and Recording Board of Review, and are relevant under *Bassett*. *See* § III.B.2., *supra*.

proceedings in addition to receiving the transcripts provided by the court reporters. Plaintiffs rely on the Supreme Court's decision in *Press-Enterprise Co. v. Superior Court of California, Riverside County*, 464 U.S. 501 (1984). *See* Plaintiffs' Response (Defendant Mack) (ECF No. 22, PageID.290-291). The *Press-Enterprise* decision addressed the question of "whether the guarantees of open public proceedings in criminal trials cover proceedings for the *voir dire* examination of potential jurors." *Press-Enterprise Co.*, 401 U.S. at 503. Plaintiffs cite a portion of that decision. The full quote is stated more fully as follows:

> "People in an open society do not demand infallibility from their institutions, but it is difficult for them to accept what they are prohibited from observing." *Richmond Newspapers*, *supra*, 448 U.S., at 572, 100 S. Ct., at 2824. Closed proceedings, although not absolutely precluded, must be rare and only for cause shown that outweighs the value of openness. In *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 102 S.Ct. 2613, 73 L.Ed.2d 248 (1982), we stated that:
>
>> "[T]he circumstances under which the press and public can be barred from a criminal trial are limited; the State's justification in denying access must be a weighty one. Where . . . the State attempts to deny the right of access in order to inhibit the disclosure of sensitive information, it must be shown that the denial is necessitated by a compelling governmental interest, and is narrowly tailored to serve that interest." *Id.*, at 606-607, 102 S.Ct., at 2620.
>
> The presumption of openness may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest. The interest is to be articulated along with findings specific enough that a reviewing court can determine whether the closure order was properly entered.

*Press-Enterprise Co.*, 464 U.S. at 509-10 (footnote omitted). *See* Plaintiffs' Response at PageID.290-293.

Plaintiffs contend that they have a First Amendment right under *Press-Enterprise* to access the audio tapes of court proceedings in their family court and probate court cases. The

Sixth Circuit addressed this First Amendment right in *United States v. DeJournett*, 817 F.3d 479 (6th Cir. 2016):

> The First Amendment protects the constitutional right to access criminal trials. *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 580, 100 S.Ct. 2814, 65 L.Ed.2d 973 (1980). This right attaches when two "complementary considerations" are met: (1) the place and process have "historically been open to the press and general public"; and (2) "public access plays a significant positive role in the functioning of the particular process in question." *Press–Enterprise Co. v. Superior Court (Press–Enterprise II)*, 478 U.S. 1, 8, 106 S.Ct. 2735, 92 L.Ed.2d 1 (1986). Once the First Amendment right of access attaches, it can "be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Press–Enterprise Co. v. Superior Court (Press–Enterprise I)*, 464 U.S. 501, 510, 104 S.Ct. 819, 78 L.Ed.2d 629 (1984). "The interest [justifying closure] is to be articulated along with findings specific enough that a reviewing court can determine whether the closure order was properly entered." *Id*.

*DeJournett*, 817 F.3d at 484. The First Amendment right has been extended to civil cases. *See Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1178 (6th Cir. 1983) ("The Supreme Court's analysis of the justifications for access to the criminal courtroom apply as well to the civil trial") (citing cases).

Here, plaintiffs contend that defendants' refusal to provide copies of "the real-time audio recording of proceedings [ACRs]" violates the First Amendment right recognized in *Press-Enterprise*. The Court disagrees. Plaintiffs are not seeking access to records from "closed" court proceedings. On the contrary, plaintiffs had access to the courtroom: they were parties to the court proceedings and present at those proceedings. In addition, they received transcripts of the proceedings. While plaintiffs claim that the transcripts contain "numerous substantial errors and misstatements," their claim is based upon the fact that they were present in the courtroom, and either heard or made those statements. Amend. Compl. at PageID.43, 46. In short, there is no First Amendment violation in this case. *See Press-Enterprise Co.*, 464 U.S. at 509-10; *DeJournett*, 817 F.3d at 484.

Furthermore, plaintiffs have no First Amendment right to receive a perfect transcript of their court proceedings. The harm from an "imperfect transcript" is that the affected party was denied relief due to the inaccuracy, *e.g.*, that a court entered an adverse ruling based on an inaccurate transcript, or that the affected party was prevented from seeking a review of an adverse ruling due to an inaccurate transcript. In *Abercrombie v. Head*, No. 216CV02009ACAJHE, 2018 WL 4169271 (Aug. 3, 2018), *R&R adopted*, 2018 WL 4145009 (N.D. Ala. Aug. 30, 2018), the court addressed a similar issue, rejecting the plaintiff's civil rights claims related to an allegedly inaccurate transcript which interfered with the plaintiff's First Amendment right to access the court. That court concluded that plaintiff's First Amendment claims were barred by the *Rooker-Feldman* doctrine because plaintiff's real complaint was that he received adverse rulings in the state court:

> The plaintiff asserts § 1983 claims based on alleged violations of the First and Fourteenth Amendments. Specifically, the plaintiff claims Ms. Head [the court reporter] not only deprived him of his First Amendment right "to petition the court[,]" but also sabotaged his right "to a successful and effective appeal." (*Id.* at 3, 8). He further alleges that "errors and omissions in his transcript prejudice[ ]d an appeal of his conviction" and claims the existence of intentional tampering with a transcript that prejudices a defendant's appeal can be a violation of due process. (Doc. 1 at 2) (citing *Burrell v. Swartz*, 559 S. Supp. 91, 92 (S.D. N.Y. 1983)). Finally, he asserts the failure of the State "to afford a fair and adequate procedure for settling transcripts on which to base such an appeal can also be a due process violation." (*Id.*) (citing *United States v. Pratt*, 645 F.2d 89, 91 (1st Cir. 1981)). As relief, the plaintiff demands the court order Ms. Head to produce the August 4, 2014 "real, original transcript" and "audio recording from which the transcript was transcribed" and to state in court who told her to make changes in the transcripts so that he can pursue this matter in state court appellate proceedings or by filing another Rule 32 petition. (Doc. 1. at 3, 5). . . .
>
> The plaintiff's complaint is due to be dismissed for lack of jurisdiction pursuant to the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine dictates that United States District Courts "do not have [subject matter] jurisdiction . . . over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional. Review of those decisions may only be had in . . . [the United States Supreme Court]." *District of Columbia Court of Appeals v. Feldman*, 460

15

> U.S. 462, 486 (1983). While plaintiff does allege First Amendment and Due Process violations, what he is really complaining about is the adverse rulings he received from the Shelby County Circuit Court and the Alabama Court of Criminal Appeals. Accordingly, this Court lacks jurisdiction to render any judgment over plaintiff's claims.

*Abercrombie v. Head*, No. 216CV02009ACAJHE, 2018 WL 4169271 at *5-6 (Aug. 3, 2018), R&R adopted, 2018 WL 4145009 (N.D. Ala. Aug. 30, 2018).

Like the plaintiff in *Abercrombie*, plaintiffs are attempting to collaterally attack their adverse rulings from the state courts by claiming that the transcripts upon which the state courts relied upon were inaccurate. In this regard, while the Greenhoes complain that the state court dismissed their complaint against defendant Mead for lack of subject matter jurisdiction (ECF No. 2-9), there is no record that they addressed the alleged transcript problems as part of their direct appeals of the adverse decisions (*e.g.*, by filing a motion in the Michigan Court of Appeals regarding alleged inaccuracies or seeking review from the Michigan Supreme Court). For all of these reasons, the Court concludes that defendants' motions to dismiss should be granted and plaintiffs' complaint dismissed.[6]

### IV. RECOMMENDATION

For these reasons, I respectfully recommend that Plaintiffs' Motion for entry of order to 'exclude' exhibits attached to defendants' motions to dismiss (ECF No. 20) be **GRANTED IN PART** as set forth in § IV.

---

[6] In reaching this determination, the Court notes that defendants Mack, Mead, and Hefferan's claims for qualified immunity should be denied. Plaintiffs' lawsuit only seeks injunctive and declaratory relief against defendants in their official capacity. " '[Q]ualified immunity only immunizes defendants from monetary damages'— not injunctive or declaratory relief." *Kanuszewski v. Michigan Department of Health & Human Services*, 927 F.3d 396, 417-18 (6th Cir. 2019). "As qualified immunity protects a public official in his individual capacity from civil damages, such immunity is unavailable to the public entity itself or the official acting in his official capacity." *Everson v. Leis*, 556 F.3d 484, 501 fn. 7 (6th Cir. 2009).

I further recommend that defendants' motions to dismiss (ECF Nos. 12, 14, and 16) be **GRANTED** and that this action be **DISMISSED**.


Dated:  February 21, 2020                    /s/ Ray Kent
                                             United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).