UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| KOLU STEVENS, *et al.*, | ) |
|                 Plaintiffs, | ) |
| | )   No. 1:18-cv-757 |
| -v- | ) |
| | )   Honorable Paul L. Maloney |
| MICHIGAN STATE COURT ADMINISTRATIVE OFFICE, *et al.*, | ) |
|                 Defendants. | ) |

## ORDER ADOPTING IN PART AND REJECTING IN PART REPORT AND RECOMMENDATION

Plaintiffs made formal requests for copies of audio recordings of their proceedings in state court. The court administrators denied the requests, citing local administrative orders. Plaintiffs assert that the denial of access to court records violates their First Amendment rights and have sued for injunctive relief.

Defendants filed three dispositive motions. (ECF Nos. 12, 14, and 16.) Plaintiffs filed a motion to exclude the exhibits attached to the dispositive motions. (ECF No. 20.) The magistrate judge issued a report recommending that all four motions be granted. (ECF No. 33.) Plaintiffs filed objections. (ECF No. 35.)

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a

de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

### A. Plaintiffs' Motion to Exclude Exhibits

The magistrate judge construed all three of Defendants' motions as brought under Rule 12(b). Rule 12 motions test the pleadings, and the motions were not converted to Rule 56 motions. The magistrate judge recommends Plaintiffs' motion to exclude the exhibits be granted. In resolving Defendants' motions, the magistrate judge did not consider the exhibits. No party has objected to this recommendation.

### B. Defendants' Motions to Dismiss

Some background information puts this dispute in context. Plaintiffs in this lawsuit suffered adverse decisions in state court and filed appeals. Plaintiffs allege the transcripts used in the appeals contained errors which ultimately led to denials of their appeals. Plaintiffs then returned to the trial courts and asked for copies of the audio recordings. When their requests were denied, Plaintiffs filed this lawsuit. In their motions, Defendants generally characterize this federal lawsuit as a continuation of the state court litigation.

The magistrate judge concludes that Plaintiffs do not have a First Amendment right to copies of the recordings of court proceedings. (R&R at 14-15 PageID.389.) Plaintiffs were at the proceedings, which were not closed to the public. And, Plaintiffs have a transcript of the proceedings. The magistrate judge reasoned that Plaintiffs do not have a right to a perfect transcript. In addition, the magistrate judge concludes that Plaintiffs are attempting to collaterally attack the adverse rulings in the prior proceedings where any concerns about the transcripts could have or should have been raised.

Plaintiffs object to both conclusions. The Court agrees with Plaintiffs. Succinctly put, this lawsuit is an access to court records claim, nothing more. Plaintiffs have been denied access to court records without an individualized assessment of competing interests. Plaintiffs are not attacking the underlying state proceedings in this lawsuit.

### 1. First Amendment

Through a "long-established legal tradition," there exists a "presumptive right of the public to inspect and copy judicial documents and files."[1] *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 474 (6th Cir. 1983) (citing *Nixon v. Warner Commc'ns*, 435 U.S. 589, 597 (1978)). The right of access, however, is not absolute and courts have supervisory power over their own records and files. *Id.* (quoting *Nixon*, 435 U.S. at 598). Ordinarily, decisions shielding public access to court records are made on a case-by-case basis, weighing the secrecy interests against the competing interests. *Jessup v. Luther*, 277 F.3d 926, 928 (7th Cir. 2002); *see Globe Newspaper Co. v. Superior Ct. of Norfolk Cty.*, 457 U.S. 596, 609 (1982) (holding that a case-by-case approach "ensures that the constitutional right of the press and public to gain access to criminal trials will not be restricted except where necessary to protect the State's interest."). "Only the most compelling reasons can justify non-disclosure of judicial records." *In re Knoxville News-Sentinel*, 723 F.2d at 476 (citing *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1167, 1179-80 (6th Cir. 1983)). The presumptive right to access court records will prevail unless a specific finding, not a broad

---

[1] Plaintiffs are not the public writ large, nor are they members of the press. Plaintiffs were parties to the litigation during which a proceeding was recorded. It seems incongruous that a right of access to court records by the public would be broader than the right of access to court records by the parties to the litigation.

and conclusory finding, concludes that denying access "is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." *Newsday LLC v. Cty. of Nassau*, 730 F.3d 156, 165 (2d Cir. 2013).

With this understanding, the Court concludes Plaintiffs have pled sufficient facts to state a plausible claim. Plaintiffs made requests for copies of the audio recording of their court proceedings. (ECF No. 2 Amended Compl. ¶ 16 PageID.43; ¶ 22 PageID.44; ¶ 35 PageID.46; ¶ 40 PageID.47.) The audio recordings are court records.[2] (*Id.* ¶ 54 PageID.49.) Plaintiffs' requests were denied based on Local Administrative Orders and not based on an individualized assessment of the need for secrecy and the public's interest in access to judicial records. (*Id.* ¶ 24 PageID.44; ¶ 42 PageID.47.)

Accordingly, the Court rejects the findings of fact and conclusions of law related to the recommendation that Plaintiffs have not alleges sufficient facts to state a plausible violation of the First Amendment.

2. Collateral Attack

The *Rooker-Feldman* doctrine deprives lower federal courts of subject-matter jurisdiction over lawsuits seeking review of final state-court judgments. *Berry v. Schmitt*, 688 F.3d 290, 298 (6th Cir. 2012). If the source of the plaintiff's injury is something other than the state-court judgment, *Rooker-Feldman* will not bar the federal lawsuit. *McCormick v. Braverman*, 451 F.3d 382, 393-94 (6th Cir. 2006). Federal courts must consider the

---

[2] As pled, the allegation constitutes legal conclusion, not a factual one. Defendants do not challenge the conclusion that the audio records are court records. It is not clear from the record whether the audio recordings were created by a court reporter or court recorder, *see* Mich. R. Ct. 8.108, or were created by the trial court itself, *see* Mich. R. Ct. 8.109. Both are court records. *See* Mich. R. Ct. 8.119(F).

plaintiff's request for relief when determining the source of the injury. *Berry*, 688 F.3d at 299.

Based on the pleadings, Plaintiffs are not asking this Court to review a final state-court judgment.[3] The sources of Plaintiffs' injuries are the denials of their requests for copies of judicial records. The injuries Plaintiffs allege in this lawsuit do not arise from the allegedly erroneous transcripts. Plaintiffs' prayer for relief is access to audio recordings of their proceedings. Plaintiffs have not asked the Court to conclude that the transcripts used in their state court appeals contained errors or that the decisions reached in state courts were in error. *Rooker-Feldman* does not apply.

Accordingly, the Court rejects the findings of fact and conclusions of law related to the recommendation that this lawsuit constitutes a collateral attack on the final judgment of a state court proceeding.

### 3. Other Arguments Raised in Defendants' Motions

Defendants raised arguments other than the two addressed by the magistrate judge, arguments not addressed in the Report and Recommendation. Some of those arguments are not properly brought as Rule 12(b)(6) arguments (*e.g.,* failure to exhaust administrative remedies). Others suffer the same problems as Defendants' *Rooker-Feldman* argument in

---

[3] Importantly, Defendants filed motions based on Rule 12(b)(6). The Court considers only the allegations in the complaint and those documents attached to the complaint. To his motion to dismiss, Defendant Mead attached a copy of a complaint filed by Plaintiffs Patrick and Claudette Greenhoe in the Bay County Circuit Court. (ECF No. 14-6.) That complaint raised the same First Amendment claim brought here. Plaintiffs mentioned the lawsuit, without describing the claims. (Compl. ¶ 28 n.1 PageID.45.) Plaintiffs attached the judgment, which dismissed the lawsuit for lack of subject matter jurisdiction. (ECF No. 2-9.) The Court has not considered whether the judgment in that lawsuit functions as a basis for invoking *Rooker-Feldman* as to the Greenhoe's claims.

that Defendants believe the transcript has something to do with Plaintiffs' claims (*e.g.*, lack of standing because of the failure to raise the issue of inaccurate transcripts in the Court of Appeals). The Court declines to consider Defendants' alternative arguments at this point and Defendants may, if properly presented and supported, raise them at a later point should this lawsuit proceed.

For these reasons, the Report and Recommendation (ECF No. 33) is **ADOPTED IN PART** as the Opinion of this Court only as to the recommendation that Plaintiffs' motion to strike be granted. For all other findings of fact and conclusion of law, the Report and Recommendation is **REJECTED.** Plaintiffs' motion to exclude exhibits (ECF No. 20 is **GRANTED.** Defendants' dispositive motions (ECF Nos. 12, 14, and 16) are **DENIED.** Defendants shall file answers to the complaint within the time provided by the rules. **IT IS SO ORDERED.**

Date: March 10, 2020                                                         /s/ Paul L. Maloney
                                                                             Paul L. Maloney
                                                                             United States District Judge