EXHIBIT
1
OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**

KOLU STEVENS;
PATRICK GREENHOE; and
CLAUDETTE GREENHOE;
Plaintiffs,

v.

THOMAS P. BOYD, in his official capacity as the Administrator of the Michigan State Court Administrative Office as successor to MILTON L. MACK, JR.;

KIM B. MEAD, in his personal capacity and in his official capacity as Bay County Probate Court Administrator; and

WILLIAM M. HEFFERAN, in his personal capacity and in his official capacity as Antrim County Circuit Court – Family Division Administrator,
Defendants
_____________________________________/

Case No.: 18-cv-757
Honorable Paul L. Maloney

**SECOND AMENDED COMPLAINT**

OUTSIDE LEGAL COUNSEL PLC
PHILIP L. ELLISON (P74117)
Attorney for Plaintiffs
PO Box 107
Hemlock, MI 48626
(989) 642-0055
pellison@olcplc.com

HEATHER S. MEINGAST (P55439)
MI DEPT ATTORNEY GENERAL
Attorney for Defendant Mack/Boyd
P.O. Box 30217
Lansing, MI 48909
(517) 373-4875
meingasth@michigan.gov

AMBER L. DAVIS-JOHNSON (P52811)
Attorney for Defendant Mead
515 Center Ave., Ste. 402
Bay City, MI 48708
(989) 895-4131
johnsona@baycounty.net

GREGORY R. GRANT (P68808)
Cummings McClorey Davis & Acho
Attorneys for Defendants Hefferan/Mead
310 W Front Street, Suite 221
Traverse City, MI 48681-2800
(231) 922-1888
ggrant@cmda-law.com

---

**SECOND AMENDED COMPLAINT**

PROPOSED

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

PROPOSED

NOW COMES Plaintiff KOLU STEVENS, PATRICK GREENHOE, and CLAUDETTE GREENHOE by and through counsel, and complains as follows:

**PARTIES**

1. Plaintiff KOLU STEVENS is a resident of Antrim County.

2. Plaintiff PATRICK GREENHOE is a resident of Bay County.

3. Plaintiff CLAUDETTE GREENHOE is a resident of Bay County.

4. As of March 23, 2020, Defendant THOMAS P. BOYD holds the head position of Administrator of Michigan's State Court Administrative Office and is sued only in his official capacity as the successor to MILTON L. MACK, JR, see FRCP 25(d) and **Exhibit J.**

5. Defendant KIM B. MEAD is and holds the position of Administrator of the Bay County Probate Court and is sued in both his personal and official capacities.

6. Defendant WILLIAM HEFFERAN is and holds the position of Administrator of the Antrim County Circuit Court – Family Division and is sued in both his personal and official capacities.

**JURISDICTION**

7. This is a civil action brought pursuant to 42 U.S.C. § 1983 seeking relief against Defendants for violations of the First Amendment to the United States Constitution.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

PROPOSED

## GENERAL ALLEGATIONS

### The Greenhoes

8. Plaintiffs PATRICK GREENHOE and CLAUDETTE GREENHOE were part of and parties to a probate court case captioned as *In re Estate of John Kuflewski*, Bay County Probate Court Case No. 14-049781-DE (hereinafter "Kuflewski Case").

9. The Kuflewski Case was assigned to now retired judge Kenneth W. Schmidt.

10. After an adverse outcome, Plaintiffs PATRICK GREENHOE and CLAUDETTE GREENHOE challenged Judge Schmidt's decision to the Michigan Court of Appeals.

11. The case was assigned as Michigan Court of Appeals Case No. 327848.

12. After the case was at the Court of Appeals, Plaintiffs PATRICK GREENHOE and CLAUDETTE GREENHOE reviewed the transcripts produced for the appeal and noticed substantial errors and misstatements in the transcripts.

13. Plaintiffs PATRICK GREENHOE and CLAUDETTE GREENHOE have taken numerous actions to confirm that the transcripts produced for the Court of Appeals challenge had errors which they believe were outcome determinative.

14. Actions included filing a complaint with the Court Administrator, the Administrative Offices of the Michigan Supreme Court, and the Michigan Court Reporting and Recording Board of Review to no avail.

15. Particularly, and of importance to this case, Plaintiffs PATRICK GREENHOE and CLAUDETTE GREENHOE sought from Defendant KIM B. MEAD access to the digital audio-recordings made and kept as part of the official proceedings of the Kuflewski Case.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

PROPOSED

16. None of the proceedings of the Kuflewski Case were closed to the public.

17. None of the proceedings of the Kuflewski Case were held in chambers.

18. None of the relevant records or proceedings of the Kuflewski Case were placed under seal or under a case-specific protective order.

19. The Bay County Probate Court is required to retain these audio-recordings of the Kuflewski Case and protect the same from disposal under *General Records Retention and Disposal Schedules*.

20. The audio-recordings of the Kuflewski Case are court records.

21. Access to and copies of the audio-recordings of the proceedings of the Kuflewski Case were denied to Plaintiffs PATRICK GREENHOE and CLAUDETTE GREENHOE by Defendant KIM B. MEAD.

22. On April 21, 2017, counsel for Plaintiffs PATRICK GREENHOE and CLAUDETTE GREENHOE wrote to Defendant KIM B. MEAD making and reaffirming their formal demand to allow these Plaintiffs and their counsel "to inspect and reasonably make (or obtain) crisp copies of the audio recordings of the proceedings of the case captioned as *In re Estate of John Kuflewski*, Bay County Probate Court Case No. 14-49781-DE by Friday, April 28, 2017."

23. A copy of this demand is attached as **Exhibit A**.

24. On April 25, 2017, Defendant KIM B. MEAD denied access to the audio-recordings based upon Bay County Probate Court Administrative Order 2014-01J.

25. A copy of the April 25, 2017 response by KIM B. MEAD is attached as **Exhibit B**.

26. Plaintiffs PATRICK GREENHOE and CLAUDETTE GREENHOE were not parties or under the personal jurisdiction of the Bay County Probate Court when this administrative order/regulation was issued.

27. A copy of Administrative Order 2014-01J is attached as **Exhibit C**.

28. Plaintiffs PATRICK GREENHOE and CLAUDETTE GREENHOE have no other means to appeal or otherwise by local action challenge the Administrative Order 2014-01J except by this legal action.[1]

29. As individuals seeking access to court records, Plaintiffs PATRICK GREENHOE and CLAUDETTE GREENHOE have a special interest warranting receipt of the court records requested to confirm that the transcripts produced for the Court of Appeals challenge had errors which were outcome determinative.

**Kolu Stevens**

30. Plaintiff KOLU STEVENS was part of and parties to a family division court case captioned as *In re Stevens*, Antrim County Circuit Court – Family Division Case No. 16-7652-NA (hereinafter "Stevens Case").

31. The Stevens Case was assigned to state court judge Norman R. Hayes.

32. After an adverse outcome, Plaintiff KOLU STEVENS challenged Judge Hayes' decision to the Michigan Court of Appeals.

33. The case was assigned as Michigan Court of Appeals Case No. 339681.

[1] Plaintiffs attempted to seek relief in Bay County Circuit Court as the state court of general jurisdiction and the assigned jurist, Judge Michael Beal, concluded that Michigan circuit courts lack any subject matter jurisdiction to provide relief relevant relief. See **Exhibit I**.



OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

PROPOSED

34. After the case was at the Court of Appeals, Plaintiff KOLU STEVENS reviewed the transcripts produced for the appeal and noticed substantial errors and misstatements in the transcripts.

35. None of the proceedings of the Stevens Case were closed to the public.

36. None of the proceedings of the Stevens Case were held in chambers.

37. None of the relevant records or proceedings of the Stevens Case were placed under seal or under a case-specific protective order.

38. The Antrim County Circuit Court – Family Division is required to retain these audio-recordings of the Stevens Case and protect the same from disposal under *General Records Retention and Disposal Schedules*.

39. The audio-recordings of the Kuflewski Case are court records.

40. On June 15, 2018, counsel for Plaintiff KOLU STEVENS wrote to Defendant WILLIAM M. HEFFERAN making her formal demand to allow Plaintiff KOLU STEVENS and her counsel "to inspect and reasonably make (or obtain) crisp copies of the audio recordings of the proceedings of the case captioned as *In re Stevens*, Antrim County Circuit Court – Family Division Case No. 16-7652-NA by Friday, June 29, 2018."

41. A copy of this demand is attached as **Exhibit D**.

42. On June 22, 2018, Defendant WILLIAM M. HEFFERAN denied access to the audio-recordings based upon Antrim County Circuit Court Administrative Order 2015-1.

43. A copy of the June 22, 2018 response from Defendant WILLIAM M. HEFFERAN is attached as **Exhibit E**.



OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

PROPOSED

44. A copy of Antrim County Circuit Court Administrative Order 2015-1 is attached as **Exhibit F**.

45. Plaintiff KOLU STEVENS was not a party or under the personal jurisdiction of the Antrim County Circuit Court when this administrative order/regulation was issued.

46. Plaintiff KOLU STEVENS has no other means to appeal or otherwise challenge the Administrative Order 2015-1 except by this legal action.

47. As an individual seeking access to court records, Plaintiff KOLU STEVENS have a special interest warranting receipt of the records requested to confirm that the transcripts produced for the Court of Appeals challenge had errors which were outcome determinative.

***Local Administrative Orders***

48. Michigan's State Court Administrative Office is the administrative agency of the Michigan state courts that aids in the administration of the state trial courts of Michigan.

49. As of March 23, 2020, Defendant THOMAS P. BOYD is the administrator in charge of Michigan's State Court Administrative Office and is named in his official capacity, see **Exhibit J**.

50. As part of its duties, Michigan's State Court Administrative Office drafts and proposes local administrative orders governing internal local court management.

51. Michigan trial courts are mandated by Michigan's State Court Administrative Office to issue local administrative orders (LAOs) to establish court policies for regulating certain functions and procedures.

PROPOSED

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

52. One of those orders is known as "Access, Inspection, Reproduction, and Creation of Records" or common known as Model LAO 8. See **Exhibits G and H**.

53. As a result, many (if not all) local administrative orders for "access, inspection, reproduction, and creation of records" are controlled by the standards set forth by Defendant THOMAS P. BOYD in his official capacity.

54. Antrim County Circuit Court Administrative Order 2015-1 and Bay County Probate Court Administrative Order 2014-01J are, in substantive part, identical.

55. Under Michigan law, the audio "court recordings… and all other records such as tapes, backup tapes, discs, and any other medium used or created in the making of a record of proceedings [hereinafter "ACRs"] and kept pursuant to MCR 8.108 are court records," see MCR 8.119(F).

56. Under MCR 8.119(H), "[e]very court shall adopt an administrative order pursuant to MCR 8.112(B) to... establish a policy for whether to provide access for records defined in subrule (F) and if access is to be provided, outline the procedure for accessing those records."

57. As such, the chief judge of every court has certain discretion to control how ACRs are maintained and are made publicly available; however, the exercise of that discretion must be done consistent with the constitutional obligations mandated by the First Amendment of the United States Constitution.

58. In applying the requirements of MCR 8.119(H), Model LAO 8, as drafted by and directed by Defendant THOMAS P. BOYD in his official capacity, requires the local courts to adopt as follows:

PROPOSED

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

> 7. Access to court recordings, log notes, jury seating charts, and other media of court proceedings made pursuant to MCR 8.108 *[**select one**]* [is permitted in accordance with this order] [is not permitted].
>
> *[If the court provides access to audio or video recordings, log notes, tapes, discs, or any other medium used or created in the making of a record of proceedings and kept pursuant to MCR 8.108, outline the procedure for requesting access, including the amount of time to retrieve and make the recording available, e.g., 24 hours, and any restrictions regarding to whom access to an audio or video recording is limited (e.g. parties in the case), viewing location, etc.]*
>
> 8. Copies of court recordings, log notes, jury seating charts, and other media of court proceedings made pursuant to MCR 8.108 *[**select one**]* [are not available] [are available as provided by this order for $(insert per DVD cost) *[select an amount no less than $2.00 and no more than $20.00]* per DVD for recordings and other media in electronic format and $(insert per page cost) *[select an amount no less than $.25 and no more than $2.00]* per page for log notes and jury seating charts if available only in paper].
>
> *[If the court provides copies of audio or video recordings, log notes, tapes, discs, or any other medium used or created in the making of a record of proceedings and kept pursuant to MCR 8.108, outline the procedure for requesting copies, including the amount of time to retrieve and make a copy of the recording (e.g., 24 hours), any restrictions regarding to whom a copy of an audio or video recording is limited (e.g. parties in the case), and restrictions on use of the copy (e.g. no duplication, publishing, or altering).]*

**Exhibit G, ¶¶7-8 (bolding added).**

59. If a local court selects to make ACRs not available as presented, it is violating the First Amendment of the United States Constitution.

60. Both Antrim County Circuit Court Administrative Order 2015-1 and Bay County Probate Court Administrative Order 2014-01J selected the option presented by Defendant THOMAS P. BOYD in his official capacity to *not* make ACRs available for inspection or copying.



OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

PROPOSED

61. As such, Plaintiffs' First Amendment rights have been violated directly or via general conspiracy as applied in both Antrim County Circuit Court Administrative Order 2015-1 and Bay County Probate Court Administrative Order 2014-01J.

**COUNT I**
**VIOLATION OF FIRST AMENDMENT**
**42 U.S.C. § 1983**

62. The previous paragraphs are realleged herein as if stated word for word herein.

63. Plaintiffs KOLU STEVENS, PATRICK GREENHOE, and CLAUDETTE GREENHOE have a First Amendment right of access that extends to certain court records in connection with judicial proceedings, including the real-time audio recording of proceedings (i.e. the ACRs) in the Kuflewski Case and the Stevens Case.

64. At the time these ACRs were made, the proceedings of the Kuflewski Case and the Stevens Case were open and observable by the press and general public.

65. Antrim County Circuit Court Administrative Order 2015-1, Bay County Probate Court Administrative Order 2014-01J, and/or Model LAO 8 fails to have any specific, on the record findings, demonstrating that closure is essential to preserve higher values and/or fails to be narrowly tailored to serve that interest under *Press-Enterprise Co. v. Superior Court of Cal., Riverside Cty.*, 464 U.S. 501, 510 (1984) (hereinafter "*Press-Enterprise I*") and *Press-Enterprise Co. v. Superior Court of Cal., County of Riverside*, 478 U.S. 1, 13-14 (1986).

66. Access to the ACRs play a significant positive role in the functioning of the Kuflewski Case and the Stevens Case and will instill confidence in the judiciary by confirming or not whether official transcripts of undertaken proceedings are full, complete, and accurate.



OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

PROPOSED

67. By denying access and denying access or copies of the ACRs in the Kuflewski Case and the Stevens Case, Defendants individually and/or in conspiratorial agreement violated the First Amendment rights of Plaintiffs.

68. Defendants have violated the First Amendment of the United States Constitution both individually and in conspiratorial agreement.

69. To the extent that any Defendant relied or relies upon Antrim County Circuit Court Administrative Order 2015-1 and Bay County Probate Court Administrative Order 2014-01J, said Administrative Order(s) is/are unlawful under the First Amendment of the United States Constitution.

**RELIEF REQUESTED**

70. WHEREFORE, Plaintiffs KOLU STEVENS, PATRICK GREENHOE, and CLAUDETTE GREENHOE respectfully requests this Court to—

a. Enter an order enjoining Defendants from refusing the ability of Plaintiffs KOLU STEVENS, PATRICK GREENHOE and CLAUDETTE GREENHOE to inspect and reasonably make (or obtain) crisp copies of the audio recordings of the proceedings (i.e. the ACRs) held from the Kuflewski Case and the Stevens Case to the extent not prohibited pursuant to the Eleventh Amendment to the United States Constitution;

b. To the extent Antrim County Circuit Court Administrative Order 2015-1, Bay County Probate Court Administrative Order 2014-01J, and/or Model LAO 8 precludes access or to reasonably make copies of ACRs held from the Kuflewski Case and the Stevens Case, enter a declaratory judgment finding Antrim County Circuit Court Administrative Order 2015-1, Bay County

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

PROPOSED

Probate Court Administrative Order 2014-01J, and/or Model LAO 8 violates the First Amendment to the United States Constitution;

c. Award nominal damages against Defendants KIM B. MEAD and WILLIAM M. HEFFERAN in their personal capacities;

d. Award all attorney fees, costs, and disbursements permitted by law including 42 U.S.C. § 1988; and

e. Grant all other relief warranted and needed for this case.

Date: March __, 2020

RESPECTFULLY SUBMITTED:

/s/ DRAFT
OUTSIDE LEGAL COUNSEL PLC
BY PHILIP L. ELLISON (P74117)
Attorney for Plaintiffs
PO Box 107
Hemlock, MI 48626
(989) 642-0055
(888) 398-7003 - fax
pellison@olcplc.com

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

PROPOSED

EXHIBIT
A
OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

OLC Outside Legal Counsel

**Correspondence from Philip L. Ellison, MBA, JD, Esq**
Business Counselor & Attorney at Law
pellison@olcplc.com

April 21, 2017
*SENT VIA US MAIL, EMAIL, & FAX*

Kim B. Mead, Administrator
Bay County Probate Court
1230 Washington Ave
Bay City, MI 48708

Fax: (989) 895-4099
Email: meadk@baycounty.net

***Re: Demand for Access to Audio Recordings of Proceedings***

Dear Mr. Mead:

This law office serves as legal counsel to Patrick and Claudette Greenhoe. This law firm practices in the area of government transparency and has successfully litigated access to government records wrongfully and improperly kept secret by branches of government. Recent examples of our work can be reviewed in prior appellate court cases. E.g. *Bitterman v Village of Oakley*, 309 Mich App 53 (2015); *Booth v Dep't of Corrections*, 2016 Mich. App. LEXIS 2229 (2016).

In July 2016, my clients sought a copy of the audio file(s) of proceedings created by the Bay County Probate Court Recorder in a case captioned as *In re Estate of John Kuflewski*, Bay County Probate Court Case No. 14-49781-DE. My clients were parties and witnesses in this case and have a special interest in these records.

Since testifying and the decision rendered, my clients, through another law firm, appealed the outcome to the Michigan Court of Appeals. In review of the transcripts of the proceedings, my clients clearly noticed serious and substantial errors in the transcript, to the point of questioning the validity, accuracy, completeness, and faithful production of the legally-created transcripts. My clients assert that the transcripts appear intentionally or at least negligently created, and contain more than just de minimis missing or misstated content. Access to these recordings would result in clear resolution of whether there has been fraud on the trial court and/or the Court of Appeals.

Since that time, my clients have attempted to access copies of the court's audio files. On July 28, 2016, you wrote to Ms. Greenhoe seemingly denying access to the record pursuant to Administrative Order 2014-01J (Probate Court). Such an order, if in effect, is in direct violation of Michigan law, issued in excess of judicial authority, and contrary to the common law right of access to probate



**Great Lakes Bay Region**
PO Box 107
Hemlock, MI 48626
Direct (989) 642-0055
Fax (888) 398-7003
**www.olcplc.com**

court records. To the extent you will continue to rely upon, this law office is prepared to challenge the legality of the local administrative order.

This issue of right-of-access has already been resolved by the appellate courts. Well known to this State is the *Burton* rule—that citizens have the general right of free access to, and public inspection of, public records. *Burton v. Tuite,* 78 Mich 363 (1889). Such a right has been previously extended to probate court records. *Booth Newspapers, Inc v Muskegon Probate Judge*, 15 Mich App 203 (1968). This is because a citizen's accessibility to public records must be given the broadest possible effect. *Nowack v Auditor General*, 243 Mich 200 (1928); see also OAG, 1961-1962, No 3590, pp 581, 587. An audio recording by the court recorder is a part of the public record and are publicly accessible. MCR 8.119(F)("Court recordings"… "are court records"…). A member of the public may obtain copies. MCR 8.119(H)(1).

As such, in reviewing your letter of July 28, 2016 (copy attached), it was not clear whether you were aware that Mr. and Ms. Greenhoe were seeking to invoke their common-law right to access and copy court recordings as public records. From my understanding, this court case is not sealed, under protective order, or part of some other case-specific prohibition of access.

To the extent you believed otherwise, please allow this letter to serve as formal demand to allow my clients (and myself) to inspect and reasonably make (or obtain) crisp copies of the audio recordings of the proceedings of the case captioned as *In re Estate of John Kuflewski*, Bay County Probate Court Case No. 14-49781-DE by Friday, April 28, 2017. The Probate Court is required to have these records retained and protected from disposal under *General Records Retention and Disposal Schedule #16*.

Absent access and the opportunity to make needed copies, my clients will be commencing litigation and/or seeking a writ of superintending control to require access to these recordings under the common-law right of access via *Booth*, *Novak*, and its progeny and/or challenge the use of Court Rules, MCR 8.119(F) and (H)(1).

Resolution of this issue is easy and inexpensive (by precluding litigation) by simply providing access to the recordings or alternatively making arrangements for crisp copies of the audio files at my clients' expense.

Please contact my office to make all necessary arrangements.

Your prompt attention is appreciated.

Best regards,

Philip L Ellison

Philip L. Ellison, MBA, JD, Esq.
Attorney at Law

CC: Honorable Dawn A. Klida, Chief Judge
Client Litigation File
Clients

#4

# 18th JUDICIAL CIRCUIT COURT
# 74th JUDICIAL DISTRICT COURT

1230 Washington Avenue
Bay City, Michigan 48708-0010

KIM B. MEAD
Court Administrator

Phone: (989) 895-4266
Fax: (989) 895-4099
meadk@baycounty.net

July 28, 2016

Mrs. Claudette Greenhoe
1801 S. Jefferson St.
Bay City, MI 48708

Mrs. Greenhoe:

I am responding to your request for a disc containing the audio recordings in the case 14-49781-DE – Estate of John H. Kuflewski.

Per Administrative Order 2014-01J (Probate Court) *Inspection, reproduction, and creation of court records*, approved by the State Court Administrative Office on December 16, 2014, "copies of court recordings, log notes, . . . are not available." Please see attached copy of the Administrative Order.

A copy of the court proceeding is obtainable by ordering a hardcopy transcript of the hearing.

Sincerely,

KBMead

Kim Brian Mead
Administrator

# 18th JUDICIAL CIRCUIT COURT
# 74th JUDICIAL DISTRICT COURT

1230 Washington Avenue
Bay City, Michigan 48708-0010

**KIM B. MEAD**
Court Administrator

Phone: (989) 895-4266
Fax: (989) 895-4099
meadk@baycounty.net

EXHIBIT
B
OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

April 25, 2017

Mr. Philip L. Ellison, Esq.
Outside Legal Counsel, PLC
P. O. Box 107
Hemlock, Michigan 48626

Dear Mr. Ellison:

This letter is to serve as receipt of your letter dated April 21, 2017.

The court has fully complied with the request of Mr. Patrick Greenhoe. Audio files are not available pursuant to the Court's Administrative Order 2014-01J (Probate Court) *Inspection, reproduction, and creation of court records.*

Sincerely,

Kim Brian Mead
Administrator

C: Honorable Dawn A. Klida, Chief Judge
Honorable Joseph K. Sheeran, Chief Judge Pro-Tempore
file

EXHIBIT
C
OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

**STATE OF MICHIGAN**
**IN THE 18TH CIRCUIT COURT FOR THE COUNTY OF BAY**

Administrative Order: Circuit 2014-03S
District 2014-04S
Probate 2014-01S

Rescinds Administrative Order: Circuit 2007-17
District 2000-02
Probate 1990-01

**IN RE: INSPECTION, REPRODUCTION, AND CREATION OF COURT RECORDS**

**IT IS ORDERED:**

This administrative order is issued in accordance with Michigan Court Rules 8.119(H)and 8.110(C)(7). The purpose of this order is to regulate requests for inspection and reproduction ofpubliccourt case records and to allow flexibility in providing approved court forms or creating new case records.

The clerk may not permit any case record to be taken from the court without the order of the court. A court may provide access to the public information in a register of actions through a publicly accessible website; however, all other public information in its case records may be provided through electronic means only upon request.

1. Court recordsaddressed by this administrative order include:

   a) Records Kept by the Clerk of the Court. This includes case files, registers of action, numerical and alphabetical indexes,and calendars. MCR 8.119(D).

   b) Court Recordings, Log Notes, Jury Seating Charts, and Other Media. This includes video/audio/digital court recordings, notes, tapes, logs, backup tapes, discs, and any other medium used or created in the making of a record of proceedings and kept pursuant to MCR 8.108. MCR 8.119(F).

2. Procedures for inspecting and reproducing nonpublic information and records are set forth in Component 19 of the Michigan Trial Court Case File Management Standards, chart of Nonpublic and Limited-Access Court Records, Local Administrative Order 1 (Friend of the Court records),and Administrative Order 2006-2, Privacy Policy and Access to Records.

3. A list of court records, including those defined in MCR 8.119(E), that are not subject to public inspection is contained in the chart of Nonpublic and Limited-Access Court Records.

4. Court records are not subject to Freedom of Information Act requests. MCL 15.232(d)(v) specifically exempts the judiciary from the Freedom of Information Act.

5. In accordance with MCR 8.110(C)(7), the court shall provide litigants with forms approved by the state court administrator at the cost of $1.00 per form.

   (a) Parties will be limited to a maximum of five (5) copies per each type of form requested.

   (b) There will be no charge for forms requested by court-appointed attorneys on cases to which they have been appointed or for indigent parties.

   (c) There will be no charge for forms prepared by the court.

   (d) The circuit court or clerk of the court may not charge a fee for pro se forms for personal protection proceedings or motion forms for criminal post appeal relief. MCL 600.2950, 600.2950a, MCR 6.502(C) (15).

6. Any person may inspect, at no charge, any case recordor information contained in those records, regardless of format, unless access is restricted by statute or court rule, or a court order entered pursuant to MCR 8.119(I) and may obtain copies subject to the following regulations established in accordance with MCR 8.119(J).

   (a) General

      (i) All requests for case records identified in this administrative order and/or copies must be made on a "File/Copy Request Form" and must specify a complete case number or party names except as provided in (b)(iii) below.

      (ii) Persons who do not have a complete case number or party names may review available case indexes to identify and select specific cases for inspection.

      (iii) Caserecords shall be reviewed at the public counter unless, in the discretion of court supervisory personnel, approval is granted to review records in the clerk's office based on available space, the type and number of records to be reviewed, and the length of time necessary to review them. Requests to photograph documents in a case file are permitted at the discretion of the court and must be done with clerk supervision to prevent the requester from disassembling the file to take photographs.

      (iv) Ensuring the right of immediate access to and public inspection of court records shall be a top priority, but may be limited by the availability of court staff to supervise the inspection.

   (b) Access

      (i) Requests for access to no more than five (5) specific case files will be accommodated within one hour unless the files are not in the active file area. Requests for specific case records in storage will be accommodated within three

working days.

(ii) Requests for access to more than five (5) specific case files will be accommodated within a reasonable amount of time, depending on the total number of case files requested and the availability of court staff.

(iii) Case information requests from other courts that lack specific case numbers or party names shall be researched by this court. Requested information will be provided at no charge.

(iv) Requests to perform general traffic or criminal record checks that do not have specific case numbers or party names will not be researched by the court. They will be referred to the appropriate state agencies to obtain this information or to the available indexes referred to under subsection 6(a) (ii).

(v) Requests for the wholesale review of particular types of case records will only be considered if, in the court's discretion, the request will not unreasonably interfere with the discharge of court functions. The court is not required to develop special procedures for the convenience or cost/benefit of persons requesting access. This includes providing the means to access or reproduce the contents of materials that have been filed with the court pursuant to MCR 1.109(C)(2) that are in a medium for which the court does not have the means to readily access and reproduce those materials. With these types of requests, the court may specify the date, time, and manner in which access is to be granted. It will be the responsibility of those persons requesting access to make prior, acceptable arrangements with the court.

(c) Copies

(i) The court will provide limited copies of documents (fewer than 25 total pages) at a cost of $1.00within one hour of the request for copies, except that copies of transcripts filed with the court shall not exceed $.30 per page pursuant to MCL 600.2543.

(ii) Requests for more than 25 total copies of documents will be accommodated within a reasonable amount of time as determined by the (1) total number of pages to be copied, (2) availability of court staff and photocopying equipment, and (3) nature of the request, such as the degree to which court staff is required to identify, select, and review documents to be copied.

(iii) In order to preserve and maintain the integrity of court records and to prevent unreasonable interference with the discharge of court functions, persons will not be permitted to copy or otherwise duplicate court records using their own equipment.

(d) New Record Creation

(i) Requests for creation of a new record, as defined in MCR 8.119(J)(4), will be

granted only if creating the new record will not unreasonably interfere with the discharge of court functions. If granted, the request will be accommodated within a reasonable amount of time dependent upon the availability of sufficient public data within the body of case records (includingrelated databases),and the ease in which those records can be identified and compiled.

(ii) Costs to provide a new record may not exceed theactual cost of labor and supplies and the actual use of the system to develop, generate, and validate the accuracy of the record.

7. Access to court recordings, log notes, jury seating charts, and other media of court proceedings made pursuant to MCR 8.108 is not permitted.

8. Copies of court recordings, log notes, jury seating charts, and other media of court proceedings made pursuant to MCR 8.108 are not available.

HON. KENNETH W. SCHMIDT (P25211)
Chief Judge

Effective Date: ______________

SCAO Approval: ____________

EXHIBIT
D
OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

Outside Legal Counsel

**Correspondence from Philip L. Ellison, MBA, JD, Esq**
Business Counselor & Attorney at Law
pellison@olcplc.com

June 15, 2018
*SENT VIA US MAIL & EMAIL*

William Hefferan, Court Administrator
Antrim County Circuit Court – Family Division
203 E. Cayuga St.
Bellaire, MI 49615

Email: hefferanw@antrimcounty.org

***Re: Demand for Access to Audio Recordings of Proceedings***

Dear Mr. Hefferan

This law office serves as legal counsel to Kolu Stevens. This law firm practices in the area of government transparency and has successfully litigated access to government records wrongfully and improperly kept secret by branches of government. Recent examples of our work can be reviewed in prior appellate court cases. E.g. *Bitterman v Village of Oakley*, 309 Mich App 53 (2015); *Booth v Dep't of Corrections*, 2016 Mich. App. LEXIS 2229 (2016).

In June 2017, my client was part of a trial before Judge Norman R. Hayes in a case captioned as *In re Stevens*, Antrim County Circuit Court - Family Division Case No. 16-7652-NA. The dates in question are June 8, 2017, June 9, 2017, June 22, 2017, and June 26, 2017. My client was a party in this case and has a special interest in needing access to the audio recordings of the proceedings undertaken. Since testifying and the final decision rendered, my client, through another law firm, appealed the outcome to the Michigan Court of Appeals. In review of the transcripts of the proceedings, my client clearly noticed serious and substantial errors in the transcript, to the point of questioning the validity, accuracy, completeness, and faithful production of the legally-created transcripts. My client asserts that the transcripts contain more than just de minimis missing or misstated content. Access to the audio recordings kept as court records would result in clear resolution of whether there has been fraud on the trial court and/or the Court of Appeals.

Please allow this letter to serve as formal demand to allow my client to inspect and reasonably make (or obtain) crisp copies of the audio recordings of the proceedings of the case captioned as *In re Stevens*, Antrim County Circuit Court - Family Division Case No. 16-7652-NA by Friday, June 29, 2018. The Court is required to have these recordings retained and protected from disposal under the *General Records Retention and Disposal Schedules*.

**Great Lakes Bay Region**
PO Box 107
Hemlock, MI 48626
Direct (989) 642-0055
Fax (888) 398-7003

From my understanding, this court case is not sealed, under protective order, or part of some other case-specific prohibition of access.

Please contact my office to make all necessary arrangements.

Your prompt attention is appreciated.

Best regards,

Philip L Ellison

Philip L. Ellison, MBA, JD, Esq.
Attorney at Law

CC: Client Litigation File
Clients

EXHIBIT E
OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

STATE OF MICHIGAN

ANTRIM COUNTY FAMILY DIVISION
&
ANTRIM COUNTY PROBATE COURT

205 E. CAYUGA, P.O. BOX 130
BELLAIRE, MI 49615
(231) 533-6681
FAX (231) 533-6600
probatecourt@antrimcounty.org

HON. NORMAN R. HAYES
PROBATE & FAMILY DIVISION JUDGE

WILLIAM M. HEFFERAN
ADMINISTRATOR

June 22, 2018

Mr. Philip L. Ellison
P.O Box 107
Hemlock, MI 48626

Re: Demand for Access to Audio Recordings of Proceedings

Dear Mr. Ellison,

Yesterday I received, via US Mail, your correspondence dated June 15, 2018 in regards to Antrim County Family Division Case No. 16-7652-NA. I am enclosing LAO 2015-1 **Access, Inspection, Reproduction, and Creation of Court Records.** Please note sections #7 and #8, which prohibit me from complying with your request.

You also indicated that your client, Ms. Stevens, believes there are *"......serious and substantial errors in the transcript....."*. This is an allegation that a complainant would address with the Court Reporting and Recording Board of Review.

Please also note your correspondence indicates SENT VIA US MAIL & EMAIL. I did not receive via the latter medium, and caution persons that the County's email security system can intercept unfamiliar senders without my knowledge.

Sincerely,

William M. Hefferan
Family Division Administrator

Jones

EXHIBIT
F
OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

State of Michigan

Thirteenth Judicial Circuit
328 WASHINGTON STREET, SUITE 300
TRAVERSE CITY, MICHIGAN 49684
(231) 922-4701
c13court@grandtraverse.org
www.13thcircuitcourt.org

PHILIP E. RODGERS, JR.
THOMAS G. POWER
CIRCUIT JUDGES

COUNTIES
ANTRIM
GRAND TRAVERSE
LEELANAU

TERI QUINN
Court Administrator

State Court Administrative Office
Local Administrative Order 8 – Access, Inspection,
Reproduction and Creation of Court Records
Administrative Order 2015-1
Rescinds Local Administrative Order 2009-1

**ACCESS, INSPECTION, REPRODUCTION, AND CREATION OF COURT RECORDS**

**IT IS ORDERED:**

This administrative order is issued in accordance with Michigan Court Rules 8.119(H) and 8.110(C)(7). The purpose of this order is to regulate requests for access, inspection, and reproduction of public court case records and to allow flexibility in providing approved court forms or creating new case records.

The clerk may not permit any case record to be taken from the court without the order of the court. The court may provide access to the public information in a register of actions through a publicly accessible website; however, all other public information in its case records may be provided through electronic means only upon request.

1. Court records addressed by this administrative order include:

   a) Records Kept by the Clerk of the Court. This includes case files, registers of action, numerical and alphabetical indexes, and calendars. MCR 8.119(D).

   b) Court Recordings, Log Notes, Jury Seating Charts, and Other Media. This includes video/audio/digital court recordings, notes, tapes, logs, backup tapes, discs, and any other medium used or created in the making of a record of proceedings and kept pursuant to MCR 8.108. MCR 8.119(F).

2. Procedures for accessing, inspecting, and reproducing nonpublic information and records are set forth in Component 19 of the Michigan Trial Court Case File Management Standards, chart of Nonpublic and Limited-Access Court Records, Local Administrative Order 1 (friend of the court records), and Administrative Order 2006-2, Privacy Policy and Access to Records.

3. A list of court records, including those defined in MCR 8.119(E), that are not subject to public access and inspection is contained in the chart of Nonpublic and Limited-Access Court Records.

4. Court records are not subject to Freedom of Information Act requests. MCL 15.232(d)(v) specifically exempts the judiciary from the Freedom of Information Act.

5. In accordance with MCR 8.110(C)(7), the court shall provide litigants with forms approved by the state court administrator at the cost of $.25 per form.

   a) Parties will be limited to a maximum of ten (10) copies per each type of form requested.

   b) There will be no charge for forms requested by court-appointed attorneys on cases to which they have been appointed or for indigent parties.

   c) There will be no charge for forms prepared by the court.

   d) The circuit court or clerk of the court may not charge a fee for pro se forms for personal protection proceedings or motion forms for criminal post-appeal relief. MCL 600.2950, 600.2950a, MCR 6.502(C) (15).

6. Any person may access and inspect, at no charge, any case record or information contained in those records, regardless of means of access and record format, unless access is restricted by statute, court rule, or a court order entered pursuant to MCR 8.119(I) and may also obtain copies subject to the following regulations established in accordance with MCR 8.119(J).

   a) General

      i) All requests to access and inspect case records identified in this administrative order and/or for copies of those records must be made verbally or in writing.

      ii) Persons who do not have a complete case number or party names may review available case indexes to identify and select specific cases for inspection.

      iii) Case records shall be reviewed at the public counter unless, in the discretion of court supervisory personnel, approval is granted to review records in the clerk's office based on available space, the type and number of records to be reviewed, and the length of time necessary to review them.

      iv) Ensuring the right of immediate access to and public inspection of court records shall be a top priority, but may be limited by the availability of court staff to supervise the inspection.

   b) Access

      i) Except for online public case indexes and registers of case action, requests for access and inspection to no more than ten (10) specific case files will be accommodated within one (1) hour unless the files are not in the active file area. Requests for specific case records in storage will be accommodated within one (1) business day.

ii) Requests for access and inspection to more than ten (10) specific case files will be accommodated within a reasonable amount of time, depending on the total number of case files requested and the availability of court staff.

iii) Case information requests from other courts that lack specific case numbers or party names shall be researched by this court. Requested information will be provided at no charge,

iv) Requests to perform general traffic or criminal record checks that do not have specific case numbers or party names will not be researched by the court. They will be referred to the appropriate state agencies to obtain this information or to the available indexes referred to under subsection 6(a)(ii).

v) Requests for the wholesale review of particular types of case records will only be considered if, in the court's discretion, the request will not unreasonably interfere with the discharge of court functions. With these types of requests, the court may specify the date, time, and manner in which access is to be granted. It will be the responsibility of those persons requesting access to make prior, acceptable arrangements with the court.

c) Copies

i) The court will provide copies of case file documents (100 or fewer total pages at a cost of $.50 per page within 1 hour of the request for copies) except that copies of transcripts filed with the court shall not exceed $.30 per page pursuant to MCL 600.2543 and shall be ordered directly from the Court Reporter that produced the transcript.

ii) Requests for more than one-hundred (100) total copies of case file documents will be accommodated within a reasonable amount of time as determined by the (1) total number of pages to be copied, (2) availability of court staff and photocopying equipment, and (3) nature of the request, such as the degree to which court staff is required to identify, select, and review documents to be copied.

iii) In order to preserve and maintain the integrity of court records and to prevent unreasonable interference with the discharge of court functions, persons will not be permitted to copy or otherwise duplicate court records using their own equipment.

d) New Record Creation

i) Requests for creation of a new record, as defined in MCR 8.119(J)(4), will be granted only if creating the new record will not unreasonably interfere with the discharge of court functions. If granted, the request will be accommodated within a reasonable amount of time dependent upon the availability of sufficient public data within the body of case records (including related databases), and the ease in which those records can be identified and compiled.

ii) Costs to provide a new record may not exceed the actual cost of labor and supplies

and the actual use of the system to develop, generate, and validate the accuracy of the record.

7. Access to court recordings, log notes, jury seating charts, and other media of court proceedings made pursuant to MCR 8.108 is not permitted.

8. Copies of court recordings, log notes, jury seating charts, and other media of court proceedings made pursuant to MCR 8.108 are not available.

Effective Date:

Date: 1/22/15

Chief Judge Signature:

**13th CIRCUIT COURT**
**MEMORANDUM**

**TO:** Persons Requesting General Record Checks

**FROM:** Teri Quinn, Court Administrator

Please be advised that per13th Circuit Court Administrative Order 2014-01 a specific case number or the party names are required in order to provide the information you have requested.

If you do not have a specific case number or case name, the following options are available:

1. You may review available case indexes at the 13th Circuit Court to identify and select specific cases for inspection. Please note that this review may only provide information on current or recent 13th Circuit Court cases from this court.

2. A more complete record check may be requested by writing the appropriate state agency. Both the Michigan State Police and Department of State maintain computer information expressly for this purpose.

   (a) To obtain a Criminal Record Check either contact the Michigan State Police Central Records Division at 517-241-0606 or go to the Michigan State Police Website at www.michigan.gov/ichat to obtain information on how to use the Internet Criminal History Access Tool (ICHAT).

   (b) To obtain a Driving (Traffic) Record contact the:

   Michigan Department of State
   Commercial Look-up Unit
   7064 Crowner Drive
   Lansing, Michigan 48918
   Telephone: 517-322-1624

Once you receive complete record checks, you will be able to contact the appropriate police agency or court listed on the records to obtain case-specific information.

The 13th Circuit Court regrets that it cannot reasonably accommodate your request at this time. If you have any additional questions, please contact the court at 231-922-4701 or 13circuit@grandtraverse.org.

EXHIBIT
G
OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

State Court Administrative Office
Model Local Administrative Order 8 – Access, Inspection,
Reproduction, and Creation of Court Records (rev. 10/14)

[LOCAL COURT LETTERHEAD]

Administrative Order [year] - [number]

**<u>ACCESS, INSPECTION, REPRODUCTION, AND CREATION OF COURT RECORDS</u>**

**IT IS ORDERED:**

This administrative order is issued in accordance with Michigan Court Rules 8.119(H) and 8.110(C)(7). The purpose of this order is to regulate requests for access, inspection, and reproduction of public court case records and to allow flexibility in providing approved court forms or creating new case records.

The clerk may not permit any case record to be taken from the court without the order of the court. The court may provide access to the public information in a register of actions through a publicly accessible website; however, all other public information in its case records may be provided through electronic means only upon request.

1. Court records addressed by this administrative order include:

   a) Records Kept by the Clerk of the Court. This includes case files, registers of action, numerical and alphabetical indexes, and calendars. MCR 8.119(D).

   b) Court Recordings, Log Notes, Jury Seating Charts, and Other Media. This includes video/audio/digital court recordings, notes, tapes, logs, backup tapes, discs, and any other medium used or created in the making of a record of proceedings and kept pursuant to MCR 8.108. MCR 8.119(F).

2. Procedures for accessing, inspecting, and reproducing nonpublic information and records are set forth in Component 19 of the <u>Michigan Trial Court Case File Management Standards</u>, chart of Nonpublic and Limited-Access Court Records, Local Administrative Order 1 (friend of the court records), and Administrative Order 2006-2, Privacy Policy and Access to Records.

3. A list of court records, including those defined in MCR 8.119(E), that are not subject to public access and inspection is contained in the chart of Nonpublic and Limited-Access Court Records.

4. Court records are not subject to Freedom of Information Act requests. MCL 15.232(d)(v) specifically exempts the judiciary from the Freedom of Information Act.

5. In accordance with MCR 8.110(C)(7), the court shall provide litigants with forms approved by the state court administrator at the cost of $<u>[insert amount]</u> per form. *[Select an amount no less than $.25 and no more than $1.00.]*

a) Parties will be limited to a maximum of [insert number] copies per each type of form requested.

b) There will be no charge for forms requested by court-appointed attorneys on cases to which they have been appointed or for indigent parties.

c) There will be no charge for forms prepared by the court.

d) The circuit court or clerk of the court may not charge a fee for pro se forms for personal protection proceedings or motion forms for criminal postappeal relief. MCL 600.2950, 600.2950a, MCR 6.502(C) (15).

6. Any person may access and inspect, at no charge, any case record or information contained in those records, regardless of means of access and record format, unless access is restricted by statute, court rule, or a court order entered pursuant to MCR 8.119(I) and may also obtain copies subject to the following regulations established in accordance with MCR 8.119(J).

a) General

i) All requests to access and inspect case records identified in this administrative order and/or for copies of those records must be made [insert court's procedure for requesting records or copies].

ii) Persons who do not have a complete case number or party names may review available case indexes to identify and select specific cases for inspection.

iii) Case records shall be reviewed at the public counter unless, in the discretion of court supervisory personnel, approval is granted to review records in the clerk's office based on available space, the type and number of records to be reviewed, and the length of time necessary to review them.

iv) Ensuring the right of immediate access to and public inspection of court records shall be a top priority, but may be limited by the availability of court staff to supervise the inspection.

b) Access

i) Except for online public case indexes and registers of case action, requests for access and inspection to no more than [insert number] specific case files will be accommodated within [insert amount of time] unless the files are not in the active file area. Requests for specific case records in storage will be accommodated within [insert a number up to a maximum of 10] business days.

ii) Requests for access and inspection to more than [insert number] specific case files will be accommodated within a reasonable amount of time, depending on the total number of case files requested and the availability of court staff.

iii) Case information requests from other courts that lack specific case numbers or party names shall be researched by this court. Requested information will be provided at no charge.

iv) Requests to perform general traffic or criminal record checks that do not have specific case numbers or party names will not be researched by the court. They will be referred to the appropriate state agencies to obtain this information or to the available indexes referred to under subsection 6(a)(ii).

v) Requests for the wholesale review of particular types of case records will only be considered if, in the court's discretion, the request will not unreasonably interfere with the discharge of court functions. With these types of requests, the court may specify the date, time, and manner in which access is to be granted. It will be the responsibility of those persons requesting access to make prior, acceptable arrangements with the court.

c) Copies

i) The court will provide copies of case file documents ([insert number] or fewer total pages) at a cost of $[insert per page cost] [select an amount no less than $.25 and no more than $2.00] within [insert amount of time, e.g., 1 hour] of the request for copies, except that copies of transcripts filed with the court shall not exceed $.30 per page pursuant to MCL 600.2543.

ii) Requests for more than [insert number] total copies of case file documents will be accommodated within a reasonable amount of time as determined by the (1) total number of pages to be copied, (2) availability of court staff and photocopying equipment, and (3) nature of the request, such as the degree to which court staff is required to identify, select, and review documents to be copied.

iii) In order to preserve and maintain the integrity of court records and to prevent unreasonable interference with the discharge of court functions, persons will not be permitted to copy or otherwise duplicate court records using their own equipment [except that if a person requests permission to photograph documents in a case file using a handheld or mobile device and the clerk of the court determines that it will not create unreasonable interference to do so, a person will be permitted to photograph the documents under the supervision of the clerk to prevent the requester from accessing confidential information and disassembling the file in the process]. [*If mobile or handheld devices are permitted in the court facility, and to accommodate a request to photograph documents in a case file using that device, a court may insert the above language*.*]*

d) New Record Creation

i) Requests for creation of a new record, as defined in MCR 8.119(J)(4), will be granted only if creating the new record will not unreasonably interfere with the discharge of court functions. If granted, the request will be accommodated within a reasonable amount of time dependent upon the availability of sufficient public data within the body of case records (including related databases), and the ease in which those records can be identified and compiled.

ii) Costs to provide a new record may not exceed the actual cost of labor and supplies and the actual use of the system to develop, generate, and validate the accuracy of the record.

7. Access to court recordings, log notes, jury seating charts, and other media of court proceedings made pursuant to MCR 8.108 *[select one]* [is permitted in accordance with this order] [is not permitted].

   *[If the court provides access to audio or video recordings, log notes, tapes, discs, or any other medium used or created in the making of a record of proceedings and kept pursuant to MCR 8.108, outline the procedure for requesting access, including the amount of time to retrieve and make the recording available, e.g., 24 hours, and any restrictions regarding to whom access to an audio or video recording is limited (e.g. parties in the case), viewing location, etc.]*

8. Copies of court recordings, log notes, jury seating charts, and other media of court proceedings made pursuant to MCR 8.108 *[select one]* [are not available] [are available as provided by this order for $(insert per DVD cost) *[select an amount no less than $2.00 and no more than $20.00]* per DVD for recordings and other media in electronic format and $(insert per page cost) *[select an amount no less than $.25 and no more than $2.00]* per page for log notes and jury seating charts if available only in paper].

   *[If the court provides copies of audio or video recordings, log notes, tapes, discs, or any other medium used or created in the making of a record of proceedings and kept pursuant to MCR 8.108, outline the procedure for requesting copies, including the amount of time to retrieve and make a copy of the recording (e.g., 24 hours), any restrictions regarding to whom a copy of an audio or video recording is limited (e.g. parties in the case), and restrictions on use of the copy (e.g. no duplication, publishing, or altering).]*

Effective Date:

Date: Chief Judge Signature:

______________________ ____________________________________

**[insert court name and number] COURT**
**MEMORANDUM**

**TO:** Persons Requesting General Record Checks

**FROM:** [insert name], Court Administrator

Please be advised that per [insert court name and number] Court Administrative Order [insert order number], a specific case number or the party names are required in order to provide the information you have requested.

If you do not have a specific case number or case name, the following options are available:

1. You may review available case indexes at the [insert court name and number] Court to identify and select specific cases for inspection. Please note that this review may only provide information on current or recent [insert court name and number] Court cases from this court.

2. A more complete record check may be requested by writing the appropriate state agency. Both the Michigan State Police and Department of State maintain computer information expressly for this purpose.

   (a) To obtain a Criminal Record Check either contact the Michigan State Police Central Records Division at 517-241-0606 or go to the Michigan State Police Website at www.michigan.gov/ichat to obtain information on how to use the Internet Criminal History Access Tool (ICHAT).

   (b) To obtain a Driving (Traffic) Record contact the:

   Michigan Department of State
   Commercial Look-up Unit
   7064 Crowner Drive
   Lansing, Michigan 48918
   Telephone: 517-322-1624

Once you receive complete record checks, you will be able to contact the appropriate police agency or court listed on the records to obtain case-specific information.

The [insert court name and number] Court regrets that it cannot reasonably accommodate your request at this time. If you have any additional questions, please contact the court at [insert contact information].

EXHIBIT H
OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com



# Policies and Procedures

## Local Administrative Orders and Plans, Local Court Rules

### Authority, Scope, and Procedure for Local Order and Plans

A trial court may issue a local administrative order governing only internal court management. Administrative orders must be sequentially numbered during the calendar year of their issuance. Before its effective date an administrative order must be sent to the State Court Administrator. If the State Court Administrator directs, a trial court shall stay the effective date of an administrative order or shall revoke it. A trial court may submit such an order to the Supreme Court as a local court rule. MCR 8.112(B). See Guidelines for Submitting Local Administrative Orders.

### Authority, Scope, and Procedure for Local Court Rules

A trial court may adopt local court rules regulating practice in that court. These rules are not to be in conflict with the Michigan Court Rules and are to regulate matters not covered by the court rules. MCR 8.112(A). If a practice of a trial court is not specifically authorized by the Michigan Court Rules and 1) reasonably depends on attorneys or litigants being informed of the practice for its effectiveness or 2) requires an attorney litigant to do some act in relation to practice before that court, the practice, before enforcement, must be adopted by the court as a local court rule and approved by the Supreme Court. See Guidelines for Submitting Local Court Rules.

### List of Local Administrative Orders and Plans

All trial courts are mandated to issue local administrative orders (LAOs) to establish court policies for regulating certain functions and procedures. In addition to mandated LAOs, a number of LAOs are required under certain circumstances. Model local administrative orders are available for some areas of court management and can be downloaded from this site in Rich Text format.

In the list of LAOs described below, R = Required, RO = Required for Certain Optional Functions, and O = Optional.

⊞ **Access to Friend of the Court Records, revised 10/14 (RO)** (1)

⊞ **Access to Juror Personal History Questionnaire - Examination and Copies for Attorney on Request, revised 6/00 (R)** (1)

⊞ **Access to Juror Personal History Questionnaire - Examination and Copies on Request, revised 6/00 (R)** (1)

⊞ **Access to Juror Personal History Questionnaire - Examination and Copies Upon Ex Parte Order, revised 6/00 (R)** (1)

⊞ **Access to Juror Personal History Questionnaire - Examination Only, revised 6/00 (R)** (1)

⊟ **Access, Inspection, Reproduction, and Creation of Records, revised 10/14 (R)** (1)

| | |
|---|---|
| Title | Access, Inspection, Reproduction, and Creation of Records, revised 10/14 (R) |
| Model No. | Model LAO 8 |
| Revision Date | October 2014 |
| Requirement Status | Required |
| Category | Orders Pertaining to Forms & Records |
| Description | Unless access to a file, a document, or information contained in a file or document is restricted by statute, court rule, or an order entered according to MCR 8.119(I), any person may inspect pleadings and other papers in the clerk's office and may obtain copies as provided in MCR 8.119(J). A court, by administrative order, may make reasonable regulations necessary to protect its public records and prevent excessive and unreasonable interference with the discharge of its functions. The administrative order must include the court's policy for whether to provide access for court recordings and other records defined in MCR 8.119 (F), and if access is to be provided, must outline the procedure for accessing those records.<br><br>In addition, the chief judge may, by administrative order, direct the clerk of the court to provide litigants and attorneys with copies of forms approved by the state court administrator. The administrative order may allow the clerk to provide the forms at the cost of reproduction to the clerk. MCR 8.110(C)(7). Select sample record/copy request form. Select sample memo about record checks.<br>Access to Friend of the Court Records are governed by a separate local administrative order. See Model LAO 1. MCR 8.119(E). |

⊞ **Appointment of Counsel for Indigent Parties (R)** (1)

EXHIBIT
I
OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

**STATE OF MICHIGAN**
**IN THE CIRCUIT COURT FOR THE COUNTY OF BAY**

PATRICK GREENHOE and
CLAUDETTE GREENHOE,
Plaintiffs,

v.

KIM B. MEAD, Bay County Probate Court Administrator,
Defendant
_________________________________/

Case No.: 17-003265-PZ
Honorable Michael J. Beale
by assignment

**ORDER**

OUTSIDE LEGAL COUNSEL PLC
PHILIP L. ELLISON (P74117)
Attorney for Plaintiffs
PO Box 107
Hemlock, MI 48626
(989) 642-0055
(888) 398-7003 - fax
pellison@olcplc.com

BAY CO DEPT OF CORP COUNSEL
AMBER L. DAVIS-JOHNSON
Attorney for Defendant
515 Center Ave, Suite 402
Bay City, MI 48708
(989) 895-4131

STATE OF MICHIGAN
COUNTY OF BAY
ATTESTED
A TRUE COPY
CYNTHIA A. LUCZAK
CLERK OF CIRCUIT COURT
By [signature] Deputy

AT A SESSION OF THE ABOVE-COURT
HELD IN THE CITY AND COUNTY OF MIDLAND
ON THIS 27th DAY OF JUNE, 2018

Honorable Michael J. Beale, by assignment

**ORDER AMENDING PRIOR OPINION AND ORDER (AS A FINAL ORDER)**

Before the Court was the motion of Plaintiffs seeking to vacate the decision of this Court dated March 27, 2018. Having considered the motion and hearing oral argument, the Court GRANTS the motion in part.

THEREFORE, IT IS HEREBY ORDERED that this Court's prior March 27, 2018 Order and Opinion is vacated except as that portion which grants Defendant's motion for summary disposition pursuant to MCR 2.116(C)(4) for lack of subject matter jurisdiction.

This order is a final order and closes the case.

Date: June 27, 2018

[signature]
Honorable Michael J. Beale,
sitting by assignment as a
Bay County Circuit Court Judge

EXHIBIT
J
OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

MICHIGAN COURTS NEWS RELEASE
John Nevin, Communications Director
Ph: 517-373-0129 Twitter: @MISupremeCourt FB: facebook.com/misupremecourt

FOR IMMEDIATE RELEASE

# Changes at Hall of Justice Focus on Speeding up Reform

*Judge Tom Boyd to become State Court Administrator*

LANSING, MI, February 24, 2020 – The Michigan Supreme Court today announced that 55th District Court Judge Thomas P. Boyd will become State Court Administrator and will be focusing on a wide array of reforms that are in the works, ranging from criminal justice reform to improving the way courts are funded. When Judge Boyd takes office on March 23, current State Court Administrator Milton L. Mack, Jr. will step into the role of State Court Administrator Emeritus where he will focus on mental health reform.

"I am so proud that our team is in the forefront of pioneering improvements and reforms that are making Michigan a national leader in building a justice system that is independent, accessible, and efficient while treating everyone with dignity and respect," said Chief Justice Bridget M. McCormack. "Bringing Judge Boyd on board will keep our foot on the gas and speed the implementation of recommendations produced by the Joint Task Force on Jail and Pretrial Incarceration and the Trial Court Funding Commission, along with other plans for improving our service to the public."

A graduate of Michigan State University and Wayne State University Law School, Judge Boyd has served on the bench since 2005 where he also presides over a mental health court and a domestic violence court. Boyd is one of the state's most active judges in working to improve the legal system and the administration of justice. He has played a leadership role on the Michigan Indigent Defense Commission, the Michigan Trial Court Funding Commission, and the Michigan Joint Task Force on Jail and Pretrial Incarceration.

"I know that taking reform proposals from a task force report and making them a reality is difficult work," said Judge Boyd. "By bringing people together to implement common sense reforms driven by data, scientific research, and public input, I have no doubt that Michigan's justice system will become a model for other states."

Former chief judge of Wayne Probate Court, Milt Mack has long been an advocate for early intervention and treatment instead of incarceration for people suffering from mental illness, and his groundbreaking paper on the topic is driving the national conversation. He already co-chairs a national initiative to improve the justice system response to mental illness, was recently made chair of the Governor's Mental Health Diversion Council, and in his new role will be able to focus 100 percent of his efforts to help people get the services they need before there is a crisis.

"We know how to solve the problem – treatment not jail. My challenge now is coordinating all levels of government to implement the solution," said Mack. "Creating a more sensible path to mental health treatment will improve quality of life for people with mental illness, reduce homelessness, and save lives."

"Milt's dedication to helping people with mental illness has already made a difference for so many. This change will allow him to focus on achieving mental health reform faster here in Michigan and nationwide so that more people can get treatment and get back to their families," said McCormack.

###