UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| KOLU STEVENS, et al., | ) | |
| Plaintiffs, | ) | |
| | ) | No. 1:18-cv-757 |
| -v- | ) | |
| | ) | Honorable Paul L. Maloney |
| THOMAS BOYD, et al., | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER DENYING IN PART MOTIONS TO STRIKE

Plaintiffs filed three motions to strike affirmative defenses. (ECF Nos. 50, 52, and 58.) Because Plaintiffs have not met their heavy burden of establishing that the defenses are insufficient, redundant, immaterial, impertinent, or scandalous, the motions will be denied, with one exception.

### I.

Plaintiffs filed a second amended complaint on March 27, 2020. (ECF No. 43.) Defendant Hefferan filed an answer (ECF No. 45) and then filed amended affirmative defenses (ECF No. 48). Defendant Mead filed an answer (ECF No. 46) and then filed amended affirmative defenses (ECF No. 49). Plaintiffs' first motion to strike (ECF No. 50) addresses Hefferan's and Mead's amended affirmative defenses.

Plaintiffs two other motions to strike address Defendant Boyd's affirmative defenses. Defendant Boyd filed a single document containing his answer and his affirmative defenses. (ECF No. 47.) Plaintiffs' second motion to strike (ECF No. 52) addresses Boyd's affirmative defenses. After Plaintiffs filed their motion, Boyd filed amended affirmative defenses. (ECF

No. 54.) For their third motion to strike, Plaintiffs request the Court strike (ECF No. 58) Boyd's amended affirmative defenses.

II.

Rule 8(c) requires a party, in responding to a pleading, to "affirmatively state any avoidance or affirmative defense[.]" Generally, the rule encompasses both (1) the defenses that admit the allegations of the complaint but provide some other reason why the claimant cannot recover and (2) defenses that concern matters outside the claimant's prima facie case which the opposing party cannot raise by a simple denial in the answer. 5 Charles A. Wright and Arthur R. Miller, *Federal Practice and Procedure*, § 1271(3d ed. 2004). Rule 12(f) permits a court to strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A defendant may plead an affirmative defense in general terms, "as long as it give plaintiff fair notice of the nature of the defense." *Lawrence v. Chabot*, 182 F. App'x 442, 456 (6th Cir. 2006) (quoting 5 Wright & Miller, *Federal Practice and Procedure*, § 1274). The Sixth Circuit has established a high bar for motions to strike affirmative defenses.

> Motions to strike are viewed with disfavor and are not frequently granted. The function of the motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with" them early in the case. A motion to strike should be grant if "it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense and are inferable from the pleadings."

*Operating Eng'rs Local 324 Health Care Plan v. G&W Constr. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015) (internal citations and citation omitted). The decision to strike an affirmative defense falls within the district court's discretion. *Hemlock Semiconductor Operations,*

*LLC v. SolarWorld Indus. Sachsen GmbH*, 867 F.3d 692, 697 (6th Cir. 2017). "'[T]he prevailing view among district courts within the Sixth Circuit is that the defendant does not need to plead an affirmative defense with the particularity required by *Twombly* and *Iqbal*.'" *Dawley v. Acme Block & Brick, Inc.*, —F. Supp. 3d—, 2020 WL 2214177, at *3 (M.D. Tenn. May 7, 2020) (citation omitted). *But see Taylor v. City of Saginaw*, No. 17cv11067, 2020 WL 376453, at *4 (E.D. Mich. Jan. 23, 2020) (noting a lack of uniformity in the approaches taken by district courts and concluding that *Twombly* and *Iqbal* should apply to affirmative defenses).

  The Court need not resolve which standard applies because, in the Court's view, Defendants' pleadings meet the higher plausibility standard outlined in *Twombly* and *Iqbal*. Contrary to Plaintiffs' characterization, the amended affirmative defenses are hardly "boilerplate" assertions. (*Compare* ECF No. 47 PageID.611 *with* ECF Nos. 48, 49, and 54.) Rather than invoking a term for an affirmative defense using a simple and unadorned phrase or sentence, Defendants develop most of their affirmative defenses in short paragraphs using both facts and law.

  A. Motion to Strike Hefferan's and Mead's Affirmative Defenses (ECF No. 50)

  1. Eleventh Amendment. Defendants assert immunity under the Eleventh Amendment reasoning that the state courts are considered arms of the State of Michigan.

  Generally, both parties have accurately described what the Eleventh Amendment allows and does not allow. Defendants insist the Court should not strike the defense because it applies to at least part of the remedy Plaintiffs seek, a declaration that a past practice was unconstitutional. While Plaintiffs might plead that Mead and Hefferan denied access to the

recording in the past, it is not clear to the Court that Plaintiffs seek, as a remedy, a declaration that Hefferan and Mead's prior actions violated Plaintiffs' constitutional rights. However, should Plaintiffs' seek such a remedy, Defendants could assert the defense.

Plaintiffs have not established that the defense falls within the language of Rule 12(f). The Court declines to strike the defense at this stage of the litigation.

2. Superintending Control. Plaintiffs contend the State Court Administrative Office, as delegated by the Michigan Supreme Court, has exclusive jurisdiction to determine the practice and procedure of the State's courts. Plaintiffs reason that the defense appears to raise concerns about the failure to exhaust remedies.

Defendants explain that the defense posits that they were not individually responsible for proposing or adopting the model administrative order. Defendants reason that they cannot be held liable for injuries arising from the enforcement of the administrative policy promulgated by the State Court Administrator.

Plaintiffs have not established that the defense falls within the language of Rule 12(f). Plaintiffs always bear the burden of proving a claim, which usually includes some sort of causation. As explained by Defendants, they are merely asserting that they were not responsible for the harm. The Court declines to strike the defense at this stage of the litigation.

3. Michigan Court Rule 8.119. Plaintiff contends that a state law, in this case a state court rule, cannot defeat a federal constitutional claim.

Defendants explain that this defense is similar to the superintending control defense. The court rules and the Local Administrative Rule provide the relevant guidelines for

accessing court records. Defendants contend they were merely following the rules and guidelines.

Plaintiffs have not established that the defense falls within the language of Rule 12(f). The same reasoning for the defense of superintending control applies here.

4. Standing. Plaintiffs insist they have standing. Plaintiffs reason that Defendants have refused and continue to refuse access to court records, a harm which this Court can redress.

Defendants contend that the circuit court has not recognized a party's interest in access to the recordings of court proceedings. As this Court is aware from the previous motions practice, part of Defendants' concern is that Plaintiffs have been provided transcripts of the hearings, but not access to the recordings.

Plaintiffs have not established that the defense falls within the language of Rule 12(f). Plaintiffs have not demonstrated the required certainty needed to strike an affirmative defense. The Court declines to strike the defense at this stage of the litigation.

5. Additional Affirmative Defenses. Plaintiffs complain that Defendants have reserved the right to add to, supplement, change or amend any and all affirmative defenses. Plaintiffs argue that Defendant must seek leave of the court under Rule 15.

Defendants argue that this is not an affirmative defense; it is merely a convention that all parties follow.

The Court declines to strike Defendants' reservation. Some district courts have stricken similar reservations of the right to amend affirmative defenses. *See Paducah River Painting, Inc. v. McNational Inc.*, No. 5:11-cv-135, 2011 WL 5525938, at *5 (W.D. Ky.

Nov. 14, 2011) (collecting cases); *Abayneh v. Zuelch*, No. 2:10cv415, 2011 WL 572407, at *2 (N.D. Ill. Feb. 14, 2011). The court rules establish when defenses must be raised and also establish a procedure for adding and amending those defenses. A reservation of rights that is contrary to those rules is not binding on the court and therefore should not prejudice the opposing party. Thus, when enumerated as an affirmative defense, a party's reservation of rights to add or amend affirmative defenses is "essentially meaningless," *FAST SRL v. Direct Connection Travel LLC*, 330 F.R.D. 315, 321 (S.D. Fla. 2018) (citation omitted), and a "legal nullity," *Weintraub v. Law Office of Patenaude & Felix, APC*, 299 F.R.D. 661, 669 (S.D. Cal. 2014) (citation omitted).

B. Motion to Strike Mead's Affirmative Defenses (ECF No. 52)

After Plaintiffs filed their motion, Mead filed amended affirmative defenses. Plaintiffs then filed a motion to strike the amended affirmative defenses.

Plaintiffs' motion to strike Mead's affirmative defenses (ECF No. 52) is moot.

C. Motion to Strike Mead's Amended Affirmative Defenses (ECF No. 58)

1. Immunities. Plaintiffs insist the language Boyd uses does not provide sufficient notice, other than the Eleventh Amendment. Boyd disagrees.

Plaintiffs have not established that the defense falls within the language of Rule 12(f). Boyd has provided notice that, in the claims against him in his official capacity, he has an Eleventh Amendment defense "and other immunities afforded sovereign states in federal court." (ECF No. 54 PageID.650.) Succinctly put, Boyd claims sovereign immunity. As explained above, because Plaintiffs might seek a declaration that Boyd's past acts were unconstitutional, the Eleventh Amendment defense is not insufficient or immaterial.

2. Failure to Exhaust Administrative Remedies. Plaintiffs argue claims brought under § 1983 need not exhaust state judicial or administrative remedies. Boyd incorporates by reference the argument outlined in an earlier filed brief in support of a motion to dismiss, ECF No. 13.[1]

The Court will grant Plaintiffs' request that Defendant Boyd's failure to exhaust affirmative defense be stricken. The failure to exhaust state judicial and administrative remedies is not a legal barrier to a § 1983 claim in federal court. *Patsy v. Bd. of Regents of State of Florida,* 457 U.S. 496, 516 (1982). With sufficient certainty, Boyd cannot present any set of facts that would support this defense against Plaintiffs' § 1983 claim.

3. Additional Affirmative Defenses. Plaintiffs argue that reserving the right to raise additional affirmative defenses is not an affirmative defense and it subverts the requirement in Rule 15.

The Court declines to strike Boyd's statement regarding additional affirmative defenses. Unlike Mead and Hefferan, Boyd does not reserve a right, he merely states that he might seek to raise additional defenses. Rule 15 provides a procedure for Boyd to do just that. The statement is unnecessary, but that is not a reason to strike the statement under Rule 12(f).

---

[1] Boyd insists the motion is still pending. (PageID.694.) He is incorrect. The Court resolved that motion. (ECF No. 38 Order Adopting Report and Recommendation.)

### III.

Accordingly, **IT IS ORDERED THAT:**

1. Plaintiffs' motion to strike Mead's and Hefferan's affirmative defenses (ECF No. 50) is **DENIED**;

2. Plaintiffs' motion to strike Boyd's affirmative defenses (ECF No. 52) is **DISMISSED AS MOOT**; and

3. Plaintiffs' motion to strike Boyd's amended affirmative defenses (ECF No. 58) is **GRANTED IN PART and DENIED IN PART.** Boyd's affirmative defense of failure to exhaust state remedies is **STRICKEN.**

Date:  May 18, 2020   /s/ Paul L. Maloney
                      Paul L. Maloney
                      United States District Judge