UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

KOLU STEVENS; PATRICK GREENHOE;
and CLAUDETTE GREENHOE,

                                             HON. PAUL L. MALONEY
     Plaintiffs,                           U.S. DISTRICT COURT JUDGE

v.

                                            Case No. 1:18-cv-757-PLM-RSK

THOMAS P. BOYD, in his official capacity
as the Administrator of the Michigan State
Court Administrative Office as successor to
MILTON L. MACK, JR.; KIM B. MEAD,
in his official capacity as Bay County Probate
Court Administrator; and WILLIAM M.
HEFFERAN, in his personal capacity and in his
official capacity as Antrim County Circuit Court –
Family Division Administrator,

     Defendants.
_____/

PHILIP L. ELLISON (P74117)
OUTSIDE LEGAL COUNSEL, PLC
Attorneys for Plaintiffs
P.O. Box 107
Hemlock, MI 48626
(989) 642-0055 / Fax: (888) 398-7003
pellison@olcplc.com

HEATHER S. MEINGAST (P55439)
BRYAN WILLIAM BEACH (P69681)
MI DEPT. ATTORNEY GENERAL
Attorney for Defendant Mack/Boyd
P. O. Box 30217
Lansing, MI 48909
(517) 373-4875
meingasth@michigan.gov
beachb@michigan.gov

AMBER L. DAVIS-JOHNSON (P52811)
Attorney for Defendant Mead
515 Center Avenue, Suite 402
Bay City, MI 48708
(989) 895-4131
johnsona@baycounty.net

Gregory R. Grant (P68808)
CUMMINGS, McCLOREY, DAVIS &
ACHO, P.L.C.
Attorneys for Defs. HEFFERAN & MEAD
310 W. Front Street, Ste. 221
Traverse City, MI 49684
(231) 922-1888/(231) 922-9888 Fax
ggrant@cmda-law.com

_____/

## <u>DEFENDANTS MEAD AND EFFERAN'S MOTION SEEKING DISMISSAL UNDER FED.R.CIV.P. 12(C) - ORAL ARGUMENT REQUESTED</u>

NOW COME Defendants, MEAD and HEFFERAN, by and through their attorneys, CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C., and hereby request this Honorable Court grant their Motion Seeking Dismissal Under Fed.R.Civ.P. 12(C) for the reasons stated in the attached Brief in Support.

Dated: September 8, 2020

CUMMINGS, McCLOREY, DAVIS
& ACHO, P.L.C.

  /s/ Gregory R. Grant
Gregory R. Grant (P68808)
Attorneys for Defendants
310 W. Front Street, Ste. 221
Traverse City, MI 49684
(231) 922-1888/(231) 922-9888 Fax
ggrant@cmda-law.com

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

KOLU STEVENS; PATRICK GREENHOE;
and CLAUDETTE GREENHOE,

       Plaintiffs,

v.

THOMAS P. BOYD, in his official capacity
as the Administrator of the Michigan State
Court Administrative Office as successor to
MILTON L. MACK, JR.; KIM B. MEAD,
in his official capacity as Bay County Probate
Court Administrator; and WILLIAM M.
HEFFERAN, in his personal capacity and in his
official capacity as Antrim County Circuit Court –
Family Division Administrator,

       Defendants.

HON. PAUL L. MALONEY
U.S. DISTRICT COURT JUDGE

Case No. 1:18-cv-757-PLM-RSK

_____/

| | |
|---|---|
| PHILIP L. ELLISON (P74117)<br>OUTSIDE LEGAL COUNSEL, PLC<br>Attorneys for Plaintiffs<br>P.O. Box 107<br>Hemlock, MI 48626<br>(989) 642-0055 / Fax: (888) 398-7003<br>pellison@olcplc.com | HEATHER S. MEINGAST (P55439)<br>BRYAN WILLIAM BEACH (P69681)<br>MI DEPT. ATTORNEY GENERAL<br>Attorney for Defendant Mack/Boyd<br>P. O. Box 30217<br>Lansing, MI 48909<br>(517) 373-4875<br>meingasth@michigan.gov<br>beachb@michigan.gov |
| AMBER L. DAVIS-JOHNSON (P52811)<br>Attorney for Defendant Mead<br>515 Center Avenue, Suite 402<br>Bay City, MI 48708<br>(989) 895-4131<br>johnsona@baycounty.net | Gregory R. Grant (P68808)<br>CUMMINGS, McCLOREY, DAVIS &<br>ACHO, P.L.C.<br>Attorneys for Defs. HEFFERAN & MEAD<br>310 W. Front Street, Ste. 221<br>Traverse City, MI 49684<br>(231) 922-1888/(231) 922-9888 Fax<br>ggrant@cmda-law.com |

## BRIEF IN SUPPORT OF MOTION OF DEFENDANTS MEAD AND HEFFERAN SEEKING DISMISSAL UNDER FED. R. CIV. P. 12(C) - ORAL ARGUMENT REQUESTED

01172170-1

## TABLE OF CONTENTS

Table of Authorities ................................................................................................ ii

Questions Presented ................................................................................................ v

Counter-Statement of Facts .................................................................................... 1

Standard of Review ................................................................................................. 4

Argument ................................................................................................................ 5

I.    THE PLAINTIFFS' PRESENT ACTION AGAINST DEFENDANTS
      MEAD AND HEFFERAN IN THEIR "OFFICIAL CAPACITY" IS
      BARRED BY ELEVENTH AMENDMENT IMMUNITY ......................... 5

II.   DEFENDANTS MEAD AND HEFFERAN ARE PROTECTED
      FROM LIABILITY IN THEIR "PERSONAL CAPACITY" BY
      QUALIFIED IMMUNITY ........................................................................ 7

III.  BECAUSE NEITHER MEAD NOR HEFFERAN VIOLATED ANY
      FIRST AMENDMENT RIGHT OF THE PLAINTIFFS', THE
      " OFFICIAL CAPACITY" CLAIMS ALSO FAIL ................................... 12

Conclusion and Relief Requested .......................................................................... 14

Certificate of Service ............................................................................................ 14

## TABLE OF AUTHORITIES

**Cases**

*Bassett v. NCAA*, 528 F.3d 426 (6th Cir. 2008) ............................................................... 4

*Boler v. Earley*, 865 F.3d 391 (6th Cir. 2017) ................................................................. 6

*Cady v. Arenac County*, 574 F.3d 334 (6th Cir. 2009) .................................................... 5

*Charles Reinhart Co. v. Winiemko*, 444 Mich. 579, 513 N.W.2d 773 (1994) .......................... 12

*Citizens in Charge, Inc. v. Husted*, 810 F.3d 437 (6th Cir. 2016) .................................. 11

*City of Los Angeles v. Heller*, 475 U.S. 796 (1986) ...................................................... 13

*District of Columbia v. Wesby*, ___ U.S. ___, 138 S. Ct. 577 (2018) ............................ 8

*Ex parte Young*, 209 U.S. 123 (1908) ........................................................................ 6

*Grand Traverse County v. Michigan*, 450 Mich. 457, 538 N.W.2d 1 (1995) .......................... 5

*Green v. Mansour*, 474 U.S. 64 (1985) ................................................................... 6, 7

*Harlow v. Fitzgerald*, 257 U.S. 800 (1982) .................................................................. 7

*Housey v. Macomb County*, 534 Fed. Appx. 316 (6th Cir. 2013) .................................. 6

*Jones v. Bock*, 549 U.S. 199 ( 2007) ........................................................................ 4

*Judges of the 74th Judicial Dist. v. Bay County*, 385 Mich. 710, 190 N.W.2d 219 (1971) ........ 6

*Judicial Attorneys Association v. Michigan*, 459 Mich. 291, 586 N.W.2d 894 (1998).............. 6

*In re Search of Fair Finance*, 692 F.3d 424 (6th Cir. 2012) ...................................... 10

*Kanuszewski v. Michigan Dept. of Health and Human Services*, 927 F.3d 396 (6th Cir. 2019)..................................................................................................... 11

*Kreipke v. Wayne State University*, 807 F.3d 768 (6th Cir. 2015) ............................... 4

*Livermore ex rel Rohm v. Lubelan*, 476 F.3d 397 (6th Cir. 2007)............................... 7

*Marbury v. Madison*, 5 U.S. (1 Cranch) 137 (1803)................................................... 12

*Michigan Corrections Organization v. Michigan Dept. of Corrections*, 774 F.3d 895 (6th Cir. 2014)............................................................................................ 6

*Mullenix v. Luna*, ___ U.S. ___, 136 S. Ct. 305 (2015)...................................... 8, 11

*Nixon v. Warner Communications, Inc.*, 435 U.S. 589 (1978) ............................... 10

*Pani v. Empire Blue Cross Blue Shield*, 152 F.2 d 67 (2nd Cir. 1998)...................... 4

*Pearson v. Callahan*, 555 U.S. 223 (2009) ...................................................... 8

*Plumhoff v. Rickard*, 572 U .S. 765 (2014) ..................................................... 8

*Pollard v. City of Columbus, Ohio*, 780 F.3d 395 (6th Cir. 2015) ........................ 8

*Press-Enterprise Co. V. Superior Court of California for the County of Riverside*, 478 U.S. 1 (1986)...................................................................................... 9, 10

*Press-Enterprise Co. v. Superior Court of California, Riverside County*, 484 U.S. 501 (1984)............................................................................................. 9, 10

*Pucci v. 19th District Court*, 628 F.3d 752, 764 (6th Cir. 2010) ......................... 5

*Riverview Health Inst. LLC v. Medical Mut. of Ohio*, 601 F.3d 505 (6th Cir. 2010) ................ 4

*Robertson v. Lucas*, 753 F.3d 606 (6th Cir. 2014)............................................. 9

*Sanchez Llamas v. Oregon*, 548 U .S. 331 (2006)............................................ 12

*Sheid v. Fannie Farmer Candy Shops, Inc.*, 859 F.2d 434 (6th Cir. 1988) ............... 4

*Sumpter v. Wayne County*, 868 F.3d 473 (6th Cir. 2017) ................................... 8

*Tellabs, Inc . v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007)......................... 4

*Vickers v. Fairfield Medical Center*, 453 F.3d 757 (6th Cir. 2006) ....................... 4

*White v. Pauly*, ___ U.S. ___, S. Ct. 548 (2017).............................................. 8

*Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989)............................. 5, 13

## **Statute**

42 U.S.C. §1983.................................................................................... 5

## <u>Rules</u>

Fed. R. Civ. P. 12(b)(6)............................................................................................................. 3, 4

Fed. R. Civ. P. 12(c) ............................................................................................................. 1, 4

## QUESTIONS PRESENTED

I.   ARE THE PLAINTIFFS' "OFFICIAL CAPACITY" CLAIMS AGAINST DEFENDANTS MEAD AND HEFFERAN DEFEATED BY ELEVENTH AMENDMENT IMMUNITY?

The Plaintiffs will answer: "No."

Defendants Mead and Hefferan answer: "Yes."

II.  ARE THE PLAINTIFFS' "PERSONAL CAPACITY" CLAIMS AGAINST  DEFENDANTS MEAD AND HEFFERAN DEFEATED BY QUALIFIED IMMUNITY?

The Plaintiffs will answer: "No."

Defendants Mead and Hefferan answer: "Yes."

III. ARE THE PLAINTIFFS'  "OFFICIAL CAPACITY" CLAIMS AGAINST DEFENDANTS MEAD AND HEFFERAN DEFEATED BY THE LEGAL REALITY THAT NEITHER MEAD NOR HEFFERAN VIOLATED ANY FIRST AMENDMENT "RIGHT" OF THE PLAINTIFFS' ?

The Plaintiffs will answer: "No."

Defendants Mead and Hefferan answer: "Yes."

## COUNTER-STATEMENT OF FACTS

### Introduction.

The Plaintiffs claim that Defendants Mead and Hefferan violated their First Amendment rights by enforcing state court administrative orders that preclude litigants from receiving access to, or copies of, the original audio recordings from which the official certified transcripts of court proceedings are made. The Plaintiffs have filed an early motion for summary judgment (**ECF No. 71, Pg ID 731-747**). The Plaintiffs' motion betrays the lack of foundation for the Plaintiffs' First Amendment claims. Therefore, Defendants Mead and Hefferan now move for dismissal under Fed. R. Civ. P. 12(c).

The cases cited by the Plaintiffs in their Complaint deal with two situations: (1) denial of public and press access to courtroom proceedings and (2) the sealing of court records such that neither public nor press ever sees them. The Plaintiffs' case does not involve either situation.

The Plaintiffs were full participants in their court proceedings (which were open to public), *and* the Plaintiffs have received the certified transcripts of all proceedings.

What the Plaintiffs demand are the *audio recordings* from which the court reporter prepared the official transcripts. Neither the Supreme Court, nor the Sixth Circuit, have ever recognized a First Amendment right for litigants, the public or the press to have access to (or copies of) such recordings.

This absence of case law support for the Plaintiffs' demand defeats their claims against Defendants Mead and Hefferan. In particular, it is beyond dispute that the "personal capacity" claims are defeated by "qualified immunity," because no clearly established law would have told Mead or Hefferan that enforcement of the state court orders was improper. The "official capacity" claims against Mead and Hefferan should likewise be dismissed - - both because Mead and

1

Hefferan have Eleventh Amendment immunity and because no violation of any First Amendment right occurred.

**Substantive Facts.**

Defendant Kim B. Mead is recognized by the Plaintiffs as "*Administrator of the Bay County Probate Court.*" **(ECF No. 43, Pg ID 507, Second Amended Complaint, ¶ 5)**. Defendant William Hefferan is recognized by the Plaintiffs as "*Administrator of the Antrim County Circuit Court – Family Division.*" **(ECF No. 43, Pg ID 507, Second Amended Complaint, ¶ 6)**.

The supposed First Amendment violation in this case is identified by the Plaintiffs as the denial of their requests to have access and make copies of the digital audio recordings of the proceedings in the cases to which the Plaintiffs were parties. **(ECF No. 43, Pg ID 508-509, 511, 514-515, Second Amended Complaint, ¶¶ 15, 22, 24, 40, 42, 59-61)**. Specifically, the Plaintiffs assert that Mead and Hefferan violated their First Amendment rights by enforcing Antrim County Circuit Court Administrative Order 2015-1 and Bay County Probate Court Administrative Order 2014-01J, which prohibit the access and copying that the Plaintiffs demand.

The Plaintiffs acknowledge that these local administrative orders are mere adoption of a model order drafted by Michigan's State Court Administrative Office (i.e., Local Administrative Order 8). **(ECF No. 43, Pg ID 513-514, Second Amended Complaint, ¶¶ 52, 56-8)**. It is further recognized by the Plaintiffs that "*[a]s part of its duties, Michigan's State Court Administrative Office drafts and proposes local administrative orders governing internal local court management*" and "*Michigan trial courts are mandated by Michigan's State Court Administrative Office to issue local administrative orders (LAOs) to establish court policies for regulating certain functions and procedures.* **(ECF No. 43, Pg ID 512, Second Amended Complaint, ¶¶ 50-51)**.

The Plaintiffs have attached copies of the Antrim and Bay orders as exhibits "C" and "F"

to their complaints and their motion.  **(See ECF No. 43-3, Pg ID 524-527 and ECF No. 73, Pg ID 753-765, Bay County Probate Court Administrative Order 2014-01J; ECF No. 43-6, Pg ID 531-534 and ECF No. 71-6, Pg ID 760-763, Antrim County Circuit Court Administrative Order 2015-1)**.  Both orders do, in fact, follow model LAO  8.  **(Ex A: LAO 8)**.  Significantly, both orders were signed by respective chief judge of each court, not by Defendants Mead and Hefferan. **(ECF No. 71-3, Pg ID 765, Bay County Probate Court Administrative Order 2014-01J, p. 4; ECF No. 71-6, Pg ID 763, Antrim County Circuit Court Administrative Order 2015-1)**.

As described in the argument below, Defendants Mead and Hefferan cannot be held liable in this case in either their "official" or "personal" capacities.   In their personal capacities, both Mead and Hefferan have qualified immunity against the Plaintiffs' First Amendment claims.  In their official capacities neither Mead nor Hefferan can be held liable, because they have Eleventh Amendment immunity.   Most fundamentally, however, no First Amendment violation has occurred at all.

The Defendants previously filed pre-answer dismissal motions under Fed. R. Civ. P. 12(b)(6) that asserted multiple defenses, including immunity. **(ECF No. 14, Pg ID 184-185, Mead Motion, pp. 11-12; ECF No. 16, Pg ID 247-249, Hefferan Motion, pp. 10-12)**.  Neither the magistrate's report and recommendation, nor this Court's order denying the motions, addressed immunity. **(ECF No. 33, Pg ID 376-392, R&R; ECF No. 38, Pg ID 452-457, Order Adopting in Part and  Rejecting in Report R&R)**.  Now post-answer, Defendants Mead and Hefferan reassert that they are entitled to dismissal on the ground of qualified immunity with regard to claims asserted against them in their "personal capacity" and on the ground of Eleventh Amendment immunity to the extent claims are asserted against them in their "official capacity."

## **STANDARD OF REVIEW**

A motion seeking dismissal by "judgment on the pleadings" under Fed. R. Civ. P. 12(c) is reviewed under the same standard as a motion under Fed. R. Civ. P. 12(b)(6). *Vickers v. Fairfield Medical Center*, 453 F.3d 757, 761 (6th Cir. 2006). Therefore, a motion under Fed. R. Civ. P. 12(c) "tests whether a cognizable claim has been pleaded in the complaint." *Sheid v. Fannie Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988). The motion "will be granted if the facts as alleged are insufficient to make a valid claim or if the claim shows on its face that relief is barred by an affirmative defense." *Riverview Health Inst. LLC v. Medical Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010). "Immunity" is among these affirmative defenses. *Jones v. Bock*, 549 U.S. 199, 215 (2007), citing with approval *Pani v. Empire Blue Cross Blue Shield*, 152 F.2d 67 (2nd Cir. 1998).

In reviewing Rule 12 motions, a court properly considers "matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The court may also consider "public records . . . and exhibits attached to defendants' motion to dismiss so long as they are referenced to in the complaint and are central to the claims contained therein." *Kreipke v. Wayne State University*, 807 F.3d 768, 774 (6th Cir. 2015), *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008).

In this case, the relevant documents had been attached by the Plaintiffs to their Complaint and their own motion - - as referenced in the statement of facts above. All of these are properly considered by this Court in reviewing the present motion.

## ARGUMENT

**I.    THE PLAINTIFFS' PRESENT ACTION AGAINST DEFENDANTS MEAD AND HEFFERAN IN THEIR "OFFICIAL CAPACITY" IS BARRED BY ELEVENTH AMENDMENT IMMUNITY.**

Through the vehicle 42 U.S.C.§1983, the Plaintiffs assert a single count of liability against Defendants Mead and Hefferan for alleged violation of the First Amendment. **(ECF No. 43, Pg ID 515, Second Amended Complaint, pp. 10-11)**. "The Eleventh Amendment bars §1983 suits against a state, its agencies, and its officials sued in their official capacities for damages." *Cady v. Arenac County*, 574 F.3d 334, 342 (6th Cir. 2009). "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). "As such, it is no different from a suit against the State itself." *Id*.

The Sixth Circuit has recognized that Michigan trial courts are an "arm of the state" and are clothed with the same sovereign immunity as the State of Michigan. *Pucci v. 19th District Court*, 628 F.3d 752, 762, 764 (6th Cir. 2010). "Michigan's Constitution vests the State's judicial power '*exclusively in one court of justice,*'" which includes the circuit and probate courts. *Id.*, at 762, *emphasis in original*. Even though the Michigan trial courts are locally funded, the Michigan Supreme Court has confirmed that "the courts have always been regarded as part of state government." *Grand Traverse County v. Michigan*, 450 Mich. 457, 474, 538 N.W.2d 1, 8 (1995). "The Michigan Supreme Court has repeatedly affirmed the unitary nature of the State's judicial power and the Michigan Supreme Court's exclusive role as supervisor and administrator of all subunits of that 'one court' system." *Pucci*, 628 F.2d at 762.

As a consequence, the judges, clerks and staffs of the courts are employees of the *court* (and thus the state), not the local funding unit - - as expressly declared by the Michigan courts and

recognized by the Sixth Circuit. *Judges of the 74th Judicial Dist. v. Bay County*, 385 Mich. 710, 723, 190 N.W.2d 219, 224 (1971), *Judicial Attorneys Association v. Michigan*, 459 Mich. 291, 298-300, 586 N.W.2d 894, 897-8 (1998), *Housey v. Macomb County*, 534 Fed. Appx. 316, 325 (6th Cir. 2013). To the extent that Defendants Mead and Hefferan are sued in their "official capacity" as court administrators, they are officials of the State of Michigan. Therefore, the Eleventh Amendment precludes judgment against them.

The Plaintiffs seek to avoid this by invoking the doctrine of *Ex parte Young*, 209 U.S. 123 (1908). **(ECF No. 71, Pg ID 742, Plaintiffs' Motion, p. 12)**. But this disingenuous pretense fails.

The doctrine of *Ex parte Young* "allows plaintiffs to bring claims for prospective relief against state officials sued in their official capacity to prevent future federal constitutional or statutory violations." *Boler v. Earley*, 865 F.3d 391, 412 (6th Cir. 2017). Certainly the Plaintiffs *phrase* their demanded relief as injunctive and declaratory. **(ECF No. 43, Pg ID 516, Complaint, ¶¶ 70.a. and 70.b.)**. But regardless of how a plaintiff's claims are labeled or characterized by the complaint, invocation of *Ex parte Young* will be rejected if the relief sought is "in reality" retroactive or monetary in nature. *Michigan Corrections Organization v. Michigan Dept. of Corrections*, 774 F.3d 895, 905 (6th Cir. 2014). The *Ex parte Young* doctrine does not extend to "retroactive relief." *Boler*, 865 F.3d at 412, *Green v. Mansour*, 474 U.S. 64, 68 ( 1985).

The *Green* case is particularly instructive. The *Green* plaintiffs were recipients of federal Aid to Families With Dependent Children, who claimed that the State of Michigan had wrongfully calculated the amount of their benefits. They sought a *declaratory* judgment that the State's past calculations had been unlawful. The Supreme Court held such declaration to be prohibited by the Eleventh Amendment. As explained by the Court:

> There is a dispute about the lawfulness of the respondent's past actions, but the Eleventh Amendment would prohibit at the award

of money damages or restitution if that dispute were resolved in favor of the petitioners. . . . [T]he issuance of a declaratory judgment in these circumstances would have much the same effect as a full-fledged award of damages or restitution by the federal court, the latter kinds of relief being of course prohibited by the Eleventh Amendment.

*Green*, 474 U.S. at 73.

Despite their labels and characterization, the Plaintiffs seek the declaration that the enforcement of Antrim County Circuit Court Administrative Order 2015-1 and Bay County Probate Court Administrative Order 2014-01J against the Plaintiffs is violative of the First Amendment. According to the Plaintiffs' own Complaint, Mead denied access to recordings in April of 2017, while Defendant Hefferan did so in June of 2018. **(ECF No. 43, Pg ID 509, 511, Second Amended Complaint, ¶¶ 24, 42)**. Declaratory relief against the alleged actions of Mead and Hefferan is precluded by the Eleventh Amendment as applied by the Supreme Court in *Green*.

Any judgment against Mead or Hefferan in their "official capacity" would be a prohibited, retroactive judgment against the State of Michigan. Therefore, the Plaintiffs' "official capacity" claims against Defendants Mead and Hefferan should be dismissed.

## II.    DEFENDANTS MEAD AND HEFFERAN ARE PROTECTED FROM LIABILITY IN THEIR "PERSONAL CAPACITY" BY QUALIFIED IMMUNITY.

"[G]overnment officials performing discretionary functions are generally shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory of constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 257 U.S. 800, 818 (1982). "When a defendant raises the defense of qualified immunity, the plaintiff bears the burden of demonstrating that the defendant is not entitled to qualified immunity." *Livermore ex rel Rohm v. Lubelan*, 476 F.3d 397, 403 (6th Cir. 2007).

The question of an official's qualified immunity invokes a two-pronged inquiry. On the

one hand, the Court must decide "whether the facts that a plaintiff has alleged or shown make out a violation of a constitutional right." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). On the other hand, the Court must also decide "whether the right at issue was 'clearly established' at the time of the defendant's alleged misconduct." *Id.* "A plaintiff must satisfy both inquiries in order to defeat the assertion of qualified immunity." *Sumpter v. Wayne County*, 868 F.3d 473, 480 (6th Cir. 2017).

In this context, a right is "clearly established" only where the existing case law precedents demonstrate the existence of the right to be "beyond dispute," such that "every reasonable officer would have understood that what he is doing violates that right." *Mullenix v. Luna*, ___ U.S. ___, 136 S. Ct. 305, 308 (2015). The Supreme Court has repeatedly admonished that courts must not define "clearly established law" at "a high level of generality" for this purpose. Rather, the courts must focus on whether the "*particular* conduct" at issue is established to be violative of law. *Id.* The Court has felt compelled to reiterate this point multiple times in recent years. *District of Columbia v. Wesby*, ___ U.S. ___, 138 S. Ct. 577, 590 (2018), *White v. Pauly*, ___ U.S. ___, S. Ct. 548, 552 (2017), *Plumhoff v. Rickard*, 572 U.S. 765, 779 (2014). Moreover, qualified immunity "covers mistakes in judgment, whether the mistake is one of fact or one of law." *Pearson*, 555 U.S. at 231.

Furthermore, an official cannot be found liable for a constitutional violation absent proof that the individual official was directly responsible for the violation. "Each defendant's liability must be assessed individually based on his or her own actions." *Pollard v. City of Columbus, Ohio*, 780 F.3d 395, 402 (6th Cir. 2015). "Simply put, to establish liability and to overcome a qualified immunity defense, an individual must show that his or her rights were violated, and that the violation was committed *personally* by the defendant." *Robertson v. Lucas*, 753 F.3d 606,

615 (6th Cir. 2014), *emphasis in original.*

The Plaintiffs claim to find their "right" to demand audio recordings in the Supreme Court decisions in *Press-Enterprise Co. v. Superior Court of California, Riverside County*, 484 U.S. 501 (1984) and *Press-Enterprise Co. v. Superior Court of California for the County of Riverside*, 478 U.S. 1 (1986).  **(ECF No. 71, Pg ID 734, 737, 740, Plaintiffs' Motion, pp. 4, 7, 10)**.  But neither of the *Press-Enterprise* cases dealt with access to the audio recording from which a transcript of court proceedings was made.

The original *Press-Enterprise* case challenged the closure of jury voir dire to the public and the press.  The court held that jury selection should ordinarily be public, but circumstances might arise in which closure might be justified to protect prospective jurors' interest in privacy. *Press-Enterprise Co.*, 464 U.S. at 511-12.  The court did not establish any particular analytical framework or factors to be considered in balancing the privacy interests of prospective jurors against the historical openness of jury selection.  The court held only that a judge should articulate reasons for closure and, if transcripts were later provided, "should seal only such parts of the transcript as necessary to preserve the anonymity of the individuals sought to be protected." *Id.*, at 513.

The second *Press-Enterprise Co.* case considered whether there was a First Amendment right of access to the transcript of a preliminary hearing in a criminal case.  Again, the court held that public access to a hearing was a right protected by the First Amendment, but  the right is not absolute.  Rather, a hearing can be closed, if specific findings are made that demonstrate the justification for such action.  These principles applied equally to subsequent denial of the transcript to the public. *Press-Enterprise Co.*, 478 U.S. at 13-15.

In the present case, however, none of the circumstances addressed in the *Press- Enterprise*

cases ever happened.  As recited by the Plaintiffs' Complaint, none of the proceedings were closed or conducted in chambers, and none of the records or proceedings were ever sealed or subjected to a protective order.  **(ECF No. 43, Pg ID 509, 511, Second Amended Complaint, ¶¶ 16-18, 35-37).**  The Plaintiffs were provided with transcripts of the proceedings (which they had also personally attended).  **(ECF No. 43, Pg ID 508, 511, Second Amended Complaint, ¶¶ 12-13, 34).**  The Plaintiffs were never denied the access the transcripts to which the First Amendment affords a qualified right to access under the ***Press-Enterprise*** cases.  No First Amendment violation occurred.

The other cases cited by the Plaintiffs on this point (see **ECF No. 71, Pg ID 739-40, Plaintiffs' Motion, pp. 9-10)** all dealt with the *sealing* of court records and exhibits, such that neither the public nor the press had any knowledge of the content of those materials.  Again, this is not the circumstance presented by the Plaintiffs here.  The Plaintiffs attended the proceedings and heard what was said.  Thereafter, they were provided with the certified transcripts of those proceedings.  Nothing was sealed.

Moreover, the case law confirms that the  courts have never recognized an actual First Amendment right to judicial records and documents.  The Supreme Court has declined to root any right to access to such materials in the First Amendment.  ***Nixon v. Warner Communications, Inc.***, 435 U.S. 589, 607-8 (1978).  What right exists in these regards has developed as a matter of common law.  *Id.*, at 608.  And this common law right is not absolute.  ***In re Search of Fair Finance***, 692 F.3d 424, 431 (6th Cir. 2012).

None of the cases cited by the Plaintiffs establish any First Amendment right to hear, receive or copy the original recordings from which certified transcripts of court proceedings were prepared.  As thus far developed, the First Amendment grants only a non-absolute right to

personally attend court proceedings or to review a transcript of closed court proceedings. And, where proceedings were held publicly, there is no clearly established right even to receive a transcript. There is certainly no established right to access or copy the original audio tapes from which transcripts provided to a person were made.

In the absence of any case law to "clearly establish" that the *particular* conduct" at issue (i.e., denial of access and copying of original audio tapes) would be violative of the First Amendment, Defendants Mead and Hefferan are protected by qualified immunity against any liability in their "personal capacity." *Mullenix*, 136 S. Ct. at 308. Even if this Court were now to declare the actions at issue to be unconstitutional, the Plaintiffs' claims would still fail. To avoid immunity, the Plaintiffs "must show that the right at issue was clearly established *at the time* of the Defendants' alleged misconduct." *Kanuszewski v. Michigan Dept. of Health and Human Services*, 927 F.3d 396, 413-4 (6th Cir. 2019), *emphasis added*. They cannot do so.

Particularly noteworthy is the Plaintiffs' acknowledgment that the model administrative orders are "*legislated by the Michigan Supreme Court*." **(ECF No. 71, Pg ID 735, text and n.2)**. The Plaintiffs thus invite analogy to the Sixth Circuit's jurisprudence regarding enforcement of statutes. In that context, the Sixth Circuit has observed that "the Supreme Court has never denied qualified immunity to a public official who enforced a properly enacted statute that no court had invalidated." *Citizens in Charge, Inc. v. Husted*, 810 F.3d 437, 441 (6th Cir. 2016). As the Court explained:

> When public officials implement validly enacted state laws that no court has invalidated, their conduct typically satisfies the core inquiry - - the objective reasonableness of an official's conduct - - that the immunity doctrine was designed to test. State officials swear to uphold state and federal constitutions, and the presumption of constitutionality accompanies their enactments - - a presumption on which executive officials generally may depend in enforcing the legislature's handiwork.

*Id.*, at 441, *citations omitted.*

Surely this reasoning applies even more emphatically in circumstances where it is the Supreme Court of a state that has "legislated" the rule being implemented by an official.

It is, after all, the judiciary (not administrators) that determine whether an enactment is constitutional. ***Sanchez Llamas v. Oregon***, 548 U.S. 331, 353-4 (2006), ***Marbury v. Madison***, 5 U.S. (1 Cranch) 137, 177 (1803), ***Charles Reinhart Co. v. Winiemko***, 444 Mich. 579, 591-2, 513 N.W.2d 773, 778 (1994). Given the Plaintiffs' acknowledgment that the Michigan Supreme Court, through the Michigan State Court Administrator's Office, drafted the model rule (and that the chief judges of the Bay and Antrim courts adopted it), there was no reason for administrators Mead and Hefferan to think they could not properly enforce the orders.

In short, the Plaintiffs' claims against Mead and Hefferan in their "personal capacity" cannot be sustained. Both Mead and Hefferan have qualified immunity that precludes liability. Therefore, the Plaintiffs' "personal capacity" claims against Defendants Mead and Hefferan should be dismissed.

### III.  BECAUSE NEITHER MEAD NOR HEFFERAN VIOLATED ANY FIRST AMENDMENT RIGHT OF THE PLAINTIFFS', THE "OFFICIAL CAPACITY" CLAIMS ALSO FAIL.

As just described, there was no "clearly established" First Amendment right for the Plaintiffs to gain access or copy the original audio recordings of the court proceedings they attended. More fundamentally, unless this Court now chooses to declare such a right, the "right" does not exist at all. Neither the Supreme Court nor the Sixth Circuit have ever declared such a right.

Even apart from the Eleventh Amendment immunity discussed above, this reality defeats the Plaintiffs' "official capacity" claims against Mead and Hefferan. Again, an "official capacity"

claim is actually against the State of Michigan for which Mead and Hefferan act in their official capacity as court administrators. *Will*, 491 U.S. 58, 71 (1989).  If there has been no constitutional violation by an official, then there is no basis for liability on the part of the governmental entity for whom the official acts. *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986).

Although this principle is customarily stated in the context of claims against a municipality rather than a state, *Id.*, the circumstance of state liability cannot logically be handled otherwise. There can be no liability on the part of any governmental entity for a constitutional violation, if the alleged violation never occurred.  Therefore, Plaintiffs' "official capacity" claims against Defendants Mead and Hefferan should be dismissed.

## CONCLUSION AND RELIEF REQUESTED

There is no authority to support the supposed First Amendment "right" on which the

Plaintiffs predicate their claims against Defendants Mead and Hefferan.  Therefore,  there is no

basis for liability on the part of Mead or Hefferan in either their "official capacity" or "personal

capacity."  The Plaintiffs' claims against Defendants Mead and Hefferan should be dismissed.

> s/Gregory R. Grant
> Cummings, McClorey, Davis & Acho, P.L.C.
> 310 W. Front St., Ste. 221
> Traverse City, MI 49684
> Ph: (231) 922-1888
> P68808
> Primary Email: ggrant@cmda-law.com
> *Attorneys for Defendants Hefferan and Mead*

Dated:  September 8, 2020

## CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2020, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all attorneys of record and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: N/A.

> /s/ Gregory R. Grant
> Gregory R. Grant (P68808)